# EXHIBIT C

# US. Vs. Momoud Aref Abaji, et al LOSS CALCULATION

**Received Loss Calculations from:**

1. HSBC
2. Wells Fargo
3. Bank of America
4. Ditech/GMAC via ResCap Liquidating Trust
5. Freddie Mac
6. Fannie Mae
7. Guaranty Bank
8. JPMorgan Chase
9. Citibank – 1 North Highland Apt, Antelope, CA property (orig Greenlight loan), 4 Trafalgar, Kissimmee, FL properties [one of which was purchased from Sterns Lending], 4 Bermuda Dunes, Orlando, FL properties
10. Mortgage America/Home Mortgage of America – 2 Bermuda Dunes, Orlando properties
11. Liberty Savings Bank – 1 Trafalgar, Kissimmee, FL property
12. Fifth Third Mortgage - 1 Bermuda Dunes, Orlando, FL property [ Salah Allababidi].
13. Other Misc Response Documents

**Misc:**

- Received response from Flagstar Bank regarding one property.  No loss yet, still holding property but no payments being made.  Property is in Bermuda Dunes, Orlando, FL ▮▮▮▮▮▮▮▮▮
- Received response from US bank/Downey S&L regarding one property.  Customer is still current on their payments – one Bridgefield property,  Antelope, CA ▮▮▮▮▮▮▮
- Received a call from Steve Newcomb from Sterns Lending stating they had no loss for their one property but the loan was sold to CitiMortgage who may have a loss.  Sent request to Citimortgage who provided a loss for this one Trafalgar/Kissimmee, FL property ▮▮▮▮▮▮▮▮▮▮▮
- Indymac loan was sent to OCWEN.  Rene Chrun from OCWEN called and said they have no loss but Fannie Mae took this loan and has not asked for reimbursement.  FBI sent request to Jim Harbin from FHFA to get loss from Fannie Mae.  Fannie Mae provided the loss for this property - 1 Trafalgar property, Kissimmee, FL ▮▮▮▮▮▮▮▮
- Received response from Greenlight Financial stating they sold these loans to CitiMortgage.   On 10/2/2015 SA Campbell sent a request to Citimortgage .  Citimortgage provided a loss for 1 of the two units (Maher Abaji North Highland unit ▮▮▮ - provided).  Did not provide a loss for the other unit [ ▮▮▮▮▮▮▮▮North Highland Unit ▮▮▮▮▮

# 1.   HSBC



**FACSIMILE COVER SHEET**

## HSBC Bank USA

| To: | Heather Campbell | | Date 04/20/2015 |
|---|---|---|---|
| | | | File Ref. _____ |
| | Fax No   562-982-1799 | | Total # of pages = cover +   2 |
| From: | Kathy Press | | |
| | Fax No: | ▓▓▓▓▓▓▓▓ | Urgent:        ☐ Yes   ☐ No |
| Subject | HSBC Losses | | Confidential:  ☐ Yes   ☐ No |

*This facsimile is intended for the named recipient only and may contain privileged and confidential information. If you have received this facsimile in error, please notify us immediately. Please do not disclose the contents to anyone or copy it to outside parties. Thank you.*

Message:

Hi Heather, please see the following spreadsheets,  please note the loan for ▓▓▓▓▓▓▓ showed the incorrect loan number, it should have been ▓▓ 7627 not ▓▓ 3981.

Please let me know if you have any questions.


Thank You

RESTRICTED

| Column1 | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 9/3/2008 | | $152,200 | HSBC Mortgage | ██6169 / █████699 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 12/15/2008 | | $176,250 | HSBC Mortgage | ██5464 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 1/30/2009 | | $176,250 | HSBC Mortgage | ██0415 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 3/23/2009 | | $176,250 | HSBC Mortgage | ██3068 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 3/17/2009 | | $164,500 | HSBC Mortgage | ██3981 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 3/6/2009 | | $188,000 | HSBC Mortgage | ██292 / ██2920 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 3/17/2009 | | $176,250 | HSBC Mortgage | 3981 / ██6278 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 4/22/2009 | | $176,250 | HSBC Mortgage | ██590 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 4/29/2009 | | $149,250 | HSBC Mortgage | ██7308 |
| Monaco | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | | 12/1/2008 | | $208,300 | HSBC Mortgage | ██0637 |
| Monaco | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | | 1/23/2009 | | $189,650 | HSBC Mortgage | ██4842 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 4/28/2009 | | $171,350 | HSBC Mortgage | ██0203 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 4/29/2009 | | $147,700 | HSBC Mortgage | ██9474 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 7/9/2009 | | $167,250 | HSBC Mortgage | ██3303 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 8/3/2009 | | $150,000 | HSBC Mortgage | ██4801 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 7/27/2009 | | $161,200 | HSBC Mortgage | ██0395 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 8/6/2009 | | $167,250 | HSBC Mortgage | ██4035 |
| The Greens | 5855 N Kolb Rd., Tucson, AZ | | 8/7/2009 | | $146,250 | HSBC Mortgage | ██2119 |

| HSBC Loan # | Investor ID | Investor/current owner | PHH loan # | Loss type | date | make whole amount | charge off | writedown | interest | corporate adv/escrow | Loss on sale | Total loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6169 | R02 | FHLMC | | Make whole | 6/25/2013 | 118,675.00 | | | | 219.95 | | 118,894.95 |
| 6464 | O63 | HSBC repurchased | | short sale | 5/24/2013 | | 99,358.61 | | 9,788.62 | 604.37 | | 109,751.60 |
| 0415 | R03 | FNMA | | Make whole | 11/20/2012 | 126,613.52 | | | | | | 126,613.52 |
| 6068 | R07 | HSBC repurchased | | reo sale | 5/25/2011 | | 104,512.71 | 13,995.01 | 3,206.20 | 13,346.54 | 199.90 | 135,260.36 |
| 7627 | O63 | HSBC repurchased | | Loan is current | | | | | | | | |
| 1292 | R03 | FNMA | | Make whole | 10/17/2012 | 145,121.67 | | | | 8,043.57 | | 153,165.24 |
| 8981 | O63 | HSBC repurchased | | 3rd pary sale | 12/9/2014 | | 60,836.64 | | 9,964.18 | 1,933.43 | | 72,734.25 |
| 5590 | O63 | FNMA | | Make whole | 4/1/2013 | 132,967.21 | | | | 371.47 | | 133,338.68 |
| 7308 | O63 | HSBC repurchased | | Loan is due for 1/1/2010 - loan is under evaluation for a loan modification | | | | | | | | |
| 0637 | R03 | FNMA | | SFO final claim | 6/10/2011 | | | | | 1,216.78 | | 1,216.78 |
| 6842 | R03 | FNMA | | make whole | 1/13/2012 | 167,730.09 | | | | 199.98 | | 167,930.07 |
| 0203 | R03 | FNMA | | SFO final claim | 11/14/2011 | | | | | 180.00 | | 180.00 |
| 9474 | R07 | HSBC repurchased | | reo sale | 1/31/2012 | | 45,429.71 | 18,400.00 | 10,134.50 | 18,036.98 | (1,487.22) | 90,513.97 |
| 8303 | R03 | FNMA | | Make whole | 1/11/2013 | 60,396.09 | | | | (25.00) | | 60,371.09 |
| 8801 | R03 | FNMA | | Make whole | 12/12/2012 | 63,493.08 | | | | 809.97 | | 64,303.05 |
| 0395 | R03 | FNMA | | SFO final claim | 8/30/2012 | | | | | 1,206.50 | | 1,206.50 |
| 1035 | R03 | FNMA | | Make whole | 2/21/2012 | 87,749.45 | | | | (802.82) | | 86,946.63 |
| 2119 | R03 | FNMA | | SFO final claim | 5/29/2012 | | | | | - | | - |

1,322,426.69

both principal per Kathy Pross
phone call on 4/20/15
AC 4/20/15

3/3

04-20-2015

17:32:48

HSBC Bank NA

7166516903

RESTRICTED

## 2.    Wells Fargo



Sign Out    Help

heather.campbell@ic.fbi.gov

**From:** steven.linstrom@wellsfargo.com                                    Print
    Authenticated by wellsfargo.com
    Valid Signature (Help)

**To:** Heather.Campbell@ic.fbi.gov

**Sent:** Fri May 8, 2015 11:05 AM (18 minutes ago)

**Subject:** RE: contact information

**Attached:** FBI Mortgage Loan Losses.docx (15 kb) - View, Download

Heather,

Attached please find the Wells Fargo mortgage loan losses on those loans you had
requested.

Please call if you have any questions.

Steve Linstrom
Financial Crimes Manager
External Fraud Investigations (Mortgage)

**From:** Campbell, Heather (LA) (FBI) [mailto:Heather.Campbell@ic.fbi.gov]
**Sent:** Friday, May 08, 2015 11:09 AM
**To:** Linstrom, Steve
**Subject:** contact information

SA Heather Campbell
FBI Los Angeles - Long Beach RA
4811 Airport Plaza Drive #500
Long Beach, CA 90815

cell (562) 254-4001

Reply        Reply to All        Forward

Email Encryption Provided by Wells Fargo. Learn More

Email Security Powered by Voltage IBE
Copyright 2013 Wells Fargo. All rights reserved

The following Wells Fargo Bank mortgage loans were sold to outside Investors, either the Federal Home Loan Mortgage Corporation (FHLMC), also known as Freddie Mac, or the Federal National Mortgage Association (FNMA), also known as Fannie Mae and subsequently repurchased by Wells Fargo after payment default.  The dollar amounts associated with each loan represents a "make whole" payment to the Investor at the time of repurchase and represents a loss exposure to Wells.



█████2202 / █████ / 4996 Town Terrace, Kissimmee, FL 34758 ($237,603.76)

█████3475 / █████ / 8434 Wakerga Road, Antelope, CA 95843 ($139,819.54)

█████6255 / █████ / 16013 S. Desert Foothill. Phoenix, AZ 858048  ($148,678.34)

█████5129 / █████ / 16013 S. Desert Foothill, Phoenix, AZ 85048  ($174,572.29)

█████0204 / █████ / 16013 S. Desert Foothill, Phoenix, AZ 85048  ($171,580.30)

█████7095 / █████ / 16013 S. Desert Foothill, Phoenix, AZ 85048  ($147,530.10)

█████5884 / █████ / 3830 E. Lakewood Pkwy, Phoenix, AZ 85048  ($135,686.24)

█████7455 / █████ / 3830 E. Lakewood Pkwy, Phoenix, AZ 85048  ($139,575.51)

█████0561 / █████ / 16013 S. Desert Pkwy, Phoenix, AZ 85048 ($161,549.81)

█████9566 / █████ / 8434 Walerga Road, Antelope, CA 95843  ($118,954.31)

The following Wells Fargo Bank mortgage loans completed foreclosure with the collateral property being sold, either in a foreclosure sale or a short sale of the property.  The dollar amount reflects a loss to Wells Fargo.



█████5852 / █████ / 4983 Town Terrace, Kissimmee, FL 34758  ($212,175.09)

█████8897 / █████ / 8434 Walerga Road, Antelope, CA 95843  ($137,614.40)

█████3829 / █████ / 8434 Walerga Road, Antelope, CA 95843  ($96,585.06).

█████6528 / █████ / 16013 S. Desert Foothill, Phoenix, AZ 85048  ($131,965.55)

The following Wells Fargo Bank mortgage loans reflect limited losses at this time.



█████9905 / █████ / 2535 Old Kent Circle, Kissimmee, FL 34758  ($2,646.96)

█████3475 / █████ / 8434 Walerga Road, Antelope, CA 95843  ($121.25)

█████6576 / █████ / 8434 Walerga Road, Antelope, CA 95843  ($30.00)

█████3421 / █████ / 3830 E. Lakewood Pkwy, Phoenix, AZ 85048  ($69.25)

██████ 57806 , ████████ / 16013 S. Desert Foothill, Phoenix, AZ 85048   ($234.00)



heather.campbell@ic.fbi.gov     Authenticated by wellsfargo.com ✓ Valid Signature

| | |
|---|---|
| **From:** | steven.linstrom@wellsfargo.com |
| **To:** | Heather.Campbell@ic.fbi.gov |
| **Sent:** | May 11, 2015 11:31:13 AM CDT |
| **Subject:** | Wells Fargo Mortgage Loan Losses |
| **Attached:** | |

Heather,

Attached are the loan loss figures on the four (4) Wells Fargo mortgage loans we discussed.

**Steve Linstrom**

**VP / Financial Crimes  Manager (Mortgage)**
**External Fraud Investigations**

Wells Fargo Bank NA I 1700 Lincoln Street, 9th Floor I Denver, CO 80203-4500
MAC #C7300-09C

steven.linstrom@wellsfargo.com

This message may contain confidential and/or privileged information.  If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information contained therein.  If you have received this message in error, please advise the sender immediately by reply e-mail and delte this message.

🔒 Email Encryption Provided by Wells Fargo.

Copyright 2013 Wells Fargo. All rights reserved

██████ B-708   ████████

| expense/credit | total |
|---|---|
| utilities | 0 |
| atty fees | 337.5 |
| atty costs | 0 |
| eviction fees and cost | 0 |
| prop pres | 0 |
| BPO/Appraisal | 582.25 |
| inspections | 195 |
| HOA/Condo | 0 |
| TAX | 1487.67 |
| service fee | 0 |
| Hazard insurance | <u>0</u> |
| subtotal | 2602.42 |
| | |
| LPE | 285.73 |
| corp credits | 495.89 |
| escrow payments | 0 |
| sale proceeds ①  | <u>-110371.57</u> |
| | -109589.95 |
| | |
| UPB ② | 238953.08 |
| Interest | 0 |
| | |
| Total Loss | 131965.55 |

① − ② = 128,582 Principal loss AC

██████ 2-708    ████████

| expense/credit | total |
|---|---|
| utilities | 135.14 |
| atty fees | 475 |
| atty costs | 3610.45 |
| prop pres | 1205 |
| BPO/Appraisal | 1025 |
| inspections | 327.5 |
| HOA/Condo | 4558.6 |
| TAX | 6617.15 |
| service fee | 0 |
| Hazard insurance | 8794.99 |
| subtotal | 26748.83 |
| | |
| LPE | 2325.33 |
| corp credits | 3323.45 |
| escrow payments | 0 |
| sale proceeds | ① -48035.65 |
| | -42386.87 |
| | |
| UPB | ② 227813.11 |
| Interest | |
| | |
| Total Loss | 212175.07 |

① − ② = 179,778 Principal loss +c

█████ 7-708   ████

| expense/credit | total |
|---|---|
| utilities | 368.2 |
| atty fees | 705 |
| atty costs | 1110.5 |
| eviction fees and cost | 632 |
| prop pres | 3381.49 |
| BPO/Appraisal | 400 |
| inspections | 75 |
| HOA/Condo | 3760 |
| TAX | 7265.62 |
| service fee | 0 |
| Hazard insurance | 0 |
| subtotal | 17697.81 |
| | |
| LPE | 124.64 |
| corp credits | 7842.33 |
| escrow payments | |
| sale proceeds ① | -49272.37 |
| | -41305.4 |
| | |
| UPB ② | 147596.38 |
| Interest | 13625.61 |
| | |
| Total Loss | 137614.4 |

① - ② = 98,324 Principal loss

█████ 9-708   ██████

| expense/credit | total |
|---|---|
| utilities | 0 |
| atty fees | 600 |
| atty costs | 919.82 |
| eviction fees and cost | 0 |
| prop pres | 0 |
| BPO/Appraisal | 150 |
| inspections | 75 |
| HOA/Condo | 0 |
| TAX | $ 2,539.31 |
| service fee | 0 |
| Hazard insurance | 0 |
| subtotal | 4284.13 |
| | |
| LPE | |
| corp credits | -3032.87 |
| escrow payments | |
| sale proceeds ① | $ (80,572.24) |
| | -83605.11 |
| | |
| UPB ② | 175906.04 |
| Interest | |
| | |
| Total Loss | 96585.06 |

① - ② = 95,334 principal loss

# 3.      Bank of America

# Bank of America

## Secured Message

Reply   ReplyAll

| | |
|---|---|
| From: | Adams, Jean A <jeannie.adams@bankofamerica.com> |
| To: | "'Campbell, Heather (LA) (FBI)'" <Heather.Campbell@ic.fbi.gov> |
| Date: | June 3, 2015 7:33:14 PM GMT+00:00 |
| Subject: | |
| Attachments: | image001.gif Corrected Abaji declaration of loss letter.docx CORRECTED List for Loan Loss Request (2) 6-3-15 !UPDATED!.xls |

**Jeannie Adams**
**AVP, Sr. Global Financial Crimes Compliance Specialist**
**Global Financial Crimes Compliance-Fraud Investigations Group**
**Mortgage & Loan Investigations**
**1825 E Buckeye Rd**
**Catalina Bldg.**
**Phoenix, AZ 85034**

Confidential Notice: This communication from Bank of America - may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you receive this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose such information for any purpose other than to provide the services for which you are receiving the information.

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.

Reply   ReplyAll

© 2000-2011 Cisco Systems, Inc. All rights reserved.



# Declaration of Victim/Financial Losses

Court Case Name: Abaji et al
Court/Docket/Case Number: 8:13-cr-00001-AG

Defendant(s) Abaji et al

Requestor Contact  Special Agent Heather Campbell
 Contact name:  Special Agent Heather Campbell
Contact Address:
Contact telephone number:  562-254-4001

We, **Bank of America, N.A. (BANA),** located at 101 S Tryon St, Charlotte, NC 28255, are victims in the above reference Court case and believe that we are entitled to restitution for the following loan number (s) in the total amount of $2,571,737.13 as of 5/13/2015.

Loan Number:  See attached spreadsheet
Investor:

| | |
|---|---|
| Ending Scheduled Balance | $ |
| Total Principal | $ |
| Total Interest | $ |
| Servicing Fee | $ |
| Total Costs of Foreclosure | $ |
| Foreclosure Sale Proceeds | $ |
| Mortgage Insurance Receipts | $_____ |
| **Total Loss attributed to Investor** | $ |
| **Total Loss claimed by BANA** | $2,571,737.13 |

Bank of America, N.A.'s specific losses are the result of participation in mortgage fraud by the defendant(s) named above.  Bank of America, N.A. is the representative trustee or lien holder for the above mentioned loan(s); therefore, Bank of America, N.A. is the named victim and precipitant of restitution funds in the above named Court case.

As servicer for the above mentioned loan, Bank of America N.A. is authorized to accept payments on behalf of the investor.

As representative of Bank of America, N.A., I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Jeannie Adams
Printed Name

*Jeannie Adams*                              5/29/2015

Signature                                    Executed Date:



Bank of America GFCC-MLI CSM case number:  FRD-2015040072675
Bank of America GFCC-MLI Investigator:   Jeannie Adams
Bank of America GFCC-MFI Investigator telephone number:  602-464-2731

# Bank of America, N.A. Restitution Payment  Instructions:

**Requestor/Court should include a copy of this letter and forward restitution check to:**

Bank of America Home Loans
Attn:  Donna McLauchlin
NC4-105-02-11 (Cash Remittance – Fraud)
4161 Piedmont Parkway
Greensboro, NC 27410

Direct Phone: 336-805-1709

**Please include the following information with remittance**
**RESTITUTION FOR:**
Borrower's Name:
Property Address :
Loan Number (s):
GLR Account:  10064
Restitution Amount Ordered: $
Defendant(s) Name:
Court Case Number:
Court Case State:

Bank of America GFCC-MLI CSM case number:
Bank of America GFCC-MLI Investigator:
Bank of America GFCC-MFI Investigator telephone number:

| Report Name | Case Account Search |
|---|---|
| Report Generated By | Adams, Jean (NBKG7BY) |
| Report Generated On | 05/06/2015 10:50:46 CDT |

| Report Criteria Used | None |
|---|---|

| Account Type | Individual/ Business | SOR Account # | Account # | Account Name | Opened Date | Last Activity Date | Closed Date | State | Country | # of Event(s) with Account as 0 DoS | # of Event(s) with Account as > 0 DoS | Selected Version |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 6370 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 3377 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 9430 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 4463 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 6324 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 7965 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 5134 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 8699 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 2981 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 7171 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | Individual | | 8080 | | 3/6/2009 | 4/17/2015 | | CALIFORNIA | UNITED STATES | 1 | 0 | Version 1 of 1 |
| | | | 4929 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 8042 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 6737 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 3202 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 4158 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 8236 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 1816 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | | | 5033 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | Individual | | 9681 | | 12/12/2008 | 4/17/2015 | | CALIFORNIA | UNITED STATES | 1 | 0 | Version 1 of 1 |
| | | | 4549 | | | 4/17/2015 | | CALIFORNIA | UNITED STATES | 1 | 0 | Version 1 of 1 |
| | Individual | | 2918 | | 9/16/2013 | 4/17/2015 | | CALIFORNIA | UNITED STATES | 0 | 1 | Version 1 of 1 |
| | Individual | | 6799 | | 3/20/2004 | 4/17/2015 | 9/25/2013 | CALIFORNIA | UNITED STATES | 0 | 1 | Version 1 of 1 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1186 | | | 4/17/2015 | | CALIFORNIA | UNITED STATES | 1 | 0 | Version 1 of 1 |
| | 8137 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 4272 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 9844 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 8376 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 7460 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 9824 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 6045 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| Individual | 6842 | | 6/12/2009 | 4/17/2015 | | CALIFORNIA | UNITED STATES | 1 | 0 | Version 1 of 1 |
| | 6882 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 1168 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 4078 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |
| | 6351 | | | 4/17/2015 | | | | 1 | 0 | Version 1 of 1 |

| Acct# | External Tracking | LoanType | InvestorRef# | InvestorName | RequestorName | RequestDate | UPB | Total Interest | Servicing Fee | Servicing Advances |
|---|---|---|---|---|---|---|---|---|---|---|
| 5134 | FRD-2015040072675 | 1 | 3775018 | | Adams, Jean A | 5/6/2015 | $ 200,792.14 | $ 20,708.27 | $ - | $ 11,707.81 |
| 7171 | FRD-2015040072675 | 1 | 3775018 | | Adams, Jean A | 5/6/2015 | $ 156,610.49 | $ 15,150.06 | $ - | $ 8,240.26 |
| 6045 | FRD-2015040072675 | 1 | 3784007 | | Adams, Jean A | 5/6/2015 | $ 67,026.62 | $ 21,576.25 | $ - | $ 531.24 |
| 6737 | FRD-2015040072675 | 1 | 3784633 | | Adams, Jean A | 5/6/2015 | $ 177,201.01 | $ 12,347.67 | $ - | $ 10,707.95 |
| 4272 | FRD-2015040072675 | 1 | 3784633 | | Adams, Jean A | 5/6/2015 | $ 153,141.93 | $ 18,550.29 | $ - | $ 11,125.07 |
| 9430 | FRD-2015040072675 | 1 | 6200000 | | Adams, Jean A | 5/6/2015 | $ 211,034.06 | $ 11,089.03 | $ - | $ 17,243.90 |
| 2981 | FRD-2015040072675 | 1 | 6200000 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 524.11 |
| 5882 | FRD-2015040072675 | 1 | 6200000 | | Adams, Jean A | 5/6/2015 | $ 198,860.29 | $ 8,981.10 | $ - | $ 14,054.54 |
| 6370 | FRD-2015040072675 | 1 | 6330028 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 1,135.73 |
| 6324 | FRD-2015040072675 | 1 | 6330021 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 232.77 |
| 8137 | FRD-2015040072675 | 1 | 6330028 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 15.00 |
| 1816 | FRD-2015040072675 | 1 | 6230000 | | Adams, Jean A | 5/6/2015 | $ 182,416.37 | $ 10,098.23 | $ - | $ 23,744.19 |
| 9824 | FRD-2015040072675 | 1 | 6330032 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 72.70 |
| 8202 | FRD-2015040072675 | 1 | 2009982 | | Adams, Jean A | 5/6/2015 | $ 177,409.87 | $ 14,659.68 | $ - | $ 10,190.44 |
| 8376 | FRD-2015040072675 | 1 | 2009989 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ - |
| 3377 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 174,078.61 | $ 21,325.90 | $ - | $ 15,727.09 |
| 4463 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 208,312.35 | $ 14,342.72 | $ - | $ 5,572.43 |
| 8699 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 140.00 |
| 4929 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 176,327.86 | $ 14,579.28 | $ - | $ 5,820.31 |
| 8158 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 158,324.23 | $ 18,222.76 | $ - | $ 162.52 |
| 8236 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 158,320.67 | $ 8,655.80 | $ - | $ 12,802.07 |
| 5033 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 170,797.14 | $ 10,243.34 | $ - | $ 7,151.32 |
| 9681 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 494.32 |
| 9844 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 186,710.80 | $ 32,421.56 | $ - | $ 14,177.38 |
| 7460 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 157,802.71 | $ 14,690.48 | $ - | $ 15,930.14 |
| 6842 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 475.00 |
| 1168 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 210,187.51 | $ 19,261.38 | $ - | $ 1,124.17 |
| 4078 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 224,507.24 | $ 21,966.19 | $ - | $ 7,172.09 |
| 6351 | FRD-2015040072675 | 1 | 2209999 | | Adams, Jean A | 5/6/2015 | $ 176,026.66 | $ 16,403.92 | $ - | $ 4,997.50 |
| 8042 | FRD-2015040072675 | 1 | 2003999 | | Adams, Jean A | 5/6/2015 | $ 177,696.11 | $ 15,305.60 | $ - | $ 9,089.85 |
| 7965 | FRD-2015040072675 | 1 | 2009008 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 245.96 |
| 3080 | FRD-2015040072675 | 1 | 2204522 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ - |
| 1186 | FRD-2015040072675 | 1 | 2204519 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ - |
| 4549 | FRD-2015040072675 | 1 | 7903500 | | Adams, Jean A | 5/6/2015 | $ - | $ - | $ - | $ 14.00 |
| | | | | | TOTALS: | | $3,703,584.47 | $ 340,579.51 | | $ 210,621.86 |

| Sale Proceeds | Mortgage Insurance Receipts | Known Investor Loss | Known BANA Loss | Notes: |
|---|---|---|---|---|
| $ (79,287.82) | $ - | $ - | $ 153,920.40 | BANA P&I losses combined with Fees Due bookloss. |
| $ (86,978.61) | $ - | $ - | $ 93,022.20 | BANA P&I losses combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 89,134.11 | BANA P&I losses combined with Fees Due bookloss. |
| $ (93,298.34) | $ - | $ - | $ 106,958.29 | BANA P&I losses combined with Fees Due bookloss. |
| $ (86,675.37) | $ - | $ - | $ 96,141.92 | BANA P&I losses combined with Fees Due bookloss. |
| $ (68,872.00) | $ - | $ - | $ 170,494.99 | FHLMC makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 524.11 | FHLMC investor market loan combined with Fees Due bookloss. |
| $ (92,853.00) | $ - | $ - | $ 129,042.93 | FHLMC makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 1,135.73 | FHLMC investor market loan combined with Fees Due activity. |
| $ - | $ - | $ - | $ 232.77 | FHLMC investor market loan combined with Fees Due activity. |
| $ - | $ - | $ - | $ 15.00 | FHLMC investor market loan combined with Fees Due activity. |
| $ (124,098.00) | $ - | $ - | $ 92,160.79 | FHLMC makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 72.70 | FHLMC investor market loan combined with Fees Due activity. |
| $ (99,071.00) | $ - | $ - | $ 103,188.99 | FNMA makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ - | FNMA investor market loan combined with Fees Due activity. |
| $ (56,733.17) | $ - | $ - | $ 154,398.43 | FNMA makwhole combined with Fees Due bookloss. |
| $ (68,152.30) | $ - | $ - | $ 160,075.20 | FNMA makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 140.00 | FNMA investor market loan combined with Fees Due activity. |
| $ (109,306.53) | $ - | $ - | $ 87,420.72 | FNMA makwhole combined with Fees Due bookloss. |
| $ (89,491.87) | $ - | $ - | $ 87,217.64 | FNMA makwhole combined with Fees Due bookloss. |
| $ (53,988.99) | $ - | $ - | $ 125,789.55 | FNMA makwhole combined with Fees Due bookloss. |
| $ (111,937.53) | $ - | $ - | $ 76,254.27 | FNMA makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 494.32 | Fees Due Bookloss Transactions on loan currently in claim filing process |
| $ (58,522.30) | $ - | $ - | $ 174,787.44 | FNMA makwhole combined with Fees Due bookloss. |
| $ (54,006.28) | $ - | $ - | $ 134,417.05 | FNMA makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 475.00 | FNMA investor market loan combined with Fees Due activity. |
| $ (74,681.17) | $ - | $ - | $ 155,891.89 | FNMA makwhole combined with Fees Due bookloss. |
| $ (61,011.50) | $ - | $ - | $ 192,634.02 | FNMA makwhole combined with Fees Due bookloss. |
| $ (108,223.50) | $ - | $ - | $ 89,204.58 | FNMA makwhole combined with Fees Due bookloss. |
| $ (105,859.43) | $ - | $ - | $ 96,232.13 | FNMA makwhole combined with Fees Due bookloss. |
| $ - | $ - | $ - | $ 245.96 | FNMA investor market loan combined with Fees Due activity. |
| $ - | $ - | $ - | $ - | Active servicing with current PTD. |
| $ - | $ - | $ - | $ - | No losses recorded on service released loan. |
| $ - | $ - | $ - | $ 14.00 | Fees Due Bookloss Transactions on service released loan. |
| $ (1,683,048.71) | | | $ 2,571,737.13 | |

| | UPB | Total Interest | Servicing Fee | Servicing Advances | Sale Proceeds | Known BANA Loss | Loss add back interest & servicing advances | Notes: |
|---|---|---|---|---|---|---|---|---|
| San Simeon # 1016 | $ 200,792.14 | $ 20,708.27 | $ - | $ 11,707.81 | $ (79,287.82) | $ 153,920.40 | $ 121,504.32 | BANA P&I losses combined with Fees Due bookloss. |
| The Greens # 6105 | $ 156,610.49 | $ 15,150.06 | $ - | $ 8,240.26 | $ (86,978.61) | $ 93,022.20 | $ 69,631.88 | BANA P&I losses combined with Fees Due bookloss. |
| The Greens # 10102 | $ 67,026.62 | $ 21,576.25 | $ - | $ 531.24 | $ - | $ 89,134.11 | $ 67,026.62 | BANA P&I losses combined with Fees Due bookloss. |
| The Greens # 6104 | $ 177,201.01 | $ 12,347.67 | $ - | $ 10,707.95 | $ (93,298.34) | $ 106,958.29 | $ 83,902.67 | BANA P&I losses combined with Fees Due bookloss. |
| The Greens # 1105 | $ 153,141.93 | $ 18,550.29 | $ - | $ 11,125.07 | $ (86,675.37) | $ 96,141.92 | $ 66,466.56 | BANA P&I losses combined with Fees Due bookloss. |
| Portofino # 3156 | $ 211,034.06 | $ 11,089.03 | $ - | $ 17,243.90 | $ (68,872.00) | $ 170,494.99 | $ 142,162.06 | FHLMC makwhole combined with Fees Due bookloss. |
| Portofino # 1025 | $ - | $ - | $ - | $ 524.11 | $ - | $ 524.11 | $ - | FHLMC investor market loan combined with Fees Due activity. |
| San Simeon # 1026 | $ 198,860.29 | $ 8,981.10 | $ - | $ 14,054.54 | $ (92,853.00) | $ 129,042.93 | $ 106,007.29 | FHLMC makwhole combined with Fees Due activity. |
| Bridgefield # 233 | $ - | $ - | $ - | $ 1,135.73 | $ - | $ 1,135.73 | $ - | FHLMC investor market loan combined with Fees Due activity. |
| The Greens # 3104 | $ - | $ - | $ - | $ 232.77 | $ - | $ 232.77 | $ - | FHLMC investor market loan combined with Fees Due activity. |
| Bridgefield # 324 | $ - | $ - | $ - | $ 15.00 | $ - | $ 15.00 | $ - | FHLMC investor market loan combined with Fees Due activity. |
| The Greens # 10101 | $ 182,416.37 | $ 10,098.23 | $ - | $ 23,744.19 | $ (124,098.00) | $ 92,160.79 | $ 58,318.37 | FHLMC makwhole combined with Fees Due bookloss. |
| The Greens # 8212 | $ - | $ - | $ - | $ 72.70 | $ - | $ 72.70 | $ - | FHLMC investor market loan combined with Fees Due activity. |
| The greens # 5104W | $ 177,409.87 | $ 14,659.68 | $ - | $ 10,190.44 | $ (99,071.00) | $ 103,188.99 | $ 78,338.87 | FNMA makwhole combined with Fees Due bookloss. |
| Bridgefield # 228 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | FNMA investor market loan combined with Fees Due activity. |
| Walerga # 832 | $ 174,078.61 | $ 21,325.90 | $ - | $ 15,727.09 | $ (56,733.17) | $ 154,398.43 | $ 117,345.44 | FNMA makwhole combined with Fees Due bookloss. |
| Portofino # 3164 | $ 208,312.35 | $ 14,342.72 | $ - | $ 5,572.43 | $ (68,152.30) | $ 160,075.20 | $ 140,160.05 | FNMA makwhole combined with Fees Due bookloss. |
| The Greens # 13211 | $ - | $ - | $ - | $ 140.00 | $ - | $ 140.00 | $ - | FNMA investor market loan combined with Fees Due activity. |
| The Greens # 13104 | $ 176,327.66 | $ 14,579.28 | $ - | $ 5,820.31 | $ (109,306.53) | $ 87,420.72 | $ 67,021.13 | FNMA makwhole combined with Fees Due bookloss. |
| The Greens # 9210 | $ 158,324.23 | $ 18,222.76 | $ - | $ 162.52 | $ (89,491.87) | $ 87,217.64 | $ 68,832.36 | FNMA makwhole combined with Fees Due bookloss. |
| Bridgefield # 133 | $ 158,320.67 | $ 8,655.80 | $ - | $ 12,802.07 | $ (53,988.99) | $ 125,789.55 | $ 104,331.68 | FNMA makwhole combined with Fees Due bookloss. |
| the Greens # 3103 | $ 170,797.14 | $ 10,243.34 | $ - | $ 7,151.32 | $ (111,937.53) | $ 76,254.27 | $ 58,859.61 | FNMA makwhole combined with Fees Due bookloss. |
| Bridgefield # 331 | $ - | $ - | $ - | $ 494.32 | $ - | $ 494.32 | $ - | Fees Due Bookloss Transactions on loan currently in claim filing process |
| Bridgefield # 337 | $ 186,710.80 | $ 32,421.56 | $ - | $ 14,177.38 | $ (58,522.30) | $ 174,787.44 | $ 128,188.50 | FNMA makwhole combined with Fees Due bookloss. |
| Bridgefield # 138 | $ 157,802.71 | $ 14,690.48 | $ - | $ 15,930.14 | $ (54,006.28) | $ 134,417.05 | $ 103,796.43 | FNMA makwhole combined with Fees Due bookloss. |
| The Greens # 10105 | $ - | $ - | $ - | $ 475.00 | $ - | $ 475.00 | $ - | FNMA investor market loan combined with Fees Due activity. |

*These 2 sheets show calculations prepared by SA Campbell based on BOA's data 1 of 2*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| San Simeon # 1040 | $ 210,187.51 | $ 19,261.38 | $ - | $ 1,124.17 | $ (74,681.17) | $ 155,891.89 | $ 135,506.34 | FNMA makwhole combined with Fees Due bookloss. |
| San Simeon # 1116 | $ 224,507.24 | $ 21,966.19 | $ - | $ 7,172.09 | $ (61,011.50) | $ 192,634.02 | $ 163,495.74 | FNMA makwhole combined with Fees Due bookloss. |
| The Greens # 1101 | $ 176,026.66 | $ 16,403.92 | $ - | $ 4,997.50 | $ (108,223.50) | $ 89,204.58 | $ 67,803.16 | FNMA makwhole combined with Fees Due bookloss. |
| The Greens # 6106 | $ 177,696.11 | $ 15,305.60 | $ - | $ 9,089.85 | $ (105,859.43) | $ 96,232.13 | $ 71,836.68 | FNMA makwhole combined with Fees Due bookloss. |
| San Simeon # 1017 | $ - | $ - | $ - | $ 245.96 | $ - | $ 245.96 | $ - | FNMA investor market loan combined with Fees Due activity. |
| Bridgefiled # 531 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | Active servicing with current PTD. |
| Bridgefiled # 816 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | No losses recorded on service released loan. |
| Bridgefiled # 1118 | $ - | $ - | $ - | $ 14.00 | $ - | $ 14.00 | $ - | Fees Due Bookloss Transactions on service released loan. |
| | $ 3,703,584.47 | $ 340,579.51 | | $ 210,621.86 | $ (1,683,048.71) | $ 2,571,737.13 | $ 2,020,535.76 | |

2 of 2

# 4.   Ditech/GMAC via ResCap Liquidating Trust

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Sheryl Mlaker [Sheryl.Mlaker@rescapestate.com] |
| **nt:** | Monday, June 29, 2015 1:07 PM |
| **Subject:** | Campbell, Heather  (LA) (FBI) |
| | RE: Loss Figures - Abaii |
| **Attachments:** | Ditech Letter.pdf;     2901 SHORT SALE HUD1.pdf; Accoun    9297_REOSale.pdf; Accoun  4182 _REOSale.pdf |

SA Heather Campbell,
Attached and below are the loss calculations for GMAC Mortgage. Please advise if this is all the information needed.


9297 – GMAC Mortgage – Loss $243,019.21
The loan had an unpaid principal balance of $296,826.98 at time of REO sale. Property was sold in REO May 20, 2010. An offer of $71,200 was accepted and Debtor received a total net proceeds of $60,638.59 equaling a loss severity of 79.5%.  Of the net proceeds, $56,671.21 was applied to principal, and the remaining amount went toward fees due on the account. Debtor wrote off $240,155.77 in principal and $2,863.44 in escrow.

2901 –GMAC Mortgage – Loss $172,635.65
The short sale was completed March 30, 2012.  Debtor received $66,552.59 through short sale. A total of $66,442.59 of the amount received was applied to principal balance due, $110 went toward a fee due on the account (BPO) leaving $106,149.79 that had to be written off. The total unpaid principal balance due at time of short sale was $172,635.65. Short Sale HUD attached.

4182 – GMAC Mortgage – Loss $130,730.85
The loan had an unpaid principal balance of $185,662.73 at time of REO sale. Property was sold in REO  March 4, 2011. An offer of $65,000 was accepted and Debtor received a total net proceeds of $57,751.10 equaling a loss severity of 68.8%.  Of the net proceeds, $54,931.88 was applied to principal, $477 applied toward escrow and the remaining amount went toward fees due on the account. Debtor wrote off $130,730.85 in principal.


Thank you,

Sheryl Mlaker/ Paralegal
ResCap| Legal Staff
Liquidating Trust
8400 Normandale Lake Blvd; STE 175
Bloomington, MN 55437
sheryl.mlaker@rescapestate.com

1



**U.S. Department of Justice**

Federal Bureau of Investigation

*Los Angeles Field Office – Long Beach RA*

4811 Airport Plaza Drive, Suite 500
Long Beach, California 90815

To:     Ditech Mortgage Corp.
        c/o Rescap Liquidating Trust
        Attn: David Cunningham
        Via email: david.cunningham@rescapestate.com

Date:   May 21, 2015

Re:     <u>**US vs. Momoud Aref Abaji, et al : Loss Calculation**</u>

To Whom it May Concern,

The Federal Bureau of Investigation (FBI) has an ongoing criminal case in which two
defendants were recently convicted of various mortgage fraud violations.  The FBI is now in the
process of assembling loss calculations regarding the case.  Attached is a list of
properties/mortgages associated with the case which either were, or are currently held by Ditech
Mortgage Corp..  The FBI would like Ditech Mortgage Corp. to provide the FBI with loss
calculations, if any, for these properties/mortgages.  If possible, please provide a list of losses,
by property, and category, such as principal, interest, foreclosure costs, and legal fees.  In
addition, if a third party such as Fannie Mae or Freddie Mac reimbursed Ditech Mortgage Corp.
for the loss, or reimbursed Ditech Mortgage Corp., and then required Ditech Mortgage Corp. to
buy back the loan, please provide this detail.

Please direct a response to this request to:

FBI
Attn:  SA Heather Campbell
4811 Airport Plaza Drive #500
Long Beach, CA 90815

In addition, please contact Special Agent Campbell and provide her a point of contact regarding
this matter at telephone number (562) 254-4001.  Thank you very much.

Sincerely,
David L. Bowdich
Assistant Director in Charge

By:  Stephen Phillips
     A/Supervisory Special Agent

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| Bermuda Dunes | 7280 Westpointe Blvd, Orlando, FL | | 7/11/2008 | | $254,400 | GMAC dba Ditech | 4801 |
| Bermuda Dunes | 7380/7300 Westpointe Blvd, Orlando, FL | | 7/22/2008 | | $249,440 | GMAC dba Ditech | 2270 |
| Bermuda Dunes | 7310 Westpointe Blvd, Orlando, FL | | 8/8/2008 | | $297,600 | GMAC dba Ditech | 9297 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 8/13/2008 | | $180,000 | GMAC dba Ditech | 2901 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 2/9/2009 | | $188,000 | GMAC dba Ditech | 6044 |
| Monaco | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | | 12/5/2008 | | $210,320 | GMAC dba Ditech | 6558 |
| Monaco | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | | 12/23/2008 | | $187,146 | GMAC dba Ditech | 4182 |

Identifier:0657112901     Doc Type:WOUT



FINAL

OMB Approval No. 2502-0265

A. **Settlement Statement (HUD-1)**

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA   2. ☐ RHS   3. ☒ Conv. Unins. | | 6. File Number: 7851 | 7. Loan Number: | 8. Mortgage Insurance Case Number | |
| 4. ☐ VA   5. ☐ Conv. Ins. | | | | | |

C. Note:   This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: MAHER OBAGI | F. Name & Address of Lender: |
|---|---|---|
| G. Property Location: 8434 WALERGA ROAD ANTELOPE, CA 95843 | H. Settlement Agent:  Beach Pacific Escrow, Inc. 7372 Prince Dr #101, Huntington Beach, CA 92647 Place of Settlement: 7372 Prince Drive #101, Huntington Beach, CA 92647 | I. Settlement Date: March 30, 2012 FINAL |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | $76,500.00 | 401. Contract sales price | $76,500.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $1,778.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes  03/30/12  to 07/01/12 | $655.17 | 406. City/town taxes  03/30/12  to 07/01/12 | $655.17 |
| 107. County taxes  03/30/12  to 04/01/12 | $7.50 | 407. County taxes  03/30/12  to 04/01/12 | $7.50 |
| 108. Assessments  to | | 408. Assessments  to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | $78,938.67 | **420. Gross Amount Due to Seller** | $77,162.67 |
| **200. Amount Paid by or in Behalf of Borrower** | | **500. Reductions in Amount Due to Seller** | |
| 201. Deposit or earnest money | $77,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $10,610.08 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Commission credit to buyer closing costs | $1,938.67 | 504. Payoff of first mortgage loan  GMAC | $66,552.59 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes  to | | 510. City/town taxes  to | |
| 211. County taxes  to | | 511. County taxes  to | |
| 212. Assessments  to | | 512. Assessments  to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | $78,938.67 | **520. Total Reduction Amount Due Seller** | $77,162.67 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | $78,938.67 | 601. Gross amount due to seller (line 420) | $77,162.67 |
| 302. Less amounts paid by/for borrower (line 220) | ( $78,938.87 ) | 602. Less reductions in amounts due seller (line 520) | ( $77,162.67 ) |
| **303. Cash** ☒ From ☐ To Borrower | $0.00 | **603. Cash** ☒ To ☐ From Seller | $0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL BY BEACH PACIFIC ESCROW, INC.

*P J Garcia*

Identifier:0657112901        Doc Type:WOUT

## L. Settlement Charges

| 700. Total Real Estate Broker Fees | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| Division of commission (line 700) as follows : | | | |
| 701. $ 1,530.00 to Listing Commissions to Viceroy Realty | | | |
| 701. $ 1,530.00 to Listing Commissions to Viceroy Realty | | | |
| 702. $ 1,530.00 to Selling Commissions to Viceroy Realty | | | |
| 703. Commission paid at settlement | | | $3,060.00 |
| 704. | | | |

| 800. Items Payable In Connection with Loan | | | |
|---|---|---|---|
| 801. Our origination charge *see itemization | $ | (from GFE #1) | |
| 802. Your credit or charge (points) for the specific interest rate chosen | $ | (from GFE #2) | |
| 803. Your adjusted origination charges | | (from GFE #A) | $0.00 |
| 804. Appraisal fee to | | (from GFE #3) | |
| 805. Credit report to | | (from GFE #3) | |
| 806. Tax service to | | (from GFE #3) | |
| 807. Flood certification to | | (from GFE #3) | |
| 808. Up-Front MIP | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |

| 900. Items Required by Lender to be Paid in Advance | | | |
|---|---|---|---|
| 901. Daily interest charges from to @ $ /day | | (from GFE #10) | |
| 902. Mortgage insurance premium for months to | | (from GFE #3) | |
| 903. Homeowner's insurance for years to | | (from GFE #11) | |
| 904. | | | |

| 1000. Reserves Deposited with Lender | | | |
|---|---|---|---|
| 1001. Initial deposit for your escrow account | | (from GFE #9) | $0.00 |
| 1002. Homeowner's insurance months @ $ per month $ | | | |
| 1003. Mortgage insurance months @ $ per month $ | | | |
| 1004. Property Taxes months @ $ per month $ | | | |
| 1005. months @ $ per month $ | | | |
| 1006. months @ $ per month $ | | | |
| 1007. Aggregate Adjustment -$ | | | |

| 1100. Title Charges | | | |
|---|---|---|---|
| 1101. Title services and lender's title insurance | | (from GFE #4) | $848.00 |
| 1102. Settlement or closing fee Beach Pacific Escrow, Inc. | $ 753.00 | | $753.00 |
| 1103. Owner's title insurance Lawyers Title Company | | (from GFE #5) | $557.00 |
| 1104. Lender's title insurance | $ | | |
| 1105. Lender's title policy limit $ | | | |
| 1106. Owner's title policy limit $ | | | |
| 1107. Agent's portion of the total title insurance premium to | $ | | |
| 1108. Underwriter's portion of the total title insurance premium to | $ | | |
| 1109. Notary and signing fees to | | | |
| 1110. Title sub-escrow fee to Lawyers Title | $75.00 | | |
| 1111. Recording Service fee to Lawyers Title | $20.00 | | |

| 1200. Government Recording and Transfer Charges | | | |
|---|---|---|---|
| 1201. Government recording charges | | (from GFE #7) | $42.00 |
| 1202. Deed $ 42.00 Mortgage $ Release $ | | | |
| 1203. Transfer taxes | | (from GFE #8) | $0.00 |
| 1204. City/County tax/stamps Deed $ 210.38 Mortgage $ | | | $210.38 |
| 1205. State tax/stamps Deed $ Mortgage $ | | | $0.00 |
| 1206. | | | |

| 1300. Additional Settlement Charges | | | |
|---|---|---|---|
| 1301. Required services that you can shop for | | (from GFE #6) | |
| 1302. | $ | | |
| 1303. | $ | | |
| 1304. NHD report fee to MyNHD | | | $74.95 |
| 1305. TOTAL OF CHARGES FROM PAGE 2A | | $886.00 | $5,954.75 |

| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | $1,776.00 | $10,610.08 |
|---|---|---|

**see attached Settlement Statement/Addendum for details

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL BY BEACH PACIFIC ESCROW, INC.

*PJ Garcia*

Identifier:0657112901      Doc Type:WOUT

| 1300 | ADDITIONAL SETTLEMENT CHARGES (continued from page 2) | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 1306 | Association Transfer & Document fees | $101.00 | $99.00 |
| 1307 | Association dues March & April to Bridgefield HOA | $450.00 | |
| 1308 | Property Taxes - prior years delinquencies | | $5,855.75 |
| 1309 | Home Warranty Plan fee to First American Home Warranty | $335.00 | |
| 1310 | | | |
| 1311 | | | |
| 1312 | | | |
| 1313 | | | |
| 1314 | | | |
| 1315 | | | |
| 1316 | | | |
| 1317 | | | |
| 1318 | | | |
| 1319 | | | |
| 1320 | | | |
| 1321 | | | |
| 1322 | | | |
| 1323 | | | |
| 1324 | | | |
| 1325 | | | |
| 1326 | | | |
| 1327 | | | |
| 1328 | | | |
| 1329 | | | |
| 1330 | | | |
| 1331 | | | |
| 1332 | | | |
| 1333 | | | |
| 1334 | | | |
| 1335 | | | |
| 1336 | | | |
| 1337 | | | |
| 1338 | | | |
| 1339 | | | |
| 1340 | | | |
| 1341 | | | |
| 1342 | | | |
| 1343 | | | |
| 1344 | | | |
| 1345 | | | |
| 1346 | | | |
| 1347 | | | |
| 1348 | | | |
| 1349 | | | |
| 1350 | Total Charges on Page 2(A)  [enter on line 1305 on Page 2] | $886.00 | $5,954.75 |

PAGE 2(A)

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL BY BEACH PACIFIC ESCROW, INC.



Identifier:0657112901      Doc Type:WOUT

# Beach Pacific Escrow, Inc.

Settlement Date: 3/30/12

MAHER OBAGI

| | | Property Address: |
|---|---|---|
| 5942 EDINGER AVE #113-1307 | | 8434 WALERGA ROAD |
| 5942 EDINGER AVE #113-1307 | | 8434 WALERGA ROAD |
| HUNTINGTON BEACH, CA 92649 | | ANTELOPE, CA 95843 |

| Charges | Credit | Property |
|---|---|---|
| | $76,500.00 | Consideration or sale price |
| | | **Deposits** |
| | | Deposit 01 by Buyer |
| | | **Funds Held** |
| | | **New Loans** |
| | | **Existing Loans** |
| | | **Adjustments** |
| | | Commission credit to buyer costs (actual shortfall only) |
| | | **Other Disbursements** |
| $74.95 | | Natural Hazard Report fee to MyNHD |
| $5,855.75 | | Property Taxes - Prior Delinquencies |
| | | **Prorations** |
| | | County Taxes |
| | | $1,295.94 every 6 months. |
| | $655.17 | From 03/30/12 to 07/01/12 |
| | | HOA Dues |
| | | $225.00 every month. |
| | $7.50 | From 03/30/12 to 04/01/12 |
| | | **Commisions** |
| $1,530.00 | | Listing Commissions to Victory Realty |
| $1,530.00 | | Selling Commissions to Victory Realty |
| | | **Termite Work** |
| | | **Insurance** |
| | | **Home Protection Plan** |
| | | Home Warranty Plan fee to First American Home Buyer Prot |
| | | **HOA** |
| | | March dues to Bridgefield HOA |
| | | April dues to Bridgefield HOA |
| $99.00 | | Transfer & Document fees to VierraMore, Inc. |
| | | **Land Lease** |
| | | **Payoffs** |
| | | First Existing Loan |
| $66,552.59 | | - APPROVED Net Proceeds to GMAC as of 03/23/12 |
| | | **New Loan Charges** |
| | | **Title Charges** |
| $557.00 | | Title Premium - HomeOwners Policy to Lawyers Title |
| | | Sub-Escrow fee |
| $210.38 | | Documentary Transfer Tax |
| | | Recording fees |
| | | Recording Service fee to Lawyers Title |
| | | **Escrow Charges** |
| $753.00 | | Escrow fee to Beach Pacific Escrow, Inc. |
| | | **Balance Due To You** |
| | | **Balance Due From You** |
| $77,162.67 | $77,162.67 | Totals |

THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL BY BEACH PACIFIC ESCROW, INC.

*P J Garcia*

## REO/CLOSING

6816/23/2015  2:37:52 PM ETPFSP5430

5 6

Account Nbr:  ▮▮9297      Offer Number:  1  - 0    Offer Amount:      71200. 00    Couns Cd:  DNS
Contract Closing Date:   05/ 20/ 10      Buyer Name:
REO Status:  FI LE CLOSED           Buyer Phone Nbrs:  000- 000- 0000    000- 000- 0000

**Closing Information**

Closing Date:    Sched:  00/ 00/ 00   Actual:  05/ 20/ 10       **Contract Extension / Fall Through Info**
Contract Executed Date:              04/ 16/ 10        Extension Date:              00/ 00/ 00
HUD Approved Date:                    05/ 20/ 10        Reason:
Proceeds Received Date:              05/ 21/ 10        Fall Through Date:          00/ 00/ 00
Projected Post Date:                  00/ 00/ 00        Reason:

Perm

Note:

| | View Realtor | View Title Company | | View Closing Agent |
|---|---|---|---|---|
| | | **HUD Information** | | |
| | | Projected Amt | Approved Amt | Actual Amt |
| Sales Price | | 71200. 00 | 0. 00 | 71200. 00 |
| Total Per Diem | 100. 00 | 0. 00 | 0. 00 | 0. 00 |
| Prior Mortgage Payoff | | 0. 00 | 0. 00 | 0. 00 |
| Commission | | 4272. 00 | 0. 00 | 4112. 00 |
| Bonus | | 0. 00 | 0. 00 | 0. 00 |
| Management Fee | | 0. 00 | 0. 00 | 660. 00 |
| Current Taxes | | 0. 00 | 0. 00 | - 137. 01 |
| Delinquent Taxes | | 0. 00 | 0. 00 | 0. 00 |
| Assessments / Liens | | 0. 00 | 0. 00 | 0. 00 |
| Auction / Outsource Fee | | 0. 00 | 0. 00 | 0. 00 |
| Origination / Discount Points | | 0. 00 | 0. 00 | 0. 00 |
| Buyer's Closing Costs | | 0. 00 | 0. 00 | 0. 00 |
| Title Insurance | | 0. 00 | 0. 00 | 0. 00 |
| Escrow | | 0. 00 | 0. 00 | 0. 00 |
| Seller's Closing Costs | | 0. 00 | 0. 00 | 5826. 42 |
| Deed Preparation | | 0. 00 | 0. 00 | 0. 00 |
| Recording / Transfer Tax | | 0. 00 | 0. 00 | 0. 00 |
| Inspections | | 0. 00 | 0. 00 | 0. 00 |
| Termite Treatment | | 0. 00 | 0. 00 | 0. 00 |
| Homeowners Warranty | | 0. 00 | 0. 00 | 0. 00 |
| Contract Repairs | | 0. 00 | 0. 00 | 0. 00 |
| Outsource Reimbursement | | 0. 00 | 0. 00 | 100. 00 |
| Broker Reimbursement | | 0. 00 | 0. 00 | 0. 00 |
| Total Closing Costs | | 4272. 00 | 0. 00 | 10561. 41 |
| Net Proceeds | | 66928. 00 | 0. 00 | 60638. 59 |
| Loss Severity % | | 78. 7 | 0. 0 | 79. 5 |
| Approval Status:  APPROVED | | Copy to Next Column | Copy to Next Column | |

**Access Notes Panel**      **Create / View Approvals**      **Access Letter Panel**      **View Calculation**

Message:   THIS REO IS ARCHIVED           OK   INQUIRY ONLY
Command:                                              Submit    Reset    PrintAll

## REO/CLOSING

6816/23/2015  2:50:01 PM ETPFSP5430                     5 6

Account Nbr: ▆▆▆▆182   Offer Number: 1 - 0   Offer Amount:    65000. 00   Couns Cd: DNR
Contract Closing Date: 02/ 18/ 11        Buyer Name: ▆▆▆▆▆▆▆▆▆
REO Status: FI LE CLOSED                 Buyer Phone Nbrs: 000- 000- 0000   000- 000- 0000

**Closing Information**

| | | | **Contract Extension / Fall Through Info** |
|---|---|---|---|
| Closing Date:   Sched: 02/ 25/ 11  Actual: 03/ 04/ 11 | | | Extension Date:              00/ 00/ 00 |
| Contract Executed Date:                01/ 26/ 11 | | | Reason: |
| HUD Approved Date:                     03/ 04/ 11 | | | Fall Through Date:          00/ 00/ 00 |
| Proceeds Received Date:                03/ 07/ 11 | | | Reason: |
| Projected Post Date:                   03/ 08/ 11 | | | |

Perm
Note:

| | View Realtor | View Title Company | View Closing Agent |
|---|---|---|---|
| | | **HUD Information** | |
| | Projected Amt | Approved Amt | Actual Amt |
| Sales Price | 65000. 00 | 0. 00 | 65000. 00 |
| Total Per Diem            100. 00 | 0. 00 | 0. 00 | 0. 00 |
| Prior Mortgage Payoff | 0. 00 | 0. 00 | 0. 00 |
| Commission | 3900. 00 | 0. 00 | 3028. 50 |
| Bonus | 0. 00 | 0. 00 | 0. 00 |
| Management Fee | 0. 00 | 0. 00 | 871. 50 |
| Current Taxes | 0. 00 | 0. 00 | 265. 72 |
| Delinquent Taxes | 0. 00 | 0. 00 | 782. 16 |
| Assessments / Liens | 0. 00 | 0. 00 | - 103. 08 |
| Auction / Outsource Fee | 0. 00 | 0. 00 | 18. 85 |
| Origination / Discount Points | 0. 00 | 0. 00 | 0. 00 |
| Buyer's Closing Costs | 0. 00 | 0. 00 | 1225. 25 |
| Title Insurance | 0. 00 | 0. 00 | 360. 00 |
| Escrow | 0. 00 | 0. 00 | 500. 00 |
| Seller's Closing Costs | 0. 00 | 0. 00 | 0. 00 |
| Deed Preparation | 0. 00 | 0. 00 | 140. 00 |
| Recording / Transfer Tax | 0. 00 | 0. 00 | 60. 00 |
| Inspections | 0. 00 | 0. 00 | 0. 00 |
| Termite Treatment | 0. 00 | 0. 00 | 0. 00 |
| Homeowners Warranty | 0. 00 | 0. 00 | 0. 00 |
| Contract Repairs | 0. 00 | 0. 00 | 0. 00 |
| Outsource Reimbursement | 0. 00 | 0. 00 | 0. 00 |
| Broker Reimbursement | 0. 00 | 0. 00 | 100. 00 |
| Total Closing Costs | 3900. 00 | 0. 00 | 7248. 90 |
| Net Proceeds | 61100. 00 | 0. 00 | 57751. 10 |
| Loss Severity % | 68. 3 | 0. 0 | 68. 8 |
| Approval Status: APPROVED | Copy to Next Column | Copy to Next Column | |

| Access Notes Panel | Create / View Approvals | Access Letter Panel | View Calculation |
|---|---|---|---|

Message: | THIS REO IS ARCHIVED | OK | INQUIRY ONLY
Command: |                                              Submit   Reset   PrintAll

# 5.   Freddie Mac

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **nt:** | Wednesday, May 06, 2015 10:08 AM |
| | Campbell, Heather  (LA) (FBI) |
| **Subject:** | Freddie Mac losses |
| **Attachments:** | FLRT Spreadsheet FINAL.xls |

| Loan # | Borrower Name | Street | Unit | City | S | Loan Status | Dt Orig | Pur-pose | Occu-pancy | Prop Type | Dt Fund | Dt | UPB at Purchase | Amt Appr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5456 | | | NY | PHOENIX | AZ | 85048 | Repurchase | 11/25/08 | PU | SH | Condo | 12/29/08 | 01/12/11 | $201,520 | $251,900 |
| 3450 | | | NY | PHOENIX | AZ | 85048 | Third party sale | 06/19/09 | PU | SH | Condo | 07/13/09 | 07/27/10 | $219,750 | $293,000 |
| 7235 | | | NY | PHOENIX | AZ | 85048 | Third party sale | 07/08/09 | PU | SH | Condo | 07/30/09 | 07/08/10 | $232,800 | $291,000 |
| 5577 | | | NY | PHOENIX | AZ | 85048 | REO Sale Closed | 11/19/08 | PU | SH | Condo | 12/11/08 | 06/08/10 | $207,500 | $279,000 |
| 9819 | | | NY | PHOENIX | AZ | 85048 | Performing | 04/05/07 | PU | SH | Condo | 06/01/07 | | $294,320 | $367,900 |
| 2951 | | | NY | PHOENIX | AZ | 85048 | Performing | 04/05/07 | PU | SH | Condo | 05/30/07 | | $271,200 | $340,000 |
| 3749 | | | 15 | PHOENIX | AZ | 85048 | REO Sale Closed | 10/29/08 | PU | SH | Condo | 12/11/08 | 09/10/10 | $199,726 | $250,000 |
| 3338 | | | | FORT MYERS | FL | 33908 | Repurchase | 05/23/08 | PU | SH | PUD | 06/12/08 | 07/15/08 | $284,750 | $340,000 |
| 8838 | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 01/16/09 | PU | SH | Condo | 02/05/09 | 02/26/11 | $207,920 | $260,000 |
| 7056 | | | 102 | PHOENIX | AZ | 85048 | REO Sale Closed | 01/27/09 | PU | SH | Condo | 02/11/09 | 10/28/11 | $197,520 | $254,000 |
| 0733 | | | 111 | PHOENIX | AZ | 85048 | Third party sale | 01/05/09 | PU | SH | Condo | 02/12/09 | 08/17/10 | $188,000 | $235,000 |
| 7013 | | | 315 | PHOENIX | AZ | 85048 | REO Sale Closed | 12/24/08 | PU | SH | Condo | 01/13/09 | 04/09/11 | $212,720 | $266,000 |
| 1156 | | | 145 | PHOENIX | AZ | 85048 | REO Sale Closed | 02/19/09 | PU | SH | Condo | 03/12/09 | 08/02/11 | $188,000 | $235,000 |
| 9126 | | | | ORLANDO | FL | 32819 | Repurchase | 08/06/08 | PU | SH | Condo | 09/11/08 | 05/13/10 | $271,455 | $363,000 |
| 2340 | | | | ORLANDO | FL | 32819 | Real Estate owned | 07/24/08 | PU | SH | Condo | 09/02/08 | | $271,754 | $340,000 |
| 8506 | | | | KISSIMMEE | FL | 34758 | Repurchase | 01/02/08 | PU | SH | PUD | 02/12/08 | 10/20/10 | $256,500 | $285,000 |
| 8684 | | | | KISSIMMEE | FL | 34758 | REO Sale Closed | 12/28/07 | PU | OO | PUD | 02/12/08 | 09/28/12 | $256,290 | $285,000 |
| 9893 | | S | | TUCSON | AZ | 85750 | REO Sale Closed | 07/14/09 | PU | SH | Condo | 05/24/10 | 07/22/11 | $182,416 | $230,000 |
| 5534 | | | | TUCSON | AZ | 85750 | REO Sale Closed | 05/29/09 | PU | SH | Condo | 06/30/09 | 12/10/10 | $178,792 | $224,000 |
| 7472 | | | | TUCSON | AZ | 85750 | REO Sale Closed | 05/20/09 | PU | SH | Condo | 06/30/09 | 07/27/11 | $157,592 | $197,000 |
| 3251 | | | | TUCSON | AZ | 85750 | REO Sale Closed | 08/10/09 | PU | SH | Condo | 08/31/09 | 05/11/12 | $177,750 | $237,000 |
| 3951 | | | | ORLANDO | FL | 32835 | REO Sale Closed | 05/30/08 | PU | IN | Condo | 06/27/08 | 02/17/10 | $266,280 | $385,000 |
| 8610 | | | | ORLANDO | FL | 32835 | Repurchase | 08/19/08 | PU | SH | Condo | 09/11/08 | 04/20/10 | $300,880 | $384,000 |
| 530940426 | | | | ORLANDO | FL | 32835 | REO Sale Closed | 08/13/08 | PU | IN | Condo | 09/11/08 | 12/26/12 | $235,500 | $326,000 |
| 529474751 | | | | ORLANDO | FL | 32835 | REO Sale Closed | 06/26/08 | PU | SH | Condo | 08/13/08 | 04/09/12 | $293,494 | $345,600 |
| 529486237 | | | | ORLANDO | FL | 32835 | REO Sale Closed | 06/30/08 | PU | IN | Condo | 08/13/08 | 09/18/08 | $253,627 | $323,000 |

&R

Master Sheets

| Loan # | Borrower Name | Street | Unit | City | S | City | Loan Status | Dt Orig | Pur-pose | Occu-pancy | Prop Type | Dt Fund | Dt | UPB at Purchase | Amt Appr |
|--------|---------------|--------|------|------|---|------|-------------|---------|----------|------------|-----------|---------|-----|-----------------|----------|
| 6532 | | | | | | ORLANDO | FL | 32835 | Repurchase | 10/31/08 | PU | SH | Condo | 12/11/08 | 11/17/10 | $256,099 | $321,000 |
| 8588 | | | | | | ANTELOPE | CA | 95843 | Repurchase | 12/23/08 | PU | SH | Condo | 02/12/09 | 06/09/10 | $178,000 | $225,000 |
| 7922 | | | | | | ANTELOPE | CA | 95843 | Repurchase | 09/05/08 | PU | SH | Condo | 09/24/08 | 07/21/10 | $180,000 | $245,000 |
| 1652 | | | | | | ANTELOPE | CA | 95843 | Repurchase | 12/23/08 | PU | IN | Condo | 02/27/09 | 04/27/10 | $178,239 | $223,000 |
| 3373 | | | | | | ANTELOPE | CA | 95843 | REO Sale Closed | 09/04/08 | PU | IN | Condo | 10/14/08 | 01/18/11 | $149,250 | $200,000 |
| 4157 | | | | | | ANTELOPE | CA | 95843 | Repurchase | 02/04/09 | PU | SH | Condo | 03/12/09 | 09/21/10 | $188,000 | $235,000 |
| 9625 | | | | | | ANTELOPE | CA | 95843 | Repurchase | 08/13/08 | PU | SH | Condo | 09/08/08 | 08/23/10 | $180,000 | $225,000 |
| 1152 | | | | | | ANTELOPE | CA | 95843 | REO Sale Closed | 09/02/08 | PU | SH | Condo | 10/14/08 | 04/18/11 | $152,200 | $203,000 |

&R

Master Sheets

| Current Credit Loss | LTV | Seller # | Seller Family # | Seller Family Name | Svcr # | Svcr Name | Loan Officer | Appraiser | Appraisal Co. | Closing Agency | Property Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 6.88% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. / BANK OF AMERICA | ALAN A NISEN | WILLIAM TURPIN | WILLIAM TURPIN | ESCROW QUICK INC | FOOTHILL HOLDINGS |
| $0 | 5.38% | 75% |  | WELLS FARGO BANK, N.A. |  | WELLS FARGO BANK, N.A. / WELLS FARGO BANK | BETH WEXLER | ROBERT HARTMAN | RELS VALUATION | ESCROW QUICK INC | FOOTHILL HOLDINGS II |
| $0 | 5.38% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. / BANK OF AMERICA | NANCY BIRGE-JACOBS | B DREW MEYER / FORSYTHE APPRAISALS LLC | FORSYTHE APPRAISALS LLC | ESCROW QUICK INC | FOOTHILL HOLDINGS II |
| -$916 | 6.62% | 75% |  | HSBC BANK USA, N.A. |  | HSBC BANK USA, N.A. / HSBC MORTGAGE CORP | MELINDA KNIGHT | CAROL O CONNOR | CAROL O CONNER AND ASSOCS INC | ESCROWQUICK INC | FOOTHILL HOLDINGS II |
|  | 5.62% | 80% |  | GMAC MORTGAGE, LLC |  | OCWEN LOAN SERVICING, LLC |  |  |  |  |  |
|  | 5.62% | 80% |  | ONEWEST BANK N.A. |  | OCWEN LOAN SERVICING, LLC |  |  |  |  |  |
| $58,322 | 6.12% | 80% |  | WELLS FARGO BANK, N.A. |  | WELLS FARGO BANK, N.A. / WELLS FARGO BANK | GRAHAM LOUCKS | TODD HAVENS | SAFE HAVEN APPRAISALS LLC |  | FOOTHILL HOLDINGS II |
|  | 7.00% | 85% |  | WELLS FARGO BANK, N.A. |  | WELLS FARGO BANK, N.A. |  |  |  |  |  |
| $4,157 | 5.88% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | GINA ABERNATHY | ARA MCREYNOLDS / ARA LYNN MCREYNOLDS | A ONE APPRAISAL SVS |  | PORTOFINO RESIDENCES |
| $3,515 | 5.75% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | ROBYN TRINCI | TIMOTHY HUBBARD | HUBBARD AND ASSOCIATES |  | PORTOFINO RESIDENCES LLC |
| $0 | 5.75% | 80% |  | WELLS FARGO BANK, N.A. |  | WELLS FARGO BANK, N.A. / WELLS FARGO BANK | CLAY WAYNE | DON KOEHLER | RELS VALUATION | ESCROWQUICK INC | POTOFINO RESIDENCES LLC |
| -$2,051 | 6.75% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. / COUNTRYWIDE BANK | TRACIE SCHMIDT | TIMOTHY HUBBARD / HUBBARD AND ASSOC APPRAISAL INC | HUBBARD AND ASSOC APPRAISAL INC | ESCROWQUICK INC | PORTOFINO RESIDENCES |
| $60 | 5.75% | 80% |  | WELLS FARGO BANK, N.A. |  | WELLS FARGO BANK, N.A. | CLAY WAYNE | DON KOEHLER / RELS VALUATION | RELS VALUATION | ESCROWQUICK INC | PORTOFINO RESIDENCES LLC |
|  | 7.25% | 75% |  | CITIMORTGAGE, INC. |  | CITIMORTGAGE, INC. / CITI MORTGAGE / HOME1ST LENDING LLC | JAHIR NAJAIR | JANICE NICHOLS | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA | SOUTHERN TITLE AND ABSTRACT | PULTE HOME CORP |
| $55,970 | 6.50% | 80% |  | GMAC MORTGAGE, LLC |  | OCWEN LOAN SERVICING, LLC / GMAC MORTGAGE LLC/DITECH | PATTI FUKUSHIMA | TAMMI GEORGE / DANNY DULGAR | DANNY L DULGAR INC | ESCROWQUICK INC | PULTE HOME CORP |
|  | 6.50% | 90% |  | CITIMORTGAGE, INC. |  | CITIMORTGAGE, INC. / CITIMORTGAGE INC / CAPITAL DIRECT LENDING CORP | MICHAEL HULBERT | EDUARDO FALLS / L H MARKS JR | L H MARKS REAL ESTATE AND APPRAISAL SVCS | FIRST AMERICAN TITLE INSURANCE CO | INTERVEST CONSTRUCTION OF ORLANDO INC |
| $6,221 | 7.00% | 90% |  | CITIMORTGAGE, INC. |  | CITIMORTGAGE, INC. / CAPITAL DIRECT LENDING | MICHAEL HULBERT |  |  | FIRST AMERICAN TITLE INSURANCE CO | INTERVEST CONSTRUCTION OF OLANDO INC |
| -$2,568 | 5.88% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | RICHARD BASSETT | MICHAEL LEBSACK | LEBSACK APPRAISAL | ESCROWQUICK INC |  |
| $1,143 | 6.00% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | MELINDA KNIGHT | ANTHONY COLICA | STARK APPRAISAL SVS |  | VENTANA 20/20 LP |
| -$953 | 5.88% | 80% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | JUAN RYAN | KEVIN FIELDING | ARIZONA REAL PROPERTY APPRAISAL, LLC | ESCROW QUICK, INC. |  |
| $65,311 | 5.38% | 75% |  | BANK OF AMERICA, N.A. |  | BANK OF AMERICA, N.A. | MICHAEL ROSE | JAMES NOWAK II | OLD PUEBLO APPRAISAL GROUP LLC | ESCROWQUICK INC | VENTANA 20 20 LP |
| $196,939 | 7.38% | 70% |  | FIFTH THIRD BANK |  | FIFTH THIRD BANK / FIFTH THIRD MORTGAGE CO / FIFTH THIRD BANK | ROBERTO BALDOR | PAUL MARTIN | APD ATLANTIC APPRAISAL SVCS | LAND AMERICA LAWYERS TITLE | ORLANDO WESTPOINTE |
|  | 7.12% | 80% |  | CITIMORTGAGE, INC. |  | CITIMORTGAGE, INC. / HOME 1ST LENDING | JABIR NAJAIR | TERRANCE FINNOLL | APPRAISAL PROFESSIONAL OF CENTRAL FLORIDA | ESCROWQUICK | ORLANDO WESTPOINTE |
| $6,639 | 7.38% | 75% |  | CITIMORTGAGE, INC. |  | CITIMORTGAGE, INC. / HOME FIRST LENDING / CITIMORTGAGE INC | JASIR NAJAIR | TERRANCE FINNELL | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA | ESCROWQUICK / ESCROWQUICK | ORLANDO WESTPOINTE |
| $247,075 | 6.50% | 85% |  | JPMORGAN CHASE BANK, N.A. |  | JPMORGAN CHASE BANK, N.A. / WASHINGTON MUTUAL BANK | CYNTHIA BALLARD | EDWIN CONRAD | EDWIN E CONRAD APPRAISERS | VELLOCITY ESCROW | ORLANDO WESTPOINT |
| $229,599 | 6.88% | 80% |  | JPMORGAN CHASE BANK, N.A. |  | JPMORGAN CHASE BANK, N.A. / WASHINGTON MUTUAL BANK | CYNTHIA BALLARD | FRED SALVA JR | NEXT GENERATION APPRAISERS LLC | VELOCITY ESCROW INC | ORLANDO WESTPOINT LLC |

MasterSpreads

| Current Credit Loss | LTV | | Seller # | Seller Family # | Seller Family Name | Svcr # | Svcr Name | | Loan Officer | Appraiser | Appraisal Co. | Closing Agenc | Property Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 6.75% | 80% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | JUST MORTGAGE INC | HOME FIRST LENDING | JABIR NAJAIR | TERRANCE FINNELL | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA INC | ESCROW QUICK INC | ORLANDO WESTPOINTE |
| | 5.75% | 80% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK | MIKE NOURALISHAHI | ADVALOREM APPRAISAL | ESCROWQUICK | N HIGHLANDS APARTMENT |
| $25 | 6.38% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | GREENLIGHT FINANCIAL SERVICES | HOLLY BRAND | GEORGE EDWARDS | LENDERSAID | ESCROW QUICK INC | NORTH HIGHLANDS APARTMENTS |
| | 6.50% | 80% | | | JPMORGAN CHASE BANK, N.A. | | JPMORGAN CHASE BANK, N.A. | JPMORGAN CHASE BANK | CHARLES ROBBINS | DENNIS SPRURLING | SPURLING AND ASSOC | ESCROW QUICK | NORTH HIGHLANDS APARTMENTS |
| $1,083 | 7.75% | 75% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | WELLS FARGO BANK | MARIO BALDOR | JULLE SHELLEY | RELS VALUATION | ESCROWQUICK INC | NORTH HIGHLANDS APARTMENTS |
| $255 | 7.00% | 80% | | | JPMORGAN CHASE BANK, N.A. | | JPMORGAN CHASE BANK, N.A. | JPMORGAN CHASE BANK | MICHAEL APPLEGATE | ROBERT SCHILLER | SCOTT BURTON | BURTON AND CO | | NORTH HIGHLANDS APARTMENTS |
| | 6.25% | 80% | | | GMAC MORTGAGE, LLC | | ALLY BANK | GMAC MORTGAGE | DAYNA RITCHIE | RYAN LAMB | GMAC DBA DITECH.COM | ESCROW QUICK INC | NORTH HIGHLANDS APT |
| -$1,612 | 6.88% | 75% | | | HSBC BANK USA, N.A. | | HSBC BANK USA, N.A. | HXBC MORTGAGE CORP | MELINDA KNIGHT | JOHN KRUGGER | ADRE INC | | NORTH HIGHLANDS APARTMENTS |

&R

## Campbell, Heather  (LA) (FBI)

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **nt:** | Wednesday, May 27, 2015 3:23 PM |
| | Campbell, Heather  (LA) (FBI) |
| **Subject:** | Freddie mac |
| **Attachments:** | FLRT%20Spreadsheet%20FINAL%20Updated%20with%20current%20UPB% 095-26-15[1].xls |

Sent from my Windows Phone

| Loan # | # | Borrower Name | Street | Unit | City | | Zip | Loan Status | Dt Orig | Pur-pose | Occu-pancy | Prop Type | Dt Fund | Dt Payf | UPB | UPB at Purchase |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3338 | | | | | FORT MYERS | FL | 33908 | Repurchase | 05/23/08 | PU | SH | PUD | 06/12/08 | 07/15/08 | | $284,750 |
| 8951 | | | | | ORLANDO | FL | 32835 | REO Sale Closed | 05/30/08 | PU | IN | Condo | 06/27/08 | 02/17/10 | | $266,280 |
| 8610 | | | | | ORLANDO | FL | 32835 | Repurchase | 08/19/08 | PU | SH | Condo | 09/11/08 | 04/20/10 | | $300,880 |
| 1652 | | | | | ANTELOPE | CA | 95843 | Repurchase | 12/23/08 | PU | IN | Condo | 02/27/09 | 04/27/10 | | $178,239 |
| 9126 | | | | | ORLANDO | FL | 32819 | Repurchase | 08/06/08 | PU | SH | Condo | 09/11/08 | 05/13/10 | | $271,455 |
| 6577 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 11/19/08 | PU | SH | Condo | 12/11/08 | 06/08/10 | | $207,500 |
| 9588 | | | | | ANTELOPE | CA | 95843 | Repurchase | 12/23/08 | PU | SH | Condo | 02/12/09 | 06/09/10 | | $178,000 |
| 7235 | | | | | PHOENIX | AZ | 85048 | Third party sale | 07/08/09 | PU | SH | Condo | 07/30/09 | 07/08/10 | | $232,800 |
| 7922 | | | | | ANTELOPE | CA | 95843 | Repurchase | 09/05/08 | PU | SH | Condo | 09/24/08 | 07/21/10 | | $180,000 |
| 3450 | | | | | PHOENIX | AZ | 85048 | Third party sale | 06/19/09 | PU | SH | Condo | 07/13/09 | 07/27/10 | | $219,750 |
| 0733 | | | | | PHOENIX | AZ | 85048 | Third party sale | 01/05/09 | PU | SH | Condo | 02/12/09 | 08/17/10 | | $188,000 |
| 9625 | | | | | ANTELOPE | CA | 95843 | Repurchase | 08/13/08 | PU | SH | Condo | 09/08/08 | 08/23/10 | | $180,000 |
| 3749 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 10/29/08 | PU | SH | Condo | 12/11/08 | 09/10/10 | | $199,726 |
| 6237 | | | | | ORLANDO | FL | 32835 | REO Sale Closed | 06/30/08 | PU | IN | Condo | 08/13/08 | 09/18/10 | | $253,627 |
| 4157 | | | | | ANTELOPE | CA | 95843 | Repurchase | 02/04/09 | PU | SH | Condo | 03/12/09 | 09/24/10 | | $188,000 |
| 8506 | | | | | KISSIMMEE | FL | 34758 | Repurchase | 01/02/08 | PU | SH | PUD | 02/12/08 | 10/20/10 | | $256,500 |
| 0532 | | | | | ORLANDO | FL | 32835 | Repurchase | 10/31/08 | PU | SH | Condo | 12/11/08 | 11/17/10 | | $256,099 |
| 5534 | | | | | TUCSON | AZ | 85750 | REO Sale Closed | 05/29/09 | PU | SH | Condo | 06/30/09 | 12/10/10 | | $178,792 |
| 5456 | | | | | PHOENIX | AZ | 85048 | Repurchase | 11/25/08 | PU | SH | Condo | 12/29/08 | 01/12/11 | | $201,520 |
| 3373 | | | | | ANTELOPE | CA | 95843 | REO Sale Closed | 09/04/08 | PU | IN | Condo | 10/14/08 | 01/18/11 | | $149,250 |
| 8838 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 01/16/09 | PU | SH | Condo | 02/05/09 | 02/26/11 | | $207,920 |
| 7013 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 12/24/08 | PU | SH | Condo | 01/13/09 | 04/09/11 | | $212,720 |
| 1152 | | | | | ANTELOPE | CA | 95843 | REO Sale Closed | 09/02/08 | PU | SH | Condo | 10/14/08 | 04/18/11 | | $152,200 |
| 9893 | | | | | TUCSON | AZ | 85750 | REO Sale Closed | 07/14/09 | PU | SH | Condo | 05/24/10 | 07/22/11 | | $182,416 |
| 7472 | | | | | TUCSON | AZ | 85750 | REO Sale Closed | 05/20/09 | PU | SH | Condo | 06/30/09 | 07/27/11 | | $157,592 |
| 1156 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 02/19/09 | PU | SH | Condo | 03/12/09 | 08/02/11 | | $188,000 |

&R

**Master Spreadsheet**

| Loan # | # | Borrower Name | Street | Unit | City | | Zip | Loan Status | Dt Orig | Pur-pose | Occu-pancy | Prop Type | Dt Fund | Dt Payf | UPB | UPB at Purchase |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7056 | | | | | PHOENIX | AZ | 85048 | REO Sale Closed | 01/27/09 | PU | SH | Condo | 02/11/09 | 10/28/11 | | $197,520 |
| 4751 | | | | | ORLANDO | FL | 32835 | REO Sale Closed | 06/26/08 | PU | SH | Condo | 08/13/08 | 04/09/12 | | $293,494 |
| 8251 | | | | | TUCSON | AZ | 85750 | REO Sale Closed | 08/10/09 | PU | SH | Condo | 08/31/09 | 05/11/12 | | $177,750 |
| 8684 | | | | | KISSIMMEE | FL | 34758 | REO Sale Closed | 12/28/07 | PU | OO | PUD | 02/12/08 | 09/28/12 | | $256,290 |
| 0426 | | | | | ORLANDO | FL | 32835 | REO Sale Closed | 08/13/08 | PU | IN | Condo | 09/11/08 | 12/26/12 | | $235,500 |
| 9819 | | | | | PHOENIX | AZ | 85048 | Performing | 04/05/07 | PU | SH | Condo | 06/01/07 | | $269,744.93 | $294,320 |
| 2951 | | | | | PHOENIX | AZ | 85048 | Performing | 04/05/07 | PU | SH | Condo | 05/30/07 | | $270,364.71 | $271,200 |
| 2340 | | | | | ORLANDO | FL | 32819 | Real Estate owned | 07/24/08 | PU | SH | Condo | 09/02/08 | | $258,241.18 | $271,754 |

&R

Master Spreads

| Amt Appr | Current Credit Li | Rt | LTV | Seller # | Seller Family # | Seller Family Name | Svcr # | Svcr Name | Broker | Loan Officer | Appraiser | Appraisal Co. | Closing A | Property Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $340,000 | | 7.00% | 85% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | | | | | | |
| $385,000 | $196,939 | 7.38% | 70% | | | FIFTH THIRD BANK | | FIFTH THIRD BANK | FIFTH THIRD MORTGAGE CO | FIFTH THIRD BANK | ROBERTO BALDOR | PAUL MARTIN | APD ATLANTIC APPRAISAL SVCS | LAND AMERICA LAWYERS TITLE | ORLANDO WESTPOINTE |
| $384,000 | | 7.12% | 80% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | HOME 1ST LENDING | JABIR NAJAIR | TERRANCE FINNOLL | APPRAISAL PROFESSIONAL OF CENTRAL FLORIDA | ESCROWQUICK | ORLANDO WESTPOINTE |
| $223,000 | | 6.50% | 80% | | | JPMORGAN CHASE BANK, N.A. | | JPMORGAN CHASE BANK | CHARLES ROBBINS | DENNIS SPRURLING | SPURLING AND ASSOC | ESCROW QUICK | NORTH HIGHLANDS APARTMENTS |  |
| $363,000 | | 7.25% | 75% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | CITI MORTGAGE | HOME1ST LENDING LLC | JAHIR NAJAIR | JANICE NICHOLS | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA | SOUTHERN TITLE AND ABSTRACT | PULTE HOME CORP |
| $279,000 | -$916 | 6.62% | 75% | | | HSBC BANK USA, N.A. | | HSBC BANK USA, N.A. | HSBC MORTGAGE CORP | MELINDA KNIGHT | CAROL O CONNOR | CAROL O CONNER AND ASSOCS INC | ESCROWQUICK INC | FOOTHILL HOLDINGS II |
| $225,000 | | 5.75% | 80% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK | MIKE NOURALISHAHI | ADVALOREM APPRAISAL | ESCROWQUICK | N HIGHLANDS APARTMENT |
| $291,000 | $0 | 5.38% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | BANK OF AMERICA | NANCY BIRGE-JACOBS | B DREW MEYER | FORSYTHE APPRIASALS LLC | FORSYTHE APPRAISALS LLC | ESCROW QUICK INC | FOOTHILL HOLDINGS II |
| $245,000 | $25 | 6.38% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | GREENLIGHT FINANCIAL SERVICES | HOLLY BRAND | GEORGE EDWARDS | LENDERSAID | ESCROW QUICK INC | NORTH HIGHLANDS APARTMENTS |
| $293,000 | $0 | 5.38% | 75% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | WELLS FARGO BANK | BETH WEXLER | ROBERT HARTMAN | RELS VALUATION | ESCROW QUICK INC | FOOTHILL HOLDINGS II |
| $235,000 | $0 | 5.75% | 80% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | WELLS FARGO BANK | CLAY WAYNE | DON KOEHLER | RELS VALUATION | ESCROWQUICK INC | POTOFINO RESIDENCES LLC |
| $225,000 | | 6.25% | 80% | | | GMAC MORTGAGE, LLC | | ALLY BANK | GMAC MORTGAGE | DAYNA RITCHIE | RYAN LAMB | GMAC DBA DITECH.COM | ESCROW QUICK INC | NORTH HIGHLANDS APT |
| $250,000 | $58,322 | 6.12% | 80% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK | GRAHAM LOUCKS | TODD HAVENS | SAFE HAVEN APPRIASALS LLC | ESCROW QUICK INC | FOOTHILL HOLDINGS II |  |
| $323,000 | $229,599 | 6.88% | 80% | | | JPMORGAN CHASE BANK, N.A. | | WASHINGTON MUTUAL BANK | CYNTHIA BALLARD | FRED SALVA JR | NEXT GENERATION APPRAISERS LLC | VELOCITY ESCROW INC | ORLANDO WESTPOINT LLC |  |
| $235,000 | $255 | 7.00% | 80% | | | JPMORGAN CHASE BANK, N.A. | | JPMORGAN CHASE BANK | MICHAEL APPLEGATE | ROBERT SCHILLER | SCOTT BURTON | BURTON AND CO | | |
| $285,000 | | 6.50% | 90% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | CITIMORTGAGE INC | CAPITAL DIRECT LENDING CORP | MICHAEL HULBERT | EDUARDO FALLS | L MARKS JR | L H MARKS REAL ESTATE AND APPRAISAL SVCS | FIRST AMERICAN TITLE INSURANCE CO | INTERVEST CONSTRUCTION OF ORLANDO INC |
| $321,000 | | 6.75% | 80% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | JUST MORTGAGE INC | HOME FIRST LENDING | JABIR NAJAIR | TERRANCE FINNOLL | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA INC | ESCROWQUICK | ORLANDO WESTPOINTE |
| $224,000 | $1,143 | 6.00% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | MELINDA KNIGHT | ANTHONY COLICA | STARK APPRAISAL SVS | | VENTANA 20/20 LP |
| $251,900 | | 6.88% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | BANK OF AMERICA | ALAN A NISEN | WILLIAM TURPIN | WILLIAM TURPIN | ESCROW QUICK INC | FOOTHILL HOLDINGS |
| $200,000 | $1,083 | 7.75% | 75% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | WELLS FARGO BANK | MARIO BALDOR | JULLE SHELLEY | RELS VALUATION | ESCROWQUICK INC | NORTH HIGHLANDS APARTMENTS |
| $260,000 | $4,157 | 5.88% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | GINA ABERNATHY | ARA MCREYNOLDS | ARA LYNN MCREYNOLDS | A ONE APPRAISAL SVS | | PORTOFINO RESIDENCES |
| $266,000 | -$2,051 | 6.75% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | COUNTRYWIDE BANK | TRACIE SCHMIDT | TIMOTHY HUBBARD | HUBBARD AND ASSOC APPRAISAL INC | HUBBARD AND ASSOC APPRAISAL INC | ESCROWQUICK INC | PORTOFINO RESIDENCES |
| $203,000 | -$1,612 | 6.88% | 75% | | | HSBC BANK USA, N.A. | | HSBC BANK USA, N.A. | HXBC MORTGAGE CORP | MELINDA KNIGHT | JOHN KRUGGER | ADRE INC | | NORTH HIGHLANDS APARTMENTS |
| $230,000 | -$2,568 | 5.88% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | RICHARD BASSETT | MICHAEL LEBSACK | LEBSACK APPRAISAL | ESCROWQUICK INC | |
| $197,000 | -$953 | 5.88% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | JUAN RYAN | KEVIN FIELDING | ARIZONA REAL PROPERTY APPRAISAL, LLC | ESCROW QUICK, INC. | |
| $235,000 | $60 | 5.75% | 80% | | | WELLS FARGO BANK, N.A. | | WELLS FARGO BANK, N.A. | | CLAY WAYNE | DON KOEHLER | RELS VALUATION | RELS VALUATION | ESCROWQUICK INC | PORTOFINO RESIDENCES LLC |

&R

Master Spreadsheet

| Amt Appr | Curr Credit L | Rt | LTV | Seller # | Seller Family # | Seller Family Name | Svcr # | Svcr Name | Broker | Loan Officer | Appraiser | Appraisal Co. | Closing A | Property Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $254,000 | $3,515 | 5.75% | 80% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | ROBYN TRINCI | TIMOTHY HUBBARD | HUBBARD AND ASSOCIATES | | PORTOFINO RESIDENCES LLC |
| $345,600 | $247,075 | 6.50% | 85% | | | JPMORGAN CHASE BANK, N.A. | | JPMORGAN CHASE BANK, N.A. | WASHINGTON MUTUAL BANK | CYNTHIA BALLARD | EDWIN CONRAD | EDWIN E CONRAD APPRAISERS | VELLOCITY ESCROW | ORLANDO WESTPOINT |
| $237,000 | $65,311 | 5.38% | 75% | | | BANK OF AMERICA, N.A. | | BANK OF AMERICA, N.A. | | MICHAEL ROSE | JAMES NOWAK II | OLD PUEBLO APPRAISAL GROUP LLC | ESCROWQUICK INC | VENTANA 20 20 LP |
| $285,000 | $6,221 | 7.00% | 90% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | CAPITAL DIRECT LENDING | MICHAEL HULBERT | | | FIRST AMERICAN TITLE INSURANCE CO | INTERVEST CONSTRUCTION OF ORLANDO INC |
| $326,000 | $6,639 | 7.38% | 75% | | | CITIMORTGAGE, INC. | | CITIMORTGAGE, INC. | HOME FIRST LENDING | CITIMORTGAGE INC | JASIR NAJAIR | TERRANCE FINNELL | APPRAISAL PROFESSIONALS OF CENTRAL FLORIDA | ESCROWQUICK | ESCROWQUICK | ORLANDO WESTPOINTE |
| $367,900 | | 5.62% | 80% | | | GMAC MORTGAGE, LLC | | OCWEN LOAN SERVICING, LLC | | | | | | |
| $340,000 | | 5.62% | 80% | | | ONEWEST BANK N A | | OCWEN LOAN SERVICING, LLC | | | | | | |
| $340,000 | $55,970 | 6.50% | 80% | | | GMAC MORTGAGE, LLC | | OCWEN LOAN SERVICING, LLC | GMAC MORTGAGE LLC/DITECH | PATTI FUKUSHIMA | TAMMI GEORGE | DANNY DULGAR | DANNY L DULGAR INC | ESCROWQUICK INC | PULTE HOME CORP |

&R

# 6.   Fannie Mae

## Campbell, Heather  (LA) (FBI)

**From:**          Harbin, James [James.Harbin@fhfaoig.gov]
**nt:**            Tuesday, April 28, 2015 1:23 PM
                   Campbell, Heather  (LA) (FBI); Quinn, Kerry L. (USACAC)
**Subject:**       FW: Updated loss figures in the Ali Khatib, et. al matter (CE13-00103)
**Attachments:**   13-0556_FM Response.xls; ATT00001.txt

Fannie losses

**From:** FHFAOIG Investigations [mailto:fhfaoig_investigations@fanniemae.com]
**Sent:** Tuesday, April 28, 2015 12:42 PM
**To:** Harbin, James
**Cc:** FHFAOIG_Investigations_FNMA
**Subject:** RE: Updated loss figures in the Ali Khatib, et. al matter (CE13-00103)

Jim,

This is in response to your follow up request from April 17, 2015. Attached to this email is an updated loss statement.

Let us know if you have any further questions. Please note that these documents are Confidential Commercial Information and Fannie Mae requests Confidential Treatment and FOIA Exemption. Fannie Mae considers this inquiry closed.

Thanks,

Sean

Sean Cunningham
Regulatory Affairs
Fannie Mae

www.fanniemae.com/progress



This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, delete the message and contact the sender.

**From:** Harbin, James [mailto:James.Harbin@fhfaoig.gov]
**Sent:** Friday, April 17, 2015 5:16 PM
**To:** FHFAOIG Investigations
**Subject:** Updated loss figures in the Ali Khatib, et. al matter

Please provide the updated loss figures referenced in the above attachments.

Fra̶͟   s

| LoanNo | Referral # | Street Address | City | State | Zip | Servicer Number |
|--------|-----------|----------------|------|-------|-----|-----------------|
| 3189 | 13-0556 | | FORT MYERS | FL | 33908 | |
| 4987 | 13-0556 | | ANTELOPE | CA | 95843 | |
| 6101 | 13-0556 | ✓ | ANTELOPE | CA | 95843 | |
| 9244 | 13-0556 | | ANTELOPE | CA | 95843 | |
| 3107 | 13-0556 | ✓ | ANTELOPE | CA | 95843 | |
| 2795 | 13-0556 | ✓ | ANTELOPE | CA | 95843 | |
| 4916 | 13-0556 | ✓ | ANTELOPE | CA | 95843 | |
| 0687 | 13-0556 | | TUCSON | AZ | 85750 | |
| 3880 | 13-0556 | | TUCSON | AZ | 85750 | |
| 4312 | 13-0556 | | TUCSON | AZ | 85750 | |
| 5179 | 13-0556 | | TUCSON | AZ | 85750 | |
| 3028 | 13-0556 | | TUCSON | AZ | 85750 | |
| 3220 | 13-0556 | | TUCSON | AZ | 85750 | |
| 4345 | 13-0556 | | TUCSON | AZ | 85750 | |
| 8347 | 13-0556 | | TUCSON | AZ | 85750 | |
| 9342 | 13-0556 | | TUCSON | AZ | 85750 | |
| 3470 | 13-0556 | | KISSIMMEE | FL | 34758 | |
| 8542 | 13-0556 | | KISSIMMEE | FL | 34758 | |
| 8558 | 13-0556 | | KISSIMMEE | FL | 34758 | |

\* A negative amount indicates a gain, i.e. no loss to Fannie Mae.
\*\* The economic loss or gain to Fannie Mae may be subject to change.

**Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested**

**IF THIS MATTER RESULTS IN AN ORDER OF RESTITUTION TO FANNIE MAE, PLEASE
ENSURE THAT THE CHECKS OR PAYMENTS ARE MADE PAYABLE TO:**
 **Fannie Mae (include Referral # provided on the spreadsheet).**
**PAYMENTS SHOULD BE SENT TO:  Fannie Mae, Attn: Accounts Receivable,**
 **14221 Dallas Parkway, Suite 100, Dallas TX 75254**

Fra( s

| Servicer Name | Origination Date | Aquisition Date | Loan Status | Foreclosure Date | Sold Date |
|---|---|---|---|---|---|
| WELLS FARGO BANK, N.A. | 7/18/2008 | 8/1/2008 | REO Disposed | 4/8/2010 | 7/5/2011 |
| WELLS FARGO BANK, N.A. | 8/17/2008 | 10/1/2008 | REO Disposed | 2/1/2011 | 6/9/2011 |
| BANK OF AMERICA, N.A. | 1/15/2009 | 2/1/2009 | REO Disposed | 6/15/2010 | 3/10/2011 |
| GUARANTY BANK F.S.B. | 2/15/2009 | 3/1/2009 | Other Liquidated - Non Disposed | 7/15/2010 | |
| HSBC BANK USA, NATIONAL ASSO | 3/17/2009 | 4/1/2009 | REO Disposed | 6/10/2010 | 9/5/2012 |
| HSBC BANK USA, NATIONAL ASSO | 1/15/2009 | 2/1/2009 | Preforeclosure Sale | | |
| JP MORGAN CHASE BANK, NA | 1/15/2009 | 3/1/2009 | Preforeclosure Sale | | |
| HSBC BANK USA, NATIONAL ASSO | 4/17/2009 | 5/1/2009 | REO Disposed | 2/16/2011 | 6/14/2011 |
| HSBC BANK USA, NATIONAL ASSO | 4/17/2009 | 5/1/2009 | Other Liquidated - Non Disposed | 7/29/2010 | |
| BANK OF AMERICA, N.A. | 6/17/2009 | 7/1/2009 | REO Disposed | 1/28/2011 | 5/27/2011 |
| BANK OF AMERICA, N.A. | 6/17/2009 | 7/1/2009 | REO Disposed | 5/10/2011 | 2/15/2013 |
| BANK OF AMERICA, N.A. | 7/18/2009 | 8/1/2009 | REO Disposed | 7/27/2010 | 1/19/2011 |
| BANK OF AMERICA, N.A. | 5/17/2009 | 8/1/2009 | REO Disposed | 4/29/2011 | 7/5/2011 |
| HSBC BANK USA, NATIONAL ASSO | 7/18/2009 | 9/1/2009 | REO Disposed | 2/9/2011 | 8/4/2011 |
| BANK OF AMERICA, N.A. | 7/18/2009 | 9/23/2009 | REO Disposed | 2/8/2011 | 5/6/2011 |
| BANK OF AMERICA, N.A. | 7/18/2009 | 9/23/2009 | REO Disposed | 8/12/2010 | 3/23/2012 |
| NATIONSTAR MORTGAGE, LLC | 1/16/2008 | 2/1/2008 | Other Liquidated - Non Disposed | 5/26/2010 | |
| WELLS FARGO BANK, N.A. | 4/17/2008 | 6/1/2008 | REO Disposed | 11/3/2010 | 1/19/2011 |
| WELLS FARGO BANK, N.A. | 4/17/2008 | 6/1/2008 | REO Disposed | 5/20/2010 | 8/24/2010 |

| Sales Price | UPB | Delinquent Interest | Disbursement Total | Sales Proceeds | MI Proceeds | Other Proceeds | Receipt Total |
|---|---|---|---|---|---|---|---|
| 110600 | 282,799.86 | 19,052.73 | 11,652.76 | $96,888.28 | $38,152.79 | $190,864.83 | 325,905.90 |
| 85000 | 178,080.33 | 16,585.82 | 10,456.52 | $74,860.49 | $0.00 | $133,189.00 | 208,049.49 |
| 65000 | 186,710.80 | 9,189.29 | 13,654.51 | $58,522.30 | $0.00 | $174,264.57 | 232,786.87 |
|  | 186,785.33 | 9,165.92 | 7,427.10 | $0.00 | $0.00 | $215,824.78 | 215,824.78 |
| 76500 | 186,630.42 | 5,948.49 | 18,892.29 | $70,035.36 | $0.00 | $156,663.34 | 226,698.70 |
|  | 170,469.41 | 3,187.74 | 4,895.79 | $51,939.42 | $0.00 | $126,613.52 | 178,552.94 |
|  | 182,782.59 | 3,764.05 | 6,793.21 | $56,918.52 | $0.00 | $140,641.08 | 197,559.60 |
| 107000 | 168,931.03 | 6,584.13 | 7,202.14 | $97,836.76 | $0.00 | $0.00 | 97,836.76 |
|  | 146,629.71 | 5,401.33 | 7,713.10 | $0.00 | $0.00 | $166,121.01 | 166,121.01 |
| 109000 | 177,409.87 | 9,502.21 | 10,000.44 | $99,071.00 | $0.00 | $102,998.99 | 202,069.99 |
| 117500 | 176,026.66 | 6,570.19 | 16,215.31 | $108,223.50 | $0.00 | $100,422.39 | 208,645.89 |
| 122500 | 170,797.14 | 6,523.96 | 6,142.93 | $111,937.53 | $0.00 | $75,366.26 | 187,303.79 |
| 119000 | 176,327.66 | 8,174.30 | 6,290.31 | $109,306.53 | $0.00 | $87,365.72 | 196,672.25 |
| 107000 | 165,423.75 | 6,072.91 | 6,221.75 | $94,441.35 | $0.00 | $87,749.45 | 182,190.80 |
| 115150 | 177,696.11 | 11,384.90 | 8,819.85 | $105,859.43 | $0.00 | $95,962.13 | 201,821.56 |
| 102500 | 158,324.23 | 7,085.69 | 10,252.52 | $89,491.87 | $0.00 | $97,982.64 | 187,474.51 |
| 0 | 253,741.35 | 21,084.04 | 15,565.03 | $0.00 | $71,077.01 | $231,386.38 | 302,463.39 |
| 60000 | 227,803.69 | 35,366.69 | 16,605.38 | $50,795.33 | $0.00 | $236,842.30 | 287,637.63 |
| 63000 | 226,081.26 | 18,115.19 | 10,618.71 | $52,956.20 | $0.00 | $0.00 | 52,956.20 |

① — ② = Loss not including interest & addn'l disbursement

168,931.03 - 97,836.76 = 71,094.27

226,081.26 - 52,956.20 = 173,125.06

Page 3

Fra̶̶̶s

**Economic Loss/Gain***

| Amount as of 4/24/2015 ** | Review Status |
|---:|---|
| -$12,400.55 | Closed as Makewhole |
| -$2,926.82 | Closed as Makewhole |
| -$23,232.27 | Closed as Makewhole |
| -$12,446.43 | Closed as Repurchase |
| -$15,227.50 | Closed as Makewhole |
| $0.00 | Closed as Makewhole |
| -$4,219.75 | Closed as Makewhole |
| $84,880.54 | Reviewed - No Action |
| -$6,376.87 | Closed as Repurchase |
| -$5,157.47 | Closed as Makewhole |
| -$9,833.73 | Closed as Makewhole |
| -$3,839.76 | Closed as Makewhole |
| -$5,879.98 | Closed as Makewhole |
| -$4,472.39 | Closed as Makewhole |
| -$3,920.70 | Closed as Makewhole |
| -$11,812.07 | Closed as Makewhole |
| -$12,072.97 | Closed as Repurchase |
| -$7,861.87 | Closed as Makewhole |
| $201,858.96 | Reviewed - No Action |

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **Sent:** | Tuesday, June 30, 2015 12:42 PM |
| **To:** | Campbell, Heather  (LA) (FBI) |
| **Subject:** | FW: Loss figure update (CE13-00103) |
| **Attachments:** | SecureZIP Attachments.zip; ATT00001.txt |

**From:** Cunningham, Sean [mailto:sean_cunningham@fanniemae.com]
**Sent:** Tuesday, June 30, 2015 12:04 PM
**To:** Harbin, James
**Cc:** Stewart, Nadia; FHFAOIG_Investigations_FNMA
**Subject:** FW: Loss figure update (CE13-00103)

James,

This is in response to your follow up request from June 9, 2015.  Attached to this email is a loan details file and a respective loss statement file.  We have matched the servicer loan numbers and borrowers from the information provided in the "Fannie Losses" email.

Please note that GMAC loan #██████8227 and borrower ██████████s for 7380 Westpointe Blvd., 3.

We did not have any matches for 16013 S. Desert Foothills Parkway, ████0, Phoenix, AZ.

Let us know if you have any further questions. Please note that these documents are Confidential Commercial Information and Fannie Mae requests Confidential Treatment and FOIA Exemption. Fannie Mae considers this inquiry closed.

Thanks,

Sean

Sean Cunningham
Regulatory Affairs
Fannie Mae
████████████

www.fanniemae.com/progress



This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, delete the message and contact the sender.

**From:** Harbin, James [mailto:James.Harbin@fhfaoig.gov]
**Sent:** Tuesday, June 09, 2015 2:15 PM
**To:** FHFAOIG Investigations
**Subject:** Loss figure update



Fraud Loss

| LoanNo | Referral # | Street Address | City | State | Zip | Servicer Number |
|--------|-----------|----------------|------|-------|-----|-----------------|
| 350 | 13-0556 | | ORLANDO | FL | 32835_ | 248 440 |
| 674 | 13-0556 | | ORLANDO | FL | 32835_ | 254 406 |
| 979 | 13-0556 | | ANTELOPE | CA | 95843_ | 188000 |

\* A negative amount indicates a gain, i.e. no loss to Fannie Mae.
\*\* The economic loss or gain to Fannie Mae may be subject to change.

**Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested**

**IF THIS MATTER RESULTS IN AN ORDER OF RESTITUTION TO FANNIE MAE, PLEASE ENSURE THAT TH
PAYMENTS SHOULD BE SENT TO:  Fannie Mae, Attn: Accounts Receivable, 14221 Dallas Parkway, Suite**

Fraud Loss

| Servicer Name | Origination Date | Aquisition Date | Loan Status | Foreclosure Date |
|---|---|---|---|---|
| GMAC MORTGAGE, LLC | 7/18/2008 | 8/1/2008 | REO Disposed | 5/25/2010 |
| GMAC MORTGAGE, LLC | 7/18/2008 | 8/1/2008 | REO Disposed | 5/17/2010 |
| ALLY BANK | 2/15/2009 | 3/1/2009 | REO Disposed | 3/31/2011 |

**E CHECKS OR PAYMENTS ARE MADE PAYABLE TO:  Fannie Mae (include Referral # provided (
100, Dallas TX 75254**

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

Fraud Loss

| Sold Date | Sales Price | UPB | Delinquent Interest | Disbursement Total | Sales Proceeds |
|-----------|-------------|-----|---------------------|--------------------|----------------|
| 4/6/2011 | 83000 | 248,776.13 | 23,639.48 | 10,969.11 | $58,363.13 |
| 6/17/2011 | 78100 | 252,019.43 | 14,589.06 | 28,995.17 | $70,341.53 |
| 7/19/2011 | 64000 | 186,534.55 | 14,202.66 | 5,647.49 | $55,910.26 |

① - ② = 165,776
③ - ④ = 173,919

on the spreadsheet).

Confidential Commercial Information – Confidential Treatment and FOIA Exemption Requested

Fraud Loss

| MI Proceeds | Other Proceeds | Receipt Total | Economic Loss/Gain* Amount as of 6/26/2015 ** |
|---|---|---|---|
| $0.00 | $0.00 | 58,363.13 | $225,021.59 |
| $0.00 | $180.00 | 70,521.53 | $225,082.13 |
| $0.00 | $156,972.66 | 212,882.92 | -$6,498.22 |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

Fraud Loss

**Review Status**
Closed as Repurchase
Closed as Repurchase
Closed as Makewhole

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested



**OFFICE OF INSPECTOR GENERAL**
**Federal Housing Finance Agency**
**400 Seventh Street SW, Washington DC  20024**
**Tel:  (202) 730-0880   Fax:  (202) 318-0239**

**April 17, 2015**

Case No. I-12-0092

Via Electronic Mail

Benjamin Bates
Director, Regulatory Affairs
Fannie Mae
3900 Wisconsin Ave. NW
Washington, DC 20015

(Delivered via email to Fhfa_investigations @fanniemae.com)

Director Bates:

The Federal Housing Finance Agency ("FHFA"), Office of Inspector General ("FHFA-OIG") has obtained three guilty verdicts by plea and two additional guilty verdicts after a three week trial in the above referenced matter.  The FHFAOIG has previously requested information concerning this scheme.  A copy of our prior request and a summary of the losses to Fannie Mae prepared based on the response you previously provided are attached.  This letter is a request for updated loss figures that the prosecutors will need at the time of sentencing.  This constitutes a demand for materials, under section 6(a)(1) of the Inspector General Act of 1978, 5 U.S.C. App. 3  §  6(a)(1), which authorizes FHFA-OIG to "access all records, reports, audits, reviews, documents, papers, recommendations, or other material available to" FHFA.  Since FHFA's duties as Fannie Mae's regulator and conservator require complete access to all materials which may bear upon Fannie Mae's safety and soundness, FHFA-OIG's right to access these materials is equally comprehensive.

The materials sought include any and all official records, copies of official records, memoranda, correspondence, correspondence logs, communications, electronic mail messages, telephone messages, telephone message logs, calendars, drafts, and any other data, documentation, and information, whether in paper form or stored on audiotape, videotape, floppy discs, or on computer, electronic, magnetic, or other media.  If the material is stored electronically, please provide the material in the same electronic form in which it is stored.  This demand applies to all such materials in Fannie Mae's possession, custody or control, regardless of where they are currently stored.  This demand includes all responsive documents and records maintained for Fannie Mae's benefit by any agent.

Please provide copies of these documents by May 29, 2015.  If you have any questions

Benjamin Bates
April 17, 2015
Page 2


regarding this matter, contact IC James Harbin at 202-417-5022.  Thank you for your attention to this matter.

Sincerely,


James Harbin
Investigative Counsel
Federal Housing Finance Agency-OIG



**OFFICE OF INSPECTOR GENERAL**
**Federal Housing Finance Agency**
**400 Seventh Street SW, Washington DC  20024**
**Tel: (202) 730-0880   Fax: (202) 318-0239**

**June 8, 2015**

Case No. I-12-0092

Via Electronic Mail

Benjamin Bates
Director, Regulatory Affairs
Fannie Mae
3900 Wisconsin Ave. NW
Washington, DC 20015

(Delivered via email to Fhfa_investigations @fanniemae.com)

Director Bates:

     The Federal Housing Finance Agency ("FHFA"), Office of Inspector General ("FHFA-OIG") has previously requested information in the above referenced matter.  A copy of our most recent request is attached.  This letter is a request for loss figures for four additional properties. The properties relate to loans GMAC/Ditech indicated were sold to Fannie Mae. Attached is a letter providing detailed information about these properties and loans. This constitutes a demand for materials, under section 6(a)(1) of the Inspector General Act of 1978, 5 U.S.C. App. 3 § 6(a)(1), which authorizes FHFA-OIG to "access all records, reports, audits, reviews, documents, papers, recommendations, or other material available to" FHFA.  Since FHFA's duties as Fannie Mae's regulator and conservator require complete access to all materials which may bear upon Fannie Mae's safety and soundness, FHFA-OIG's right to access these materials is equally comprehensive.

The materials sought include any and all official records, copies of official records, memoranda, correspondence, correspondence logs, communications, electronic mail messages, telephone messages, telephone message logs, calendars, drafts, and any other data, documentation, and information, whether in paper form or stored on audiotape, videotape, floppy discs, or on computer, electronic, magnetic, or other media.  If the material is stored electronically, please provide the material in the same electronic form in which it is stored.  This demand applies to all such materials in Fannie Mae's possession, custody or control, regardless of where they are currently stored.  This demand includes all responsive documents and records maintained for Fannie Mae's benefit by any agent.

Benjamin Bates
June 9, 2015
Page 2


      Please provide these loan loss summaries by June 30, 2015.  If you have any questions regarding this matter, contact IC James Harbin at 202-417-5022.  Thank you for your attention to this matter.

                                Sincerely,

                                  james.harbin   Digitally signed by
                                        james.harbin@fhfaoig.gov
                                  @fhfaoig.gov   DN:
                                          cn=james.harbin@fhfaoig.gov
                                          Date: 2015.06.09 11:07:41 -07'00'

                                James Harbin
                                  Investigative Counsel
                                  Federal Housing Finance Agency-OIG

**Harbin, James**

| | |
|---|---|
| **From:** | Campbell, Heather  (LA) (FBI) <Heather.Campbell@ic.fbi.gov> |
| **Sent:** | Thursday, June 4, 2015 2:38 PM |
| **To:** | Harbin, James |
| **Subject:** | re:  Fannie Mae |

Hey Jim,

The person I am working with from the bankruptcy trustee for GMAC/Ditech is telling me four of the GMAC/Ditech properties on my list were sold to Fannie.  These four properties do not appear on Fannie's loss list you provided me.  Can you check with Fannie Mae and determine whether or not Fannie Mae had a loss on any of these four loans?


7280 Westpointe Blvd █████ 8, Orlando, FL – buyer ██████████ GMAC/Ditech loan # ██████ 4801
7380/7300 Westpointe Boulevard ████ 6, Orlando, FL – buyer ██████████ - GMAC/Ditech loan # ████ 2270 (I suggest checking both addresses 7380 and 7300, I am not sure which one it is)
8434 Walerga Road ████ 2, Antelope, CA – buyer ██████████ - GMAC/Ditech loan # █████ 6044
16013 S. Desert Foothills PKWY # ████ 0, Phoenix, AZ – buyer ██████████ GMAC/Ditech loan # █████ 4182

Thanks for any assistance you can provide.

SA Heather Campbell
FBI Los Angeles - Long Beach RA
4811 Airport Plaza Drive #500
Long Beach, CA 90815

cell (562) 254-4001

1

## Campbell, Heather  (LA) (FBI)

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **nt:** | Friday, August 21, 2015 7:45 AM |
| | Campbell, Heather  (LA) (FBI) |
| **Subject:** | FW:  Document request (CE15-00198) |
| **Attachments:** | fannie update 07-28-15.pdf; Fannie update 07-28-15.xls; 11-1366.FM Response to FHFA_08 10 2015.xlsx; Loss Statement 11-1366_FM Response.xls; ATT00001.txt |

Loss figures

**From:** Cunningham, Sean [mailto:sean_cunningham@fanniemae.com]
**Sent:** Friday, August 21, 2015 6:27 AM
**To:** Harbin, James <James.Harbin@fhfaoig.gov>
**Cc:** FHFAOIG_Investigations_FNMA <fhfaoig_investigations@fanniemae.com>; Stewart, Nadia <Nadia.Stewart@fhfaoig.gov>
**Subject:** Re: Document request (CE15-00198)

Jim,

This is in response to your document demand from July 29, 2015. Attached to this email is a loan details file and loss statement based on the addresses and borrowers provided in the *"Fannie update"* file.

Let us know if you have any further questions. Please note that these documents are Confidential Commercial Information and Fannie Mae requests Confidential Treatment and FOIA Exemption. Fannie Mae considers this inquiry     sed.

Thanks,

Sean

Sean Cunningham
Regulatory Affairs
Fannie Mae

www.fanniemae.com/progress



This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, delete the message and contact the sender.

**From:** Harbin, James [mailto:James.Harbin@fhfaoig.gov]
**Sent:** Wednesday, July 29, 2015 12:40 PM
**To:** FHFAOIG Investigations
**Cc:** Stewart, Nadia
**bject:** [EXTERNAL] Document request

1



# OFFICE OF INSPECTOR GENERAL
### Federal Housing Finance Agency

400 7th Street, S.W., Washington DC 20024

| | |
|---|---|
| **DATE:** | July 28, 2015 |
| **TO:** | FNMA, Caroline Loomis, Director, Regulatory Affairs |
| **CASE NO.:** | I-12-0092 |
| **CASE CATEGORY:** | Origination |
| **FROM:** | James Harbin, Investigative Counsel |
| **SUBJECT:** | Demand for Document Production |

To Whom It May Concern:

The Federal Housing Finance Agency Office of Inspector General (FHFA-OIG) is conducting an investigation pertaining to the subject referenced above. This letter constitutes a demand for materials relevant to this inquiry, under section 6(a)(1) of the Inspector General Act of 1978, 5 U.S.C. App. 3 § 6(a)(1), which authorizes FHFA-OIG to "access all records, reports, audits, reviews, documents, papers, recommendations, or other material available to" FHFA. Since FHFA's duties as Fannie Mae's/Freddie Mac's regulator and conservator require complete access to all materials which may bear upon Fannie Mae's/Freddie Mac's safety and soundness, FHFA-OIG's right to access these materials is equally comprehensive.

FHFA-OIG requires access at this time to any and all materials in Fannie Mae's/Freddie Mac's possession, custody, or control that relate to the following.

## Synopsis

The Federal Housing Finance Agency ("FHFA"), Office of Inspector General ("FHFA-OIG") has obtained three guilty verdicts by plea and two additional guilty verdicts after a three week trial in the above referenced matter.  The FHFAOIG has previously requested information concerning this loan origination scheme.  Additional loss figures are being requested to assist the prosecution team in preparing for upcoming sentencing hearings.  Three additional properties for which we need loss figures are described in the attached excel spreadsheet.

## Production

Subject/Property 1:  na

Subject/Property 2:  na

*If more than two subjects/properties, an Excel spreadsheet is attached.*

OI Doc Demand

*Demand for Document Production* *Page 2*

1.  Provide any/all documents pertaining to:
    a. subject name, SSN, DOB
    b. company name, address
    c. address

2.  Provide a working Excel spreadsheet that identifies the loan level details to include, but not limited to:
    a. Fannie Mae/Freddie Mac loan number
    b. Address
    c. Borrower information, i.e., name, SSN, DOB
    d. Current UPB
    e. Acquisition UPB
    f. Origination date
    g. Disposition date, if applicable
    h. Loan status, i.e., liquidated – default, Active Current, repurchase, etc.
    i. Current servicer
    j. Selling institution
    k. Any industry professional(s), i.e., broker, appraiser, title agent/company, if the information is captured in Fannie Mae/Freddie Mac system

3.  Loss figures, if applicable.

4.  Please identify any and all loan files that Fannie Mae/Freddie Mac has in its possession that may be requested at a later date after review of the spreadsheet. NOTE: the files do not need to be immediately produced at this time if it will delay the production of the spreadsheet.

The materials sought include any and all official records, copies of official records, memoranda, correspondence, correspondence logs, communications, electronic mail messages, telephone messages, telephone message logs, calendars, drafts, and any other data, documentation, and information, whether in paper form or stored on audiotape, videotape, floppy discs, or on computer, electronic, magnetic, or other media. If the material is stored electronically, please provide the material in the same electronic form in which it is stored. This demand applies to all such materials in Fannie Mae's/Freddie Mac's possession, custody or control, regardless of where they are currently stored. This demand includes all responsive documents and records maintained for Fannie Mae's/Freddie Mac's benefit by any agent.

FHFA-OIG will accept certified U.S. mail, UPS, FedEx or electronic delivery of all materials indicated above on or before _August 21, 2015_____. If sent via mail, please mail to:

Agent Name:  James Harbin                    Phone:  202-417-5022

Address:  300 N. Los Angeles St. #2335       Email:  james.harbin@fhfaoig.gov
Los Angeles CA 90012

Digital Signature of FHFA-OIG Agent:

**james.harbin@f**          Digitally signed by
                            james.harbin@fhfaoig.gov
**hfaoig.gov**              DN: cn=james.harbin@fhfaoig.gov
                            Date: 2015.07.28 13:15:29 -07'00'

# PAYMENTS TO EXCEL INVESTMENTS ( EXCEL INVESTMENTS ASSOCI E BY

| ress | Unit | Buyer | L | Loan # |
|------|------|-------|---|--------|
| ██████████ | | ████████ | Indymac Bank | ██ 6829 |
| ██████████ | | ████████ | JP Morgan Chase | ██ 8708 |
| ██████████ | | ████████ | JP Morgan Chase | ██ 1220 |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| fnma_ln | alndlnno | ltv | combltv | orig_dte | aqsn_dt | liqd_dte | lpi_dte | fr_upb | fnma_upb | ORIG_AMT |
|---|---|---|---|---|---|---|---|---|---|---|
| 537 | | 90 | 90 | 16JAN2008:00:00:00 | 1-Feb-08 | 4-Sep-13 | 1-Feb-09 | 253831.09 | 256500 | 256500 |
| 729 | | 80 | 80 | 17MAR2009:00:00:00 | 1-Mar-09 | 31-Jan-11 | 1-Apr-10 | 185349.32 | 188000 | 188000 |
| 916 | | 80 | 80 | 15JAN2009:00:00:00 | 1-Mar-09 | 30-Sep-11 | 1-May-11 | 182782.59 | 187821.62 | 188000 |

| bor_num | brwr_frs_upcase | brwrmidi_upcase | brwr_lst_upcase | brwr_ssn | invr_nme_upcase | invr_emp_nme_upcase |
|---|---|---|---|---|---|---|
| 1 | ███ | | ███ | ███ | | |
| 1 | ███ | M | ███ | ███ | ███████ | WACHOVIA MORTGAGE  FSB |
| 1 | | | | | | |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| my_status_desc | casefile | sell_no | seller_nme | cservno |
|---|---|---|---|---|
| Liquidated--Default | ███3664 | 238250005 | FDIC  RECEIVER  INDYMAC FEDERAL BANK FSB | |
| Liquidated--Default | ███8420 | 132350000 | JPMORGAN CHASE BANK  NATIONAL ASSOCIATION | |
| Liquidated--Default | ███5742 | 132350000 | JPMORGAN CHASE BANK  NATIONAL ASSOCIATION | |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| servicer_nme | occ_stat | refi_flg | prch_amt | appr_amt | address2 | city2 | state2 |
|---|---|---|---|---|---|---|---|
| ONEWEST BANK  NATIONAL ASSOCIATION | 2 | N | 285000 | 285000 | ███████ | KISSIMMEE | FL |
| JP MORGAN CHASE BANK  NA | 2 | N | 235000 | 235000 | ███████ | ANTELOPE | CA |
| JP MORGAN CHASE BANK  NA | 2 | N | 235000 | 235000 | ███████ | ANTELOPE | CA |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| zip2 | no_units | case_smss_inst_usr_id | gnlsamt | agnlsamt | tpo_code | p_alta | SFC1 | SFC2 | SFC3 | SFC4 | SFC5 | SFC6 | SFC7 |
|------|----------|------------------------|---------|----------|----------|--------|------|------|------|------|------|------|------|
| 34758_ | 1 | | 293236.35 | 224690 | | | | | | | | | |
| 95843_ | 1 | | 0 | 0 | | | | | | | | | |
| 95843_ | 1 | | | | | | | | | | | | |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| Sales Price | UPB | Delinquent Interest | Disbursement Total | Sales Proceeds | MI Proceeds | Other Proceeds | Receipt Total | Economic Loss/Gain* Amount as of 8/19/2015 ** | Review Status | MI Company Name |
|---|---|---|---|---|---|---|---|---|---|---|
| 85000 | 253,831.09 | 75,106.17 | 29,038.01 | $77,162.49 | $0.00 | $517.00 | 77,679.49 | $280,295.78 | Reviewed - No Action | REPUBLIC MORTGAGE INSURANCE COMPANY |
| | 182,782.59 | 3,764.05 | 6,793.21 | $56,918.52 | $0.00 | $140,641.08 | 197,559.60 | -$4,219.75 | Closed as Makewhole | |
| 47071 | 185,349.32 | 8,120.26 | 8,706.32 | $46,483.30 | $0.00 | $161,016.00 | 207,499.30 | -$5,323.40 | Closed as Makewhole | |



① - ② = 253,831

< 77,679?

176,152   principal only
portion

HC
9/27/15

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

ATT00001

----
This message was transmitted from Fannie Mae to you in a secure, encrypted manner.
If replying to or forwarding this message, it is your responsibility to ensure this
message and content is properly protected.

| LoanNo | Referral # | Street Address | City | State | Zip | Servicer Number | Servicer Name | Origination Date | Aquisition Date | Loan Status | Foreclosure Date | Sold Date |
|--------|-----------|----------------|------|-------|-----|-----------------|---------------|------------------|-----------------|-------------|------------------|-----------|
| 537 | 11-1366 | | KISSIMMEE | FL | 34758 | 269300019 | | 1/16/2008 | 2/1/2008 | REO Disposed | 9/10/2013 | 7/16/2014 3 |
| 916 | 11-1366 | | ANTELOPE | CA | 95843 | 131230079 | | 1/15/2009 | 3/1/2009 | Preforeclosure Sale | | |
| 729 | 11-1366 | | ANTELOPE | CA | 95843 | 131230079 | | 3/17/2009 | 3/1/2009 | REO Disposed | 2/1/2011 | 5/26/2011 |

\* A negative amount indicates a gain, i.e. no loss to Fannie Mae.
\*\* The economic loss or gain to Fannie Mae may be subject to change.

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

IF THIS MATTER RESULTS IN AN ORDER OF RESTITUTION TO FANNIE MAE, PLEASE ENSURE THAT THE CHECKS OR PAYMENTS ARE MADE PAYABLE TO:  Fannie Mae (include Referral # provided on the spreadsheet).
PAYMENTS SHOULD BE SENT TO:  Fannie Mae, Attn: Accounts Receivable, 14221 Dallas Parkway, Suite 100, Dallas TX 75254

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

# 7.    Guaranty Bank

# GuarantyBank

July 13, 2015

RE:  US v Momoud Aref Abaji

Dear SA Heather Campbell:

In accordance with your request, I have included some detail to show any losses Guaranty Bank has incurred in relation to the above matter.

I could find no detail or records for the ▇▇▇▇▇▇ loan, but did note that one loan remains on our loan system of record as an unsecured charge off, while the other is no longer on the system but does have a loss record associated with it.

That is all enclosed.

Best regards,

David M. Roberts
AVP
david.roberts@gbmail.com

7/16/15
AZ

P.O. Box 245014 • Milwaukee, WI. 53224-9514 • 1-866-729-0295 • 1-866-657-6664 FAX
www.guarantyloansonline.com



| Loan / Name | Unpaid Principal | Interest | Escrow Advance | Fees | Late Charges |
|---|---|---|---|---|---|
| 3346 / ■■■■■ | 156084.79 | 0 | 0 | 0 | 0 |
| 6612 / ■■■ | (i) 119458.92 | 43175.88 | 838.11 | 40 | 177.24 |
| 0014 / ■■■ | unknown | Unknown | Unknown | Unknown | Unknown |

①  Per conversation with Guaranty Bank, David Roberts, on 7/17/15, this property was resold in house & this unpaid principal balance is net of the sales proceeds from the resale.

　　　　　　　　　　　　　　#C 7/7/16



**U.S. Department of Justice**

Federal Bureau of Investigation

*Los Angeles Field Office – Long Beach RA*

---

4811 Airport Plaza Drive, Suite 500
Long Beach, California 90815

To:     Guaranty Bank
        Legal Process
        4000 W. Brown Deer Road
        Milwaukee, WI 53209

Date:   July 1, 2015

Re:     **US vs. Momoud Aref Abaji, et al : Loss Calculation**

To Whom it May Concern,

The Federal Bureau of Investigation (FBI) has an ongoing criminal case in which two defendants were recently convicted of various mortgage fraud violations. The FBI is now in the process of assembling loss calculations regarding the case. Attached is a list of properties/mortgages associated with the case which either were, or are currently held by Guaranty Bank and/or Shelter Mortgage. The FBI would like Guaranty Bank to provide the FBI with loss calculations, if any, for these properties/mortgages. If possible, please provide a list of losses, by property, and category, such as principal, interest, foreclosure costs, and legal fees. In addition, if a third party such as Fannie Mae or Freddie Mac reimbursed Guaranty Bank or Shelter Mortgage for the loss, or reimbursed Guaranty Bank or Shelter Mortgage, and then required Guaranty Bank or Shelter Mortgage to buy back the loan, please provide this detail.

Please direct a response to this request to:

FBI
Attn: SA Heather Campbell
4811 Airport Plaza Drive #500
Long Beach, CA 90815

In addition, please direct any questions you may have regarding this matter to Special Agent Campbell at telephone number (562) 254-4001. Thank you very much for your attention to this matter.

Sincerely,
David L. Bowdich
Assistant Director in Charge

By: Michelle Dokter
    Supervisory Special Agent

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender |
|---|---|---|---|---|---|---|
| . Bridgefield | 8434 Walerga Rd Antelope, CA | | 2/13/2009 | ███████ | $188,000 | Shelter Mortgage |
| . Monaco | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | | 5/21/2009 | | $199,250 | Shelter Mortgage |
| . Monaco | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | | 6/10/2009 | | $191,920 | Shelter Mortgage |

6612

0014
Inv
2013

3346
Inv-2013

Jul 06 2015 2:14PM   GURANTY BANK

4142906146

P.2

## 3270 Explorer: Delinquency 1 - Primary Collection (DLQ1/COM2)

### 907 - G U A R A N T Y   B A N K

Loan Number ▌█████6612                              Borrower Name: ████████████████

```
DLQ1 ████6612     ____  Q1  D E L I N Q U E N C Y  OWNR     07/10/15  14:37:26
13   CONV. RES.         PER/CLS/OFF  0/CO/00 AGE:  6Y  1M IR:  6.25000 INV: 980
DUE( 69)     92,384.61  DUE 11/01/09( 3)(00/00)  ASSUM:        ACQ:
LATE CHRG      177.24  PAYMT    @   1,310.69 P:
BAD CK FEES       .00  L/C AMT        59.08
OTHER FEES        .00  PAYMT + LC  1,369.77 M:
TOT DUE     92,561.85* PRIN BAL  119,458.92
SUSPENSE          .00  P&I         1,181.69
NET DUE     92,561.85  DLQ  0 TIME,PAY  0 DAY
C/S 573  AMINA MIHY ALDIN
C/D 06/10

-IMD:N-------------------- * ADDITIONAL MESSAGES * ----------------WU: _  ----
LIFE-OF-LOAN: LN REPUR FR FRANKLIN AMERICAN 08/28/09 (GB BEG SRV 09/15/09)
LOSS MIT IND = C COMPLETED          CASHIER STOP 4
-COM2--------------------* COMMENTS *-----------------------------------------
  DATE  USR            CONTACT RESPONSE REASON RECALL      F/B  REMIND
                         ___     ___     ___          _____  MMDD15
   *** NO COMMENTS FOUND ***
```

SHUBASH
123733346



Jeff Cwiklinski/GB/Guaranty     To
03/09/2012 10:12 AM            cc
                              bcc
                          Subject   Fw: FNMA  1038

----- Forwarded by Paul Guardalabene/GB/Guaranty on 03/08/2012 05:09 PM -----



"Vanderpool, Kathleen"        To    "'Paul.Guardalabene@gmail.com'"
<kathleen_vanderpool@fanni           <Paul.Guardalabene@gmail.com>
emae.com>                     cc    "Raupp, Jeannea M" <jeannea_m_raupp@fanniemae.com>,
                                    "Driscoll, Brian A" <brian_a_driscoll@fanniemae.com>
03/08/2012 05:04 PM       Subject   FNMA ▮▮▮ 1038



Paul,
Please accept this email as confirmation that Fannie Mae has agreed to accept a reduction of $4576.50 from the loss on FNMA # ▮▮▮ 1038. Please remit the remaining loss by March 30, 2012. If funds are not received by this date, the offer will be null and void and the full amount of Loss will be due.

Please feel free to contact me with any questions.

Regards,
Kathy

Kathleen Vanderpool
CRT Underwriting Consultant
Fannie Mae

kathleen_vanderpool@fanniemae.com

This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, contact the sender and delete them.

Home  |  Help  |  Contact Us                                                      eFannieMae.com   Legal

## Quality Assurance System

Go:

The QAS System introduced expanded functionality in our document management system. Users should know the following: Uploaded documents will take approximately 5 minutes to process before they become viewable. During this time, the document management system is building the index to identify the document. During uploading, users are cautioned to NOT use the REFRESH feature, F5 or Control F5. Not following this instruction will result in multiple attachments of the uploaded document.

# Loss Reimbursement Statement

| | |
|---|---|
| Date of Notice: | 03/09/2012 |
| REO Case: | D100W0N |
| Effective Date: | |
| Fanniemae Loan Number: | 1038 |
| Lender Name: | GUARANTY BANK F.S.B. |
| Lender Loan Number: | 8346 |
| Borrower: | |
| Property Address: | AZ - 85048 |
| Last Paid: | 10/01/2009 |
| Days Accrued: | 253 |
| Lien Type: | First Lien |
| First Acquired: | 06/11/2010 |
| Days Interest Imputed: | 637 |
| Loan Type: | Conventional |
| MI Paid: | |
| Days MI Imputed: | |
| Note Rate: | 6.1250% |
| Sold: | 09/16/2010 |
| Days Since Sold: | 540 |
| Pass-through: | 5.50% |
| Sales Price: | $78,000.00 |
| Unpaid Principal Balance: | $198,469.39 |
| + Delinquent Interest: | $8,157.93 |
| + Imputed Interest: | $12,953.75 |
| + Foreclosure Costs: | |
|     Attorney Fees: | $600.00 |
|     Taxes: | $827.75 |
|     Other Liquidation Expenses: | $3,022.87 |
| + Disposition Costs: | |
|     Asset Management Fee: | $0.00 |
|     Other Disposition Costs: | $441.00 |
| + Repairs: | $0.00 |

| | | |
|---|---|---|
| + Participation Disbursement: | $0.00 | |
| - MI Proceeds: | $0.00 | 0 . * |
| - Sale Proceeds: | $68,356.33 | |
| - Other Income: | $31.57 | 156,084.79 + |
| + Other Adjustment: | $0.00 | 4,576.5 .. |
| Loss: | $156,084.79 | 151,508.29 * |

0 . *

**Add $20.34 Per Day After Date Of Notice.**
Amount Due is subject to change.

1. Delinquent interest is calculated from the last paid installment to the foreclosure date at pass-thru rate as reported by Lender on datagram.
2. Imputed interest is calculated from the foreclosure date to the statement date, with allowances for receipts received.

*Per teleal w/ Guaranty Bank, David Roberts, on 7/17/15, pd $151,508.*

*Principal Portion =*
*198,469*
*< 68,356 > sales proceeds*
*130,113*

*$ 7/17/15*

- JEFFREY CWIKLINSKI

- JEFFREY CWIKLINSKI

## Attorney Fees Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Attorney/Trustee Fees | 08/02/2010 | $600.00 | GUARANTY BANK F.S.B. |

## Tax Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Taxes | 08/02/2010 | $827.75 | GUARANTY BANK F.S.B. |

## Other Liquidation Expenses Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Property Maintenance/Preservation | 08/09/2010 | $162.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 10/07/2010 | $162.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 06/25/2010 | $900.00 | SAFEGUARD PROPERTIES, INC. |
| Other Foreclosure and Holding Costs | 08/02/2010 | $1,029.52 | GUARANTY BANK F.S.B. |
| Utility Payments | 11/22/2010 | $135.85 | JK REALTY |
| Property Maintenance/Preservation | 11/22/2010 | $470.00 | JK REALTY |
| Property Maintenance/Preservation | 09/03/2010 | $162.50 | SAFEGUARD PROPERTIES, INC. |

- JEFFREY CWIKLINSKI
Page 5 of 6

## Asset Management Fee Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Escrow | 08/02/2010 | -$31.57 | GUARANTY BANK F.S.B. |

## Disposition Costs Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Appraisal Fee | 07/07/2010 | $6.00 | FNC |
| Appraisal Fee | 06/24/2010 | $350.00 | WEST RIDGE GROUP, LLC |
| Appraisal Fee | 11/23/2010 | $85.00 | DIGITAL RISK, LLC. |
| Appraisal Fee | 06/24/2010 | $350.00 | WEST RIDGE GROUP, LLC |

## Repairs Detail

## Participation Disbursement Detail

- JEFFREY CWIKLINSKI

**MI Proceeds Detail**

**Sale Proceeds Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| HUD1 Sales Proceeds | | $68,356.33 | |

**Other Income Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Escrow | 08/02/2010 | -$31.57 | GUARANTY BANK F.S.B. |

**Other Adjustment Detail**

© 2012 Fannie Mae. All Rights Reserved   |   Home

Reimburse For Loss Initial Notification

☒

Jeff Cwiklinski
Risk Management Analyst – Loss Mitigation
Guaranty Bank FSB
4000 W. Brown Deer Road
Brown Deer, WI 53209

**Date of Notification:** 11/21/2011

**Action Requested:  Reimburse Fannie Mae For The Loss Incurred On This Loan**

**Note: Please remit the current amount due using Special Remittance Code 309 - Loss Reimbursement Proceeds. Refer to our Servicing Guide for specific instructions.**

**Loan Information:**

| | |
|---|---|
| **Fannie Mae Loan No:** | ▓▓▓1038 (See last page of letter for additional loan details.) |
| **Servicer Loan Number:** | ▓346 |
| **Borrower(s):** | ▓▓▓▓▓▓▓ |
| **Property Address:** | ▓▓▓▓▓▓▓ |
| | PHOENIX, AZ 85048-8448 |
| **Seller Name:** | GUARANTY BANK F.S.B. |
| **Seller No:** | 159120007 |
| **Servicer Name:** | GUARANTY BANK F.S.B. |
| **Servicer No:** | 159120007 |
| **Broker/Originator:** | SHELTER MORTGAGE COMPANY LLC |
| **REO Status:** | Disposed |

**Amount Requested:**  Amount requested is subject to change daily.

**Findings:**

**Misrepresentation of credit/Undisclosed liabilities:** According to a recent credit report obtained by Fannie Mae, the credit report represented one additional mortgage closed two months prior to the subject transaction. This liability, which was not disclosed by the borrower on the origination application, resulted in $239,920 additional debt. The borrower failed to provide a factual financial statement regarding his financial condition. Additionally, we are unable to determine the impact on the borrower's available assets and reserves at the time of the subject loan closing. This undisclosed mortgage resulted in a misrepresentation of the borrower's financial condition and unacceptable additional layering of risk.

| Lender | Date Closed | Loan Amount | Mortgage Payment |
|---|---|---|---|
| Wells Fargo Home Mortgage | 03/2009 | $239,920 | $1,506 |

Section IX, (7), Acknowledgement and Agreement of the 1003 executed by the borrower states that the Lender and its agents or assigns may continuously rely on the information contained in the application and further agrees to amend or supplement information should any material facts represented may

have changed prior to the subject transaction.

When a borrower enters into a loan application process whereby he/she has applied for and secured additional debt during the subject loan application process, the borrower's financial profile was not accurately presented.  Failure by the borrower to fully disclose any pending liabilities prohibits the ability to perform a thorough evaluation of the borrower's credit.

The lender's contractual warranties with Fannie Mae state that the lender represents and warrants that no fraud or material misrepresentation has been committed by any party, including the borrower, and that these warranties are not limited to matters of which the lender had knowledge.  As a result, the subject mortgage was ineligible for delivery to Fannie Mae.

**Fannie Mae Contacts:**

Underwriting Consultant:           Kimberly McGrath
                                   kimberly_mcgrath@fanniemae.com


Underwriting Director:             Maria Brewster
                                   maria_b_brewster@fanniemae.com


Responses with additional information may be submitted via QAS or by contacting your Underwriting Consultant, if they are submitted no later than 12/22/2011.

Reimburse For Loss Initial Notification

Page 4 of 4

## Additional Loan Information

**Fannie Mae Loan Number:** ███1038

**Servicer Loan Number:** ███3346

**Borrower(s):** ████████████

**Property Address:** ██████████████████████

PHOENIX, AZ 85048-8448

| | |
|---|---|
| **Review Type:** | Post Foreclosure Review |
| **LTV:** | 75.00% |
| **CLTV:** | 75.00% |
| **HCLTV:** | N/A |
| **Product:** | 30 YR FRM |
| **Occupancy:** | Investor |
| **Loan Purpose:** | Purchase |
| **Property Type:** | Condo |
| **AUS:** | DU |
| **Recommendation:** | Approve/Eligible |
| **Contract Number:** | C00083 |
| **Closing Date:** | 05/18/2009 |
| **LPI Date:** | 10/01/2009 |
| **Special Feature Code (s):** | Desktop Underwriter Loan (Seller Submitted to DU); No Flood Insurance - Not a Special Flood Hazard Area Property; |
| **Origination Appraiser:** | ROSE T. OKANE |

**DATE:__3-9-12__**

| | |
|---|---|
| Jill Belconis | Joan Brogan |
| Bill James | Randy Vandenhouten |
| Steve Butz | Craig Ahles |
| Steve Petersen | Julie Mulhern |
| Bob Selingo | Kristina Butovskaya |
| Janice Lamers | Sandy Krymkowski |
| Jami Long | Peggy James |
| Paul Guardalabene | |

## SHELTER MORTGAGE
## MAKE WHOLE
## LOAN RECORD

1.  Borrower's Name: _____ ██████████ _____

2.  Loan Number: _____ ████ 346_____

3.  Branch/Satellite Name: __11- SMC Scottsdale / 159 SMC Mesa (all Others)_____

4.  Broker:_____N/A_____

5.  Contract UW Company: _____N/A_____ U/W__Harris, Beth _____

6.  Contract U/W Company Liability: _____N/A_____

7.  Type of Contract U/W Reimbursement: _____N/A_____

8.  Mortgage Ins Company: _____N/A_____

9.  Loan Amount: _____$199,250.00_____

10.   Loan Program: (e.g. 30 yr fixed, 7/1 ARM, etc.) __00003 30FRM CNF Standard LCOR____

11.  Interest Rate:_____6.125%_____

12.  Targeted Investor: _____FNMA_____ Product Code:_____966_____

13.  Date of Closing / Funding:_____5-18-09 / 5-20-09_____

14.  LTV/CLTV:__75.00% / 75.00%___ Ratios: ORIG: 13.065 / 51.586 ___ Credit Score: __707__

15.  Date of Make-Whole: _____3-9-12_____

16.  Make-Whole Amount: _____$151,508.29_____

17.  Property Address: _____ ███████████████████ Phoenix, AZ 85048_____

## <u>ATTACH REPURCHASE REQUEST LETTER OR EXPLANATION OF WHY LOAN WAS REJECTED OR IS UNSALABLE</u>



Loan #      8346

Fannie Mae required make-whole on this Guaranty Bank-serviced loan because of an undisclosed liability.  The loan was ineligible for sale to Fannie Mae because the borrower took out an undisclosed mortgage for $239,920 two months prior to our loan closing.  We confirmed the existence of the undisclosed mortgage and could find no basis for appeal.  The DTI was 51.5% without that mortgage and appears to increase to 67.9% with it.  RPM also reviewed the demand and loan but was unable to provide any appeal.

The property was foreclosed in 2010 and Fannie Mae sold the property for $78,000.00 on 9/16/10.  Fannie Mae incurred losses totaling $156,084.79.  <u>Risk negotiated a reduction in the interest charges with Fannie Mae that reduced the make-whole to $151,508.29.</u>

**Jeff reviewed and approved the figures on 3-9-12.  Risk achieved a savings of $4,576.50 on this loan.**

## 3270 Explorer: Payoff Calculation Totals (PAY4/PG1)

907 - G U A R A N T Y   B A N K

**Loan Number** ████ 6612                                         **Borrower Name:** ████████

```
PAY4   ████ 6612    AS-OF 07/13/15  PAYOFF CALCULATION TOTALS 07/10/15  14:37:53
NAME AM ALDIN    CONTACT NAME AMINA MIHY ALDIN
-----------------------------------------------------------------------------
PRINCIPAL BALANCE           119,458.92      ----------- RATE CHANGES ----------
INTEREST 07/13/15            43,175.88  CALC  INT FROM     RATE        AMOUNT
PRO RATA MIP/PMI                   .00       10/01/09   6.25000     43,175.88
ESCROW ADVANCE                  838.11       07/13/15
ESCROW BALANCE                     .00
SUSPENSE BALANCE                   .00
HUD BALANCE                        .00
REPLACEMENT RESERVE                .00
RESTRICTED ESCROW                  .00
TOTAL-FEES                       40.00
ACCUM LATE CHARGES              177.24
ACCUM NSF CHARGES                  .00
OTHER FEES DUE                     .00
PENALTY INTEREST                   .00
FLAT/OTHER PENALTY FEE             .00      TOTAL INTEREST          43,175.88
CR LIFE/ORIG FEE RBATE             .00      TOTAL TO PAYOFF        165,539.76
RECOVERABLE BALANCE           1,849.61  NUMBER OF COPIES: 1    PRESS PF1 TO PRINT
                                            TOTAL PAGE 2                  .00

-----------------------------------------------------------------------------
```

Guaranty Bank
4000 W Brown Deer Rd.
Milwaukee, WS 53209



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 53209
02 1W
0001379522 JUL 13 2015

$ 001.12⁴

FBI

Attn: SA Heather Campbell
4811 Airport Plaza Drive, #500
Long Beach, CA 90815

7/10/15
HC

300338715   FAD2NB5 90815

# 8.    JPMorgan Chase Bank

**JPMorganChase**

Erika D Fields
Telephone:  (317) 757-7444
Facsimile:  (317) 757-7421

National Subpoena Processing
Mail Code IN1-4054
7610 West Washington Street
Indianapolis, Indiana 46231

7/16/2015

Special Agent, Heather Campbell
Federal Bureau of Investigations
4811 Airport Plaza Drive, #500
Long Beach, CA 90815

> RE:  Subpoena Type:  Information Requests Subpoena
> Case Name:  US -vs- Momoud Aref Abaji, et al
> Case No.:  NA
> JPMorgan Chase File No.:  ▮▮▮▮▮▮▮

Dear Special Agent, Heather Campbell :

In response to your request, we have enclosed copies of account records regarding the above-referenced matter served upon JPMorgan Chase Bank, N.A. . See attached inventory listing for details.

If you have any questions, please call me at (317) 757-7444.

Sincerely,

Erika D Fields
Document Review Specialist

Enclosure

7/17/15

# INVENTORY LISTING

### CHASE FILE NO.:  SB641598-F1

Customer Name: ███████
Account No.: █████ 4665
Request Type: Mortgage Loss Figures


Customer Name: ██████
Account No.: █████ 2278
Request Type: Mortgage Loss Figures


Customer Name: ██████
Account No.: ██████ 1220
Request Type: Mortgage Loss Figures


Customer Name: ██████
Account No.: █████ 7736
Request Type: Mortgage Loss Figures


Customer Name: ████████
Account No.: █████ 8708
Request Type: Mortgage Loss Figures


Customer Name: ██████
Account No.: █████ 9017
Request Type: Mortgage Loss Figures


Customer Name: ██████
Account No.: █████████ 239
Request Type: Mortgage Loss Figures

Unable to locate additional records responsive to the subpoena and/or request with the information provided.

Copies of items $1.00 or less have not been provided

| File Type | Make Whole :: Investor Make Whole | |
|---|---|---|
| **Date Analyzed** | 6/12/2015 | **Analyzed By:** |

## BASIC LOAN INFORMATION

| | | | |
|---|---|---|---|
| Loan Number | ████ 4665 | Note Rate | |
| Mortgagor | ██████ | Debenture Rate | |
| Investor Number | 55A | Principal Balance | |
| Investor Name | FHLMC | ARM Loan? | |
| Investor Loan Number | 4751 | Recourse? | |
| Category Number | 006 | Branch Code | |
| Recourse Approval Date | | State | |
| Acquisition Source | | Special Code | |
| Acquisition Type | | Loan Type | |

## CALCULATION OF MAKE WHOLE

| | | | |
|---|---|---|---|
| Statement Date | | Expected Date | |
| Statement Amount | | Interest Due Per Day | |
| Estimated Days Outstanding | | Total Interest Due | |
| | | Estimated Amount Due | |

## ANALYSIS OF ADVANCES

| **Breakdown of Debt** | | **Breakdown of Receipts** | |
|---|---|---|---|
| Escrow | $3,465.70 | INV Proceeds | $13,661.48 |
| Corporate | $13,894.39 | Refund | $0.00 |
| Principal Balance | | Makewhole Amount | $0.00 |
| Interest | | | |
| **TOTAL DEBT** | **$17,360.09** | **TOTAL RECEIPTS** | **$13,661.48** |

### Analysis of corporate advances

| | |
|---|---|
| Property & Preservation | |
| Attorney fees and costs | |

## OTHER COMMENTS

**Loss statement produced as of 6/12/2015 using prior gain loss submitted by the Loss Analysis department**

## APPROVALS

| | Name | Date |
|---|---|---|
| Level 1 Approval (up to $7,500) | | |
| Level 2 Approval (up to $20,000) | | |
| Level 3 Approval (up to $25,000) | | |
| Level 4 Approval ($25,000 plus) | | |

Tiffany Laird

6.50%

Conv

| Gain/Loss Amount | $3,698.61 |
| Supp Claim Recovery | |
| Billback Recovery | |

**Adjusted Write-Off** $3,698.61

t on 7-4-2011.

| File Type | Make Whole :: Investor Make Whole | | |
|---|---|---|---|
| **Date Analyzed** | 6/12/2015 | | **Analyzed By:** |

## BASIC LOAN INFORMATION

| | | | |
|---|---|---|---|
| Loan Number | ████ 2278 | Note Rate | |
| Mortgagor | | Debenture Rate | |
| Investor Number | 55A | Principal Balance | |
| Investor Name | FHLMC | ARM Loan? | |
| Investor Loan Number | 6237 | Recourse? | |
| Category Number | 006 | Branch Code | |
| Recourse Approval Date | | State | |
| Acquisition Source | | Special Code | |
| Acquisition Type | | Loan Type | |

## CALCULATION OF MAKE WHOLE

| | | | |
|---|---|---|---|
| Statement Date | | Expected Date | |
| Statement Amount | | Interest Due Per Day | |
| Estimated Days Outstanding | | Total Interest Due | |
| | | Estimated Amount Due | |

## ANALYSIS OF ADVANCES

| **Breakdown of Debt** | | **Breakdown of Receipts** | |
|---|---|---|---|
| Escrow | $3,193.07 | INV Proceeds | $9,975.72 |
| Corporate | $7,023.36 | Refund | $0.00 |
| Principal Balance | | Makewhole Amount | $0.00 |
| Interest | | | |
| **TOTAL DEBT** | **$10,216.43** | **TOTAL RECEIPTS** | **$9,975.72** |

**Analysis of corporate advances**

| | |
|---|---|
| Property & Preservation | |
| Attorney fees and costs | |

**OTHER COMMENTS**
**Loss statement produced as of 6/12/2015 using prior gain loss submitted by the Loss Analysis department**

## APPROVALS

| | Name | Date |
|---|---|---|
| Level 1 Approval (up to $7,500) | | |
| Level 2 Approval (up to $20,000) | | |
| Level 3 Approval (up to $25,000) | | |
| Level 4 Approval ($25,000 plus) | | |

Tiffany Laird

6.88%

Conv

| | |
|---|---|
| Gain/Loss Amount | $240.71 |
| Supp Claim Recovery | |
| Billback Recovery | |
| **Adjusted Write-Off** | **$240.71** |

t on 11-30-2010.

File Type | Make Whole :: Investor Make Whole
Date Analyzed | 6/12/2015 | Analyzed By:

## BASIC LOAN INFORMATION

| | | | |
|---|---|---|---|
| Loan Number | ████1220 | Note Rate | |
| Mortgagor | ████ | Debenture Rate | |
| Investor Number | 499 | Principal Balance | |
| Investor Name | FNMA | ARM Loan? | |
| Investor Loan Number | 4916 | Recourse? | |
| Category Number | 002 | Branch Code | |
| Recourse Approval Date | | State | |
| Acquisition Source | | Special Code | |
| Acquisition Type | | Loan Type | |

## CALCULATION OF MAKE WHOLE

| | | | |
|---|---|---|---|
| Statement Date | | Expected Date | |
| Statement Amount | | Interest Due Per Day | |
| Estimated Days Outstanding | | Total Interest Due | |
| | | Estimated Amount Due | |

## ANALYSIS OF ADVANCES

| Breakdown of Debt | | Breakdown of Receipts | |
|---|---|---|---|
| Escrow | $0.00 | INV Proceeds | $5,088.71 |
| Corporate | $6,622.10 | Refund | $0.00 |
| Principal Balance | | Makewhole Amount | $0.00 |
| Interest | | | |
| **TOTAL DEBT** | **$6,622.10** | **TOTAL RECEIPTS** | **$5,088.71** |

### Analysis of corporate advances

| | |
|---|---|
| Property & Preservation | |
| Attorney fees and costs | |

## OTHER COMMENTS

**Loss statement produced as of 6/12/2015 using prior gain loss submitted by the Loss Analysis departmen**

## APPROVALS

| | Name | Date |
|---|---|---|
| Level 1 Approval (up to $7,500) | | |
| Level 2 Approval (up to $20,000) | | |
| Level 3 Approval (up to $25,000) | | |
| Level 4 Approval ($25,000 plus) | | |

| |
| --- |
| Tiffany Laird |

| |
| --- |
| 6.25% |
| |
| $182,782.59 |
| |
| |
| |
| |
| |
| Conv |

| | |
| --- | --- |
| Gain/Loss Amount | $1,533.39 |
| Supp Claim Recovery | |
| Billback Recovery | |
| **Adjusted Write-Off** | **$1,533.39** |

t on **5-1-2012.**

Loan # ███████7736
Customer: ████████

**City, State: Antelope, CA**
**Seller's Settlement**

|  | HUD 1 |
|---|---|
| Sales Price | 4,617 |
| Commissions, Taxes & Closing Costs | (4,604) |
| Net Proceeds to Chase | 13 |

|  |  | Sales Proceeds | MI Proceeds | Loss to Chase |
|---|---|---|---|---|
| Mortgage at Origination | 188,000 |  | - |  |
| Less Payments for Principal | (1,569) |  |  |  |
| Net Unpaid Principal Balance | 186,431 |  |  |  |
| Principal Curtailment | (976) |  |  |  |
| Final Unpaid Principal Balance | 185,455 | (13) |  | 185,442 |
|  |  |  |  |  |
| ** Escrow Advance Balance for: |  |  |  |  |
| Taxes, Insurance, MI (if applicable) | - |  |  | - |
| **Total Net Escrow** | - |  |  | - |
|  |  |  |  |  |
| Corporate Advance Balance for: |  |  |  |  |
| Foreclosure Fees /Costs/Attorneys | $1,662.36 |  |  | 1,662 |
| Property Preservation & Other Expenses | $28.00 |  |  | 28 |
| Bankruptcy Fee/Costs | - |  |  | - |
| **Total Corporate Advances, Invoices to be supplied on request** | **1,690** |  |  | **1,690** |
|  |  |  |  |  |
| **Net Loss to Chase** |  |  |  | **187,132** |

| File Type | Make Whole :: Investor Make Whole | |
|---|---|---|
| **Date Analyzed** | 6/12/2015 | **Analyzed By:** |

## BASIC LOAN INFORMATION

| | | | |
|---|---|---|---|
| Loan Number | ███████8708 | Note Rate | |
| Mortgagor | ██████████ | Debenture Rate | |
| Investor Number | 499 | Principal Balance | |
| Investor Name | FNMA | ARM Loan? | |
| Investor Loan Number | ███5729 | Recourse? | |
| Category Number | 002 | Branch Code | |
| Recourse Approval Date | | State | |
| Acquisition Source | | Special Code | |
| Acquisition Type | | Loan Type | |

## CALCULATION OF MAKE WHOLE

| | | | |
|---|---|---|---|
| Statement Date | | Expected Date | |
| Statement Amount | | Interest Due Per Day | |
| Estimated Days Outstanding | | Total Interest Due | |
| | | Estimated Amount Due | |

## ANALYSIS OF ADVANCES

| **Breakdown of Debt** | | **Breakdown of Receipts** | |
|---|---|---|---|
| Escrow | $0.00 | INV Proceeds | $6,304.85 |
| Corporate | $8,558.57 | Refund | $0.00 |
| Principal Balance | | Makewhole Amount | $0.00 |
| Interest | | | |
| **TOTAL DEBT** | **$8,558.57** | **TOTAL RECEIPTS** | **$6,304.85** |

### Analysis of corporate advances

| | |
|---|---|
| Property & Preservation | |
| Attorney fees and costs | |

## OTHER COMMENTS

**Loss statement produced as of 6/12/2015 using prior gain loss submitted by the Loss Analysis department**

## APPROVALS

| | **Name** | **Date** |
|---|---|---|
| Level 1 Approval (up to $7,500) | | |
| Level 2 Approval (up to $20,000) | | |
| Level 3 Approval (up to $25,000) | | |
| Level 4 Approval ($25,000 plus) | | |

| |
|---|
| Tiffany Laird |

| |
|---|
| 6.13% |
| |
| |
| |
| |
| |
| |
| |
| Conv |

| | |
|---|---|
| Gain/Loss Amount | $2,253.72 |
| Supp Claim Recovery | |
| Billback Recovery | |
| **Adjusted Write-Off** | **$2,253.72** |

t on 1-11-2012.

**Loan #** ████ **9017**
**Customer:** ████████

**City, State: Antelope, CA**
**Seller's Settlement**

| | | HUD 1 | | |
|---|---|---|---|---|
| 3rd Party Sale Proceeds | | 60,033 | | |
| Net Proceeds to Chase | | 60,033 | | |

| | | Sales Proceeds | MI Proceeds | Loss to Chase |
|---|---|---|---|---|
| Mortgage at Origination | 159,200 | | - | |
| Less Payments for Principal | (986) | | | |
| Net Unpaid Principal Balance | 158,214 | | | |
| Principal Curtailment 3/16/11 | (167) | | | |
| Final Unpaid Principal Balance | 158,047 | (60,033) | | 98,014 |
| | | | | |
| ** Escrow Advance Balance for: | | | | |
| Taxes, Insurance, MI (if applicable) | 2,740 | | | 2,740 |
| MI Refund | - | | | - |
| Hazard Insurance Refund | - | | | - |
| **Total Net Escrow** | **2,740** | | | **2,740** |
| | | | | |
| Corporate Advance Balance for: | | | | |
| Foreclosure Fees /Costs/Attorneys | 150 | | | 150 |
| Property Preservation & Other Expenses | - | | | - |
| Bankruptcy Fee/Costs | 1,350 | | | 1,350 |
| **Total Corporate Advances, Invoices to be supplied on request** | **1,500** | | | **1,500** |
| | | | | |
| **Net Loss to Chase** | | | | **102,254** |

**Loan #** ███ **1239**
**Customer:** ████████

**City, State: Antelope, CA**
**Seller's Settlement**

|  | HUD 1 |
|---|---|
| Sales Price | 57,250 |
| Prorated Taxes | 492 |
| Commissions, Taxes & Closing Costs | (5,851) |
| Net Proceeds to Chase | 51,891 |

|  |  | Sales Proceeds | MI Proceeds | Loss to Chase |
|---|---|---|---|---|
| Mortgage at Origination | 178,400 | | - | |
| Less Payments for Principal | (7,737) | | | |
| Net Unpaid Principal Balance | 170,663 | | | |
| Negative amortization of Option ARM | - | | | |
| Final Unpaid Principal Balance | 170,663 | (51,891) | | 118,772 |
|  |  |  |  |  |
| ** Escrow Advance Balance for: | | | | |
| Taxes, Insurance, MI (if applicable) | 5,833 | | | 5,833 |
| MI Refund | - | | | - |
| Hazard Insurance Refund | - | | | - |
| **Total Net Escrow** | **5,833** | | | **5,833** |
|  |  |  |  |  |
| Corporate Advance Balance for: | | | | |
| Foreclosure Fees /Costs/Attorneys | 1,611 | | | 1,611 |
| Property Preservation & Other Expenses | - | | | - |
| Bankruptcy Fee/Costs | - | | | - |
| **Total Corporate Advances, Invoices to be supplied on request** | **1,611** | | | **1,611** |
|  |  |  |  |  |
| **Net Loss to Chase** | | | | **126,216** |

From: (317) 757-7444     Origin ID: HNBA
ERIKA FIELDS
JPMC
7610 West Washington Street

Indianapolis, IN 46231


FedEx
Express

J152015082603UV

SHIP TO: (562) 254-4001     BILL SENDER

**Special Agent, Heather Campbell**
**Federal Bureau of Investigations**
**4811 Airport Plaza Drive, #500**

**Long Beach, CA 90815**



Ship Date: 16JUL15
ActWgt: 0.11 LB
CAD: 103293103/WSXI2750

Delivery Address Bar Code



Ref # 270365
Invoice #
PO # PI
Dept #

FRI - 17 JUL AA
STANDARD OVERNIGHT

TRK# 7809 9269 4447
0201

**NH LGBA**

**90815**
CA-US
LGB



539J3/1A15/31D0

# 9.    Citibank

**3 Trafalgar**

**Kissimmee, FL properties**

_____

**4 Bermuda Dunes**

**Orlando, FL properties**

_____

**1 Trafalgar**

**Kissimmee, FL Prop that they purchased from Sterns Lending corp.**

_____

**1 North Highland Apartments**

**Antelope, CA Prop that they purchased from Greenlight Financial**

| From: | Gatewood, Katie  <katie.gatewood@citi.com> |
|---|---|
| To: | heather.campbell@ic.fbi.gov <heather.campbell@ic.fbi.gov> |
| Subject: | (Secure) Loss letter |
| Date: | April 17, 2015 10:00:45 AM EDT |
| Attachments: | *Double-click files to open...* |

| Secure Actions: | <u>Reply</u> |
|---|---|

Morning Heather,

Here is the loss letter you requested.  Let me know if you have any questions regarding the losses I supplied.

Thanks,

Katie Gatewood
AVP/LE Liaison/Analyst
1000 Technology Dr, O'Fallon MO, 63368
Mailstop 367

Jeremiah 29: 13-"You will seek me and find me when you seek me with all your heart."



**Privileged and Confidential Document**

April 16th, 2015

TO:        FBI-CA
ATTN:      Special Agent Heather Campbell
FROM:      Citibank Fraud Prevention and Investigation
RE:        Loan loss information

Dear SA **Campbell**,

This letter is in response to your request for losses sustained on the loans referenced below. The losses reported include unpaid principal balance (UPB) loss, only, and do not include lost interest, late charges, bank foreclosure fees, or bank REO marketing fees.

Loan▮▮▮▮5059–▮▮▮▮▮▮▮▮▮▮▮
    Property Address: 4986 TOWN TERRACE N, KISSIMMEE, FL 34758

| Original Loan Amount | $256,500.00 |
|---|---|
| Unpaid Principal Balance (UPB) | $253,602.02 |
| Loss Amount | $164,602.02** |
| Loan Status | F/C sale completed - $89K on 9/27/13 |

    **The loss to CMI is the UPB less the sale amount.

Loan▮▮▮▮3551–▮▮▮▮▮▮▮▮▮
    Property Address: 4987 TOWN TERRACE S, KISSIMMEE, FL 34758

| Original Loan Amount | $ 256,500.00 |
|---|---|
| Unpaid Principal Balance (UPB) | $ 251,728.41 |
| Loss Amount | $26,460.14** |
| Loan Status | Service Released on 4/14/14 |

    **Original charge off under Loan #1123053892 was $26,460.14, which is the most recent amount as of the service release to Capital Income and Growth Fund LLC.

Loan▮▮▮▮6377–▮▮▮▮▮▮▮▮▮
    Property Address: 7360 WESTPOINTE BLVD ▮▮▮▮ ORLANDO, FL 32835

| Original Loan Amount | $268,000 |
|---|---|
| Unpaid Principal Balance (UPB) | $267,368.64 |
| Loss Amount | $222,267.64** |
| Loan Status | F/C sale completed - $45,101 on 6/3/10 |

    **The loss to CMI is the UPB less the sale amount.

Loan▮▮▮▮3663–▮▮▮
    Property Address: 7280 WESTPOINTE BLVD ▮▮▮▮ ORLANDO, FL 32835

| Original Loan Amount | $ 235,500.00 |
|---|---|
| Unpaid Principal Balance | $ 234,034.31 |
| Loss Amount | $234,034.31** |
| Loan Status | Make Whole FNMA |

    **Loss to CMI is a result of a "Make Whole" demand made by Fannie Mae.

# citimortgage℠

Loan ████ 2041–██████████

Property Address: 7270  WESTPOINTE BLVD ████ ORLANDO, FL 32835

| Original Loan Amount | $300,880.00 |
|---|---|
| Unpaid Principal Balance (UPB) | $300,397.37 |
| Loss Amount | $220,397.37** |
| Loan Status | F/C sale completed - $80K on 10/27/10 |

** The loss to CMI is the UPB less the sale amount.

Loan ██████ 3087–█████████████████

Property Address: 7220 WESTPOINTE BLVD ████ ORLANDO, FL 32835

| Original Loan Amount | $247,200.00 |
|---|---|
| Unpaid Principal Balance (UPB) | $245,117.55 |
| Loss Amount | $180,117.55** |
| Loan Status | In foreclosure |

**Loss based on estimated recovery less UPB. Value based on last BPO obtained by CITI on 11/30/09 @ $65K.

Loan ████ 2312–█████████████

Property Address: 7300 WESTPOINTE BLVD APT ████ ORLANDO, FL 32835

| Original Loan Amount | $ 262,960.00 |
|---|---|
| Unpaid Principal Balance (UPB) | $ 261,548.55 |
| Loss Amount | $181,548.55** |
| Loan Status | F/C sale completed - $80K on 9/16/13 |

** The loss to CMI is the UPB less the sale amount.

**Citi completed an equity analysis and made a business decision not to repossess and re-sell the subject property.  The original loan was modified in May 2010 per borrower request and includes interest and late charges that were in arrears at that time.

The following CitiMortgage contact information should be referred to for orders of restitution and victim notification letters.

CitiMortgage, Inc.
Fraud Prevention & Investigation
1000 Technology Dr, MS 367
O'Fallon, MO  63368

Please don't hesitate to call if you have any questions, or if I may further assist.

Regards,

Katie Gatewood
AVP – Fraud Analyst
CitiMortgage, Inc.
Fraud Prevention & Investigation

| From: | Gatewood, Katie  <katie.gatewood@citi.com> |
|---|---|
| To: | 'heather.campbell@ic.fbi.gov' <heather.campbell@ic.fbi.gov> |
| Subject: | (Secure) Losses |
| Date: | August 13, 2015 1:24:11 PM EDT |
| Attachments: | *Double-click files to open...* |

| Secure Actions: | Reply |
|---|---|

Hi Heather,

Here is the loss statement.  Let me know if you have any questions.

Thanks,

Katie Gatewood
AVP/LE Liaison/Analyst
1000 Technology Dr/ Mailstop 367
O'Fallon, MO 63368

Psalm 119: 105 "Your word is a lamp for my feet, a light on my path."

# citimortgage℠

**Privileged and Confidential Document**

August 13th, 2015

TO:        FBI - Los Angeles
ATTN:    Agent Heather Campbell
FROM:   Citibank Fraud Prevention and Investigation
RE:        Loan loss information

Dear SA **Campbell**,

This letter is in response to your request for losses sustained on the loans referenced below.  The losses reported include unpaid principal balance (UPB) loss, only, and do not include lost interest, late charges, bank foreclosure fees, or bank REO marketing fees.

Loan███████5655 – ███████████
    Property Address:  4994 TOWN TERRACE N, KISSIMMEE, FL 34758

| Original Loan Amount | $256,500 |
|---|---|
| Unpaid Principal Balance | $ 253,653.49 |
| Loss Amount | $229,376.48** |
| Loan Status | REO Sold by Freddie Mac |

   **The loss to CMI was sustained through a Freddie Mac "Make Whole Demand."  Freddie REO (Real Estate Owned) sold the property @ $63,000.

The following CitiMortgage contact information should be referred to for orders of restitution and victim notification letters.

    CitiMortgage, Inc.
    Fraud Prevention & Investigation
    1000 Technology Dr, MS 367
    O'Fallon, MO  63368

Please don't hesitate to call if you have any questions, or if I may further assist.

Regards,

Katie Gatewood
AVP – Fraud Analyst
CitiMortgage, Inc.
Fraud Prevention & Investigation

| From: | Gatewood, Katie  <katie.gatewood@citi.com> |
|-------|--------------------------------------------|
| To: | 'heather.campbell@ic.fbi.gov' <heather.campbell@ic.fbi.gov> |
| Subject: | (Secure) Losses |
| Date: | August 13, 2015 1:24:11 PM EDT |
| Attachments: | *Double-click files to open...* |
|  |  |
| Secure Actions: | <u>Reply</u> |

Hi Heather,

Here is the loss statement.  Let me know if you have any questions.

Thanks,

Katie Gatewood
AVP/LE Liaison/Analyst
1000 Technology Dr/ Mailstop 367
O'Fallon, MO 63368


Psalm 119: 105 "Your word is a lamp for my feet, a light on my path."

# citimortgage℠

**Privileged and Confidential Document**

August 13th, 2015

TO:        FBI - Los Angeles
ATTN:     Agent Heather Campbell
FROM:    Citibank Fraud Prevention and Investigation
RE:        Loan loss information

Dear SA **Campbell**,

This letter is in response to your request for losses sustained on the loans referenced below.  The losses reported include unpaid principal balance (UPB) loss, only, and do not include lost interest, late charges, bank foreclosure fees, or bank REO marketing fees.

Loan ████5655 – ████████████
      Property Address:  4994 TOWN TERRACE N, KISSIMMEE, FL 34758

| | |
|---|---|
| Original Loan Amount | $256,500 |
| Unpaid Principal Balance | $ 253,653.49 |
| Loss Amount | $229,376.48** |
| Loan Status | REO Sold by Freddie Mac |

     \*\*The loss to CMI was sustained through a Freddie Mac "Make Whole Demand."  Freddie REO (Real Estate Owned) sold the property @ $63,000.

The following CitiMortgage contact information should be referred to for orders of restitution and victim notification letters.

     CitiMortgage, Inc.
     Fraud Prevention & Investigation
     1000 Technology Dr, MS 367
     O'Fallon, MO  63368

Please don't hesitate to call if you have any questions, or if I may further assist.

Regards,

Katie Gatewood
AVP – Fraud Analyst
CitiMortgage, Inc.
Fraud Prevention & Investigation

# 10.   Mortgage America/
# Home Mortgage of America

# 2 Bermuda Dunes
# Orlando, FL properties

| Count | Borrower | Loan # | ID# | Original Type of Request | Investor Property Status | Original Loan Amount | Comments | MI Comp. | Added to Sheet | Response Due or Sent or date of last Response | Loan Type | Product | LTV | Mortgage Broker or Loan Officer | UW | Investor | QC Status | Closed Date | Scored | Status | Loss Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 182 | | 6556 | 3475 | Make Whole | Disposed | $261,440.00 | Missing documents and undisclosed liabilities; asked for extension till August 25th. / record request 8/27/10 / sent further extension 11-15-10 | n/a | 6/25/2010 | 0725/10 | Conv | SIVA | 80 | First Choice Funding | Monica Meyer | FNMA | Lost | 6/6/2008 | Manual | Make Whole/Paid | $222,235.60 |
| 232 | | 6693 | 3475 | Repurchase | listed | $249,440.00 | Undisclosed liabilities / requested servicing records 11-15-10/ extend 12-8-10 | NA | 10/12/2010 | 11/12/2010 | Conv | SIva | 80 | First Choice Funding | Monica Meyer | Central | Lost | 6/11/2008 | Manual | Make Whole/Paid | $216,488.16 |

Call me with questions

Kelly Cowan

# MortgageAmerica, inc.®

1800 International Parkway Suite 100, Birmingham, Alabama  35243 (205)986-3000

## INTERNAL MEMORANDUM

To:          John Johnson

From:       Kelly Cowan

Date:        December 2, 2013

Subject:     ████████ 7256
             7380 Westpointe Blvd. ████ Orlando, FL 32835

We have had problems with this loan almost from the closing date.  Post Closing filed a title claim to get a final title policy and recorded mortgage in 2009.  The title company did resolve that issue.  We received a repurchase request from FNMA through Central in February 2013 for no final HUD.  The final HUD has the word estimated typed on it.  We argued that it was an inadvertent inclusion of the word estimated and provided other documents that showed that we funded the loan from that HUD.

We have received a second repurchase request due to unacceptable / inflated appraisal. FNMA has provided extensive material to support that the appraisal does not reflect an accurate value.  I have had no success in locating an Orlando appraiser willing to do a review.

This loan is part of the set of loans at Bermuda Dunes that were brokered to us through First Choice Funding. We have already made whole on:

████████ 8754 iao $295,958.38
████████ 6556 iao $222,235.60
████████ 5693 iao $216,488.16

These loans were purchases of second homes that were an Invesco Condo Conversion project.  They were all closed by a now defunct title company in California, although the properties were in Florida and the borrowers were from various other states.  There were large payments to others on the final HUDs that we were unaware of and were unable to ever resolve. There were various misrepresentations on all of the loans. I do not believe that we will be able to defend this repurchase.



**MortgageAmerica, inc.®**

1800 International Parkway Suite 100, Birmingham, Alabama 35243 (205)986-3000

# INTERNAL MEMORANDUM

To: Denise Kivette

From: Kelly Cowan

Date: 1-28-2011

Subject: First Choice Funding / Orlando Branch

MortgageAmerica purchased two loans from First Choice Lending as correspondent loans. They were underwritten by MAI. Both loans have gone into default and have been sold at greatly reduced prices. Both loans and another additional loan (that we have not yet been asked to repurchase) have the following elements in common.

- The properties are a condo conversion project known as Bermuda Dunes in Orlando being sold by Orlando Westpoint, LLC a division of American Invsco Realty of Chicago
- All were financed with MAI as second homes at 80%
- Sales prices ranged from $336K to $311K
- Although the borrowers all had large balances in their bank accounts, none had sufficient funds to make 20% down payments on multiple units
- Resale prices after foreclosure ranged from $72k to 75k
- All borrowers bought multiple properties at the development
- All borrowers made exactly 4 payments even though bank statements showed the borrowers with $100k on deposit
- The realtor is Aref Obagi of Faris Realty in Santa Ana, Ca. The realtor is the buyer's agent and is paid 8% out of the seller funds.
- All signed loan application documents are sent from Faris Realty to First Choice
- The appraisal in at least one case was addressed to Aref Obagi of Farris Realty
- Per the sales contract all deposits are held by Land America Lawyers Title,5125 Castello Drive, Naples, Fl 34103

- All title work was prepared by same ( now out of business)
- Settlement agent for all closings was Velocity Escrow, 5000 Birch St #3000, Newport Beach, Ca 92660, by Hali Saad

████████████ 6556 of Raleigh, NC closed 6-6-08 and made four payments before going into default and after being contacted informed the collector that someone else was supposed to be making the payments. The various names of third parties were ████████████████████████ supplied very limited information before mailing a cease and desist letter to the collector.  I called him and he hung up as soon as I identified myself.

████████████ 6693 closed 6-11-08 and was a first payment default on 8-1-08. 4 payments were made 12-2-08 for one total payment of $8772.46 and was the only payment ever received.  MAI believes that ████ was a victim of identity theft as he has 9 expensive car loans and two other mortgages taken out the same month our loan closed.  MAI has been unable to locate ████████. His driver's license and social security card are in the loan file.

████████ HUD sent in after closing (not the approved HUD) shows an undisclosed payment of $109,000.00 being paid to Event Marketing, LLC. MAI was told this was disclosed on an addendum to the sales contract which neither MAI or the broker was aware of.  Despite a concerted effort MAI was never able to obtain a copy of this addendum.

████████████ 7256 closed 6-30-08. This loan closed as a broker loan in the name of MAI. She lived in a suburb of Chicago and had many relatives in various employment in real estate.  Chicago is also the home office of Invsco Realty.

**The Developer**

American Invsco Realty has developed many apartment to condo conversions in Chicago. A 2008 article in Chicago Business stated that Invsco developments in Chicago accounted for 58% of all condo foreclosures since 2001 in all 76 condo projects of over 175 units. Per the article, Invsco crafted an incentive package with special appeal for the investors.  The developer offered to pay condo assessments, property taxes and rent on the units for two or three years guaranteeing investors revenue to defray mortgage payments. There is a lawsuit against Invsco by a purchaser of multiple units stating "the scheme and deception was designed to enable Invsco to sell condos at sale prices far in excess of their fair market value."

Las Vegas / The Meridian
Invsco is being sued by 16 owners of units at the Meridian. The county shut down the illegal hotel that was being run from the Meridian. The owners state the seller steered

them into owner occupied loans rather than investment property loans. Many owners also believe they paid inflated prices for their units. One owner said they were never told that the seller took $120k from the purchase sum and paid it to a related business and only became aware of this transaction with documents obtained from the lender.  The owner claims that the $120k equals the agreed incentives of the HOA dues, taxes and guaranteed rent that Invsco promised them.

Bermuda Dunes / Our subject

MAI is aware that there was in at least one instance a large $109k fee paid to Event Marketing LLC. We are also aware that there is in at least one case an addendum related to this fee that we have not seen.

Internet research has revealed that similar concessions were being offered.  Taken directly from a Golf / Sales weekend ad from a realtor regarding Bermuda Dunes:

1. 36 months of guaranteed rent
2. 36 months paid property taxes
3. 36 months paid HOA dues
4. 2% seller concessions

It may be coincidence but there are an unusual number of Middle Eastern named participants.  The loan officers, some of the purchasers, the closing agent, and the realtor all have Middle Eastern names.  In addition, a review of First Choice submissions in E3 revealed 5 additional unapproved loan submissions for purchase at Bermuda Dunes. 4 of the borrowers had Middle Eastern or African names.

The closing agent is in California along with the buyer's realtor.  The purchasers with the exception of ▮▮▮▮▮ do not live in California. ▮▮▮▮▮▮▮ for example, lives in N Carolina, purchases a home in Florida.  The title work is prepared in Florida, The closing package sent to California, where it is shipped to North Carolina to be signed, back to California and then sent to MAI.

MAI had to file a claim with the title company on ▮▮▮▮ to get the recorded mortgage and title policy.  Paper vision does not have the recorded mortgage on ▮▮▮ and online records show that it was filed many months after closing.

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| Bermuda Dunes | ███ | ███ | 6/12/2008 | ███ | $261,440 | First Choice Lending | ████8556 |
| Bermuda Dunes | ███ | | 6/17/2008 | ███ | $249,440 | MortgageAmerica Inc | ████8693 |

# CENTRAL MORTGAGE COMPANY

June 1, 2011

Mortgage America
Attn: Denise Kivette

Re:   CMC #            4305
      Fannie Mae #     4305
      Borrower:
      Property:     7220 Westpointe Blvd.,          Orlando, FL 32835

## REVISED MAKE WHOLE STATEMENT

| | | |
|---|---|---|
| FNMA Loss Statement | $241,479.73 | |
| Less Imputed Interest | ($ 18,635.85 ) | (from FNMA LRS) |
| Less Delinquent HOA/Condo Dues | ($   3,011.70) | (from FNMA HUD1) |
| SRP Amount | $   2,117.67 | |
| **Total** | ***$221,949.85*** | |

*285.75*
*222 235.60*

*$222,235.60*

Per Diem- 31.75

MAKE WHOLE STATEMENT GOOD THRU 6/1/11 – PLEASE INCLUDE $31.75
PER DIEM FOR EACH ADDITIONAL DAY THRU THE DATE FUNDS ARE
RECEIVED BY CMC.

**\*This amount is a partial funding and does not include the imputed interest of
$18,635.85, nor the condo fees of $3,011.70.  CMC will require reimbursement of
any supplemental amounts, following Fannie Mae's final review of the items in
question.**

Loan Status: REO/SOLD 2/26/2010

Please wire funds to Arvest Bank, Little Rock, AR., ABA#082900872, Account
#1012304, Central Mortgage Company, Cashier Clearing, Attn: Susan Salazar.  Please
include borrower's name and CMC loan number.

Prepared by: Toni Cox
Central Mortgage Company
801 John Barrow Road, Suite 1
Little Rock, AR   72205

*Principal Portion*
*222,235.60*
*Unpaid Principal  260,636*
*Sale Proceeds   < 58,772>*
*#1 7/17/15   201,864*

- TONI COX



Home   |   Help   |   Contact Us

eFannieMae.com  Legal

## Quality Assurance System



Go:

The QAS System introduced expanded functionality in our document management system. Users should know the following: Uploaded documents will take approximately 5 minutes to process before they become viewable. During this time, the document management system is building the index to identify the document. During uploading, users are cautioned to NOT use the REFRESH feature, F5 or Control F5. Not following this instruction will result in multiple attachments of the uploaded document.

## HUD1 Statement

| Buyer Name: | | | Clear Title: | | Title Company: BEN-EZRA & KATZ, P.A. |
| File/Escrow #: | | | Clear Title Date: | | Settlement Agent: BEN-EZRA & KATZ, P.A. |
| Settlement Date: 02/26/2010 | | | Title Order Date: 11/03/2009 | | PMM Lender: |
| Selling Broker: RE/MAX PROPERTIES SW | | | | | PMM Locked Rate: |
| | | | Financing Cash Type: | | PMM Locked Date: |

| | | Appr/Est HUD1 | Final HUD1 | From Date | To Date |
|---|---|---|---|---|---|
| Sales Price: $72,000.00 | Total Settlement Charges: | $13,049.15 | $13,227.45 | | |
| -PMM Loan Amount: $0.00 | HOA/Condo Dues: | -$126.41 | -$25.28 | 02/26/2010 | 02/28/2010 |
| -Total Settlement Charges: $13,227.45 | Delinquent HOA/Condo: | $3,036.98 | $3,036.98 | | |
| =Due To FannieMae: | Wire Fees: | $25.00 | $25.00 | | |
| -Net Sales Proceeds: $58,772.55 | Other Costs: | $1,300.00 | $1,300.00 | | |
| =Balance Due: $58,772.55 | FHA/VA Non-Allowable: | $0.00 | $0.00 | | |
| | Delinquent Taxes: | $0.00 | $0.00 | | |
| | City/Town Taxes: | $3,520.60 | $3,520.60 | 01/01/2009 | 12/31/2009 |
| | County Taxes: | $462.98 | $540.15 | 01/01/2010 | 02/26/2010 |
| | Assesments: | $0.00 | $0.00 | | |
| | School Taxes: | $0.00 | $0.00 | | |
| | Seller Closing Costs: | $0.00 | $0.00 | | |
| | Title Fees Costs: | $150.00 | $150.00 | | |
| | Buyer Closing Costs: | $0.00 | $0.00 | | |
| | Broker Commission Fees: | $4,680.00 | $4,680.00 | | |
| | Broker Bonus: | $0.00 | $0.00 | | |
| | Loan Origination Fees: | $0.00 | $0.00 | | |
| | Discount Point(s): | $0.00 | $0.00 | | |
| | Foreclosure Cost: | $0.00 | $0.00 | | |
| | -Other Rent/Interest: | $0.00 | $0.00 | | |
| | -Pre-Paid Interest: | $0.00 | $0.00 | | |
| | -Per Diem: | $0.00 | $0.00 | | |

*handwritten: not 3011.70*

© 2011 Fannie Mae. All Rights Reserved   |   Home

- TONI COX

Home | Help | Contact Us

eFannieMae.com  Legal

## Quality Assurance System



Go:

The QAS System introduced expanded functionality in our document management system. Users should know the following: Uploaded documents will take approximately 5 minutes to process before they become viewable. During this time, the document management system is building the index to identify the document. During uploading, users are cautioned to NOT use the REFRESH feature, F5 or Control F5. Not following this instruction will result in multiple attachments of the uploaded document.

# Loss Reimbursement Statement

| | |
|---|---|
| Date of Notice: | 06/01/2011 |
| REO Case: | A0912CZ |
| Effective Date: | |
| Fanniemae Loan Number: | ████4305 |
| Lender Name: | CENTRAL MORTGAGE COMPANY |
| Lender Loan Number: | ████4305 |
| Borrower: | ████████████ |
| Property Address: | ███████████████████ |
| Last Paid: | 11/01/2008 |
| Days Accrued: | 355 |
| Lien Type: | First Lien |
| First Acquired: | 10/22/2009 |
| Days Interest Imputed: | 587 |
| Loan Type: | Conventional |
| MI Paid: | |
| Days MI Imputed: | |
| Note Rate: | 7.3750% |
| Sold: | 02/26/2010 |
| Days Since Sold: | 460 |
| Pass-through: | 7.00% |
| Sales Price: | $72,000.00 |
| Unpaid Principal Balance: | $260,636.90 |
| + Delinquent Interest: | $18,164.46 |
| + Imputed Interest: | $18,635.85 |
| + Foreclosure Costs: | |
|     Attorney Fees: | $1,300.00 |
|     Taxes: | $0.00 |
|     Other Liquidation Expenses: | $2,584.73 |
| + Disposition Costs: | |
|     Asset Management Fee: | $0.00 |
|     Other Disposition Costs: | $1,001.00 |
| + Repairs: | $0.00 |

6/1/2011

- TONI COX

+ Participation Disbursement:          $0.00
- MI Proceeds:                         $0.00
- Sale Proceeds:                       $58,772.55
- Other Income:                        $2,070.66
+ Other Adjustment:                    $0.00
Loss:                                  $241,479.73


Add $31.75 Per Day After Date Of Notice.
Amount Due Is subject to change.

1. Delinquent interest is calculated from the last paid installment to the foreclosure date at pass-thru rate as reported by Lender on datagram.
2. Imputed interest is calculated from the foreclosure date to the statement date, with allowances for receipts received.

Principal Portion:

Unpaid Principal  260,636
Sale Proceeds    < 58,772 >
                  ─────────
                  201,864

                  #K 2/17/15

- TONI COX

- TONI COX

**Attorney Fees Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Attorney/Trustee Fees | 11/23/2009 | $1,300.00 | CENTRAL MORTGAGE COMPANY |

**Tax Detail**

**Other Liquidation Expenses Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Property Maintenance/Preservation | 12/30/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 11/19/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 01/26/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 12/21/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 06/03/2010 | $110.00 | RE/MAX PROPERTIES SW |
| Utility Payments | 06/03/2010 | $94.03 | RE/MAX PROPERTIES SW |
| Property Maintenance/Preservation | 02/11/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 02/22/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Other Foreclosure and Holding Costs | 04/21/2010 | $120.70 | CENTRAL MORTGAGE COMPANY |
| Servicer Liquidation Expense | 04/21/2010 | $195.00 | CENTRAL MORTGAGE COMPANY |
| Property Maintenance/Preservation | 02/08/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 01/07/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 02/16/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 02/18/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 12/04/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 12/16/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 03/01/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 11/30/2009 | $120.00 | GREEN RIVER CAPITAL LC |
| Property Maintenance/Preservation | 01/14/2010 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Servicer Liquidation Expense | 11/23/2009 | $250.00 | CENTRAL MORTGAGE COMPANY |
| Other Foreclosure and Holding Costs | 11/23/2009 | $1,095.00 | CENTRAL MORTGAGE COMPANY |
| Property Maintenance/Preservation | 12/08/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |
| Property Maintenance/Preservation | 11/24/2009 | $37.50 | SAFEGUARD PROPERTIES, INC. |

- TONI COX

## Asset Management Fee Detail

## Disposition Costs Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Appraisal Fee | 12/09/2009 | $6.00 | FNC |
| Appraisal Fee | 11/10/2009 | $200.00 | APPRAISAL CENTRAL, INC. |
| Appraisal Fee | 07/20/2010 | $400.00 | RR DONNELLEY |
| Appraisal Fee | 07/20/2010 | $85.00 | RR DONNELLEY |
| Property Inspection | 11/23/2009 | $60.00 | CENTRAL MORTGAGE COMPANY |
| Appraisal Fee | 11/04/2009 | $250.00 | APPRAISAL CENTRAL, INC. |

## Repairs Detail

## Participation Disbursement Detail

- TONI COX

**MI Proceeds Detail**

**Sale Proceeds Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| HUD1 Sales Proceeds | | $58,772.55 | |

**Other Income Detail**

**Other Adjustment Detail**

© 2011 Fannie Mae. All Rights Reserved   |   Home

- TONI COX

Home  |  Help  |  Contact Us

eFannieMae.com  Legal

## Quality Assurance System

Log Out

Go:

The QAS System introduced expanded functionality in our document management system. Users should know the following: Uploaded documents will take approximately 5 minutes to process before they become viewable. During this time, the document management system is building the index to identify the document. During uploading, users are cautioned to NOT use the REFRESH feature, F5 or Control F5. Not following this instruction will result in multiple attachments of the uploaded document.

# Loss Reimbursement Statement

| | |
|---|---|
| Date of Notice: | 06/01/2011 |
| REO Case: | A100SZK |
| Effective Date: | |
| Fanniemae Loan Number: | ████4306 |
| Lender Name: | CENTRAL MORTGAGE COMPANY |
| Lender Loan Number: | ████4306 |
| Borrower: | ████████ |
| Property Address: | 7280 WESTPOINTE BLVD ORLANDO, FL - 32835 |
| Last Paid: | 04/01/2009 |
| Days Accrued: | 377 |
| Lien Type: | First Lien |
| First Acquired: | 04/13/2010 |
| Days Interest Imputed: | 414 |
| Loan Type: | Conventional |
| MI Paid: | |
| Days MI Imputed: | |
| Note Rate: | 7.3750% |
| Sold: | 10/25/2010 |
| Days Since Sold: | 219 |
| Pass-through: | 7.00% |
| Sales Price: | $74,200.00 |
| Unpaid Principal Balance: | $247,689.18 |
| + Delinquent Interest: | $18,189.87 |
| + Imputed Interest: | $12,649.89 |
| + Foreclosure Costs: | |
| Attorney Fees: | $1,300.00 |
| Taxes: | $3,298.73 |
| Other Liquidation Expenses: | $10,688.42 |
| + Disposition Costs: | |
| Asset Management Fee: | $0.00 |
| Other Disposition Costs: | $695.00 |
| + Repairs: | $0.00 |

- TONI COX                                                          Page 2 of 6

| | |
|---|---|
| + Participation Disbursement: | $0.00 |
| - MI Proceeds: | $0.00 |
| - Sale Proceeds: | $64,432.90 |
| - Other Income: | $2,954.63 |
| + Other Adjustment: | $0.00 |
| Loss: | $227,124.56 |

Add $30.56 Per Day After Date Of Notice.
Amount Due is subject to change.

1.  Delinquent interest is calculated from the last paid installment to the foreclosure date at pass-thru rate as reported by Lender on datagram.
2.  Imputed interest is calculated from the foreclosure date to the statement date, with allowances for receipts received.

Principal Portion of Loss:
Unpaid Principal         247,689
Sales proceeds          <64,432>
                        ─────────
                         183,257

                        7/17/15 AC

- TONI COX

- TONI COX

**Attorney Fees Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Attorney/Trustee Fees | 05/18/2010 | $1,300.00 | CENTRAL MORTGAGE COMPANY |

**Tax Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Taxes | 05/18/2010 | $3,298.73 | CENTRAL MORTGAGE COMPANY |

**Other Liquidation Expenses Detail**

*F/C Sale 4/13/2010*

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Other Foreclosure and Holding Costs | 08/04/2010 | $1,955.00 | CENTRAL MORTGAGE COMPANY |
| Dues | 08/04/2010 | $3,220.89 ✓ | CENTRAL MORTGAGE COMPANY |
| Property Maintenance/Preservation | 08/16/2010 | $930.00 | CYPREXX SERVICES, LLC. |
| Possessory/Eviction | 09/14/2010 | $450.00 | BEN-EZRA & KATZ, P.A. |
| Eviction Expense | 09/14/2010 | $175.00 | BEN-EZRA & KATZ, P.A. |
| Utility Payments | 11/04/2010 | $95.32 | ATLAS REO SERVICES |
| Property Maintenance/Preservation | 09/16/2010 | $82.50 | CYPREXX SERVICES, LLC. |
| Dues | 11/09/2010 | $1,061.85 | CENTRAL MORTGAGE COMPANY |
| Servicer Liquidation Expense | 05/18/2010 | $445.00 | CENTRAL MORTGAGE COMPANY |
| Other Foreclosure and Holding Costs | 05/18/2010 | $1,001.72 | CENTRAL MORTGAGE COMPANY |
| Property Maintenance/Preservation | 11/01/2010 | $245.00 | ATLAS REO SERVICES |
| Utility Payments | 11/01/2010 | $74.91 | ATLAS REO SERVICES |
| Property Maintenance/Preservation | 12/03/2010 | $165.00 | CYPREXX SERVICES, LLC. |
| Other Foreclosure and Holding Costs | 08/20/2010 | $170.00 | FIRSTSERVICE RESIDENTIAL REALTY |
| Property Maintenance/Preservation | 10/13/2010 | $165.00 | CYPREXX SERVICES, LLC. |
| Utility Payments | 12/07/2010 | $51.23 | ATLAS REO SERVICES |
| Other Foreclosure and Holding Costs | 06/03/2010 | $400.00 | ATLAS REO SERVICES |

*see attached pd thru July 2010*

*+ AUG-OCT 2010*

- TONI COX

## Asset Management Fee Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Escrow | 05/18/2010 | -$2,660.68 | CENTRAL MORTGAGE COMPANY |

## Disposition Costs Detail

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Appraisal Fee | 04/22/2010 | $250.00 | SHEILA JEANNE DBA BOWLES APPRAISAL SERVICES |
| Property Inspection | 05/18/2010 | $70.00 | CENTRAL MORTGAGE COMPANY |
| Appraisal Fee | 05/18/2010 | $170.00 | CENTRAL MORTGAGE COMPANY |
| Appraisal Fee | 05/10/2010 | $6.00 | FNC |
| Appraisal Fee | 08/20/2010 | $200.00 | SHEILA JEANNE DBA BOWLES APPRAISAL SERVICES |
| Appraisal Fee | 04/22/2010 | $250.00 | SHEILA JEANNE DBA BOWLES APPRAISAL SERVICES |
| Appraisal Fee | 08/20/2010 | $200.00 | SHEILA JEANNE DBA BOWLES APPRAISAL SERVICES |

## Repairs Detail

## Participation Disbursement Detail

- TONI COX

**MI Proceeds Detail**

**Sale Proceeds Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| HUD1 Sales Proceeds | | $64,432.90 | |

**Other Income Detail**

| Disbursement Type | Date Paid | Amount Paid | Vendor |
|---|---|---|---|
| Escrow | 05/18/2010 | -$2,660.68 | CENTRAL MORTGAGE COMPANY |

**Other Adjustment Detail**

© 2011 Fannie Mae. All Rights Reserved    |   Home

FedEx Ship Manager - Print Your Label(s)

Page 1 of 1

From: (205) 986-3059    Origin ID: BHMA    
Kelly Cowan
Mortgage America
1900 International Drive #100

Birmingham, AL 35243

Ship Date: 02JUL15
ActWgt: 1.0 LB
CAD: 9949733/INET3610

Delivery Address Bar Code

SHIP TO: (562) 254-4001    BILL SENDER
**SA HEATHER CAMPBELL**
**FBI**
**4811 AIRPORT PLAZA DR #500**

**LONG BEACH, CA 90815**

Ref #
Invoice #
PO #
Dept #

J151215022300uv

MON - 06 JUL AA
** 2DAY **

TRK# 7739 7497 2910
0201



**SH LGBA**

90815
CA-US

**LGB**



S37.Q/IA15/EE46

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/shipAction.handle?method=doContinue

7/2/2015

# 11.   Liberty Savings Bank

# 1 Trafalgar Village

# Kissimmee, FL property



**LIBERTY**
SAVINGS
**BANK**

*Our Interest Is In You*

www.libertysavingsbank.com

July 23, 2015

U.S. Department of Justice
FBI
Attn.:  SA Heather Campbell
4811 Airport Plaza Drive, #500
Long Beach, CA  90815
Fax# 562-982-1799

Re: US  vs. Momoud Aref Abaji
    Property: 2549 Old Kent Cl., Kissimmee, FL
    Previous Owner: ▓▓▓▓▓

Liberty Savings Bank (LSB) made a loan to a Scott R. Martin. The mortgage was for the property
known as 2549 Old Kent Circle, Kissimmee, FL 34758.
The loan amount was for $243,200.00  and the mortgage was recorded May 29, 2008.

The loan payments became delinquent and LSB assigned the loan to the attorney firm of David Stern for the
purpose of starting a foreclosure action.  On March 29, 2010 a Sheriff sale was held and LSB purchased the
property at this public foreclosure sale.

LSB sold the property to a ▓▓▓▓▓ and ▓▓▓▓▓ for the sum of $ 59,900.00 and closed the deal on
July 13, 2010. LSB received a net sale proceeds of $52,970.25 (attached HUD 1 settlement statement).

According to the LSB records our bank had a loss of $ 186,920.00 for this loan.

7/24/15
HC

If you have any questions feel free to contact me @ ▓▓▓▓▓

Sincerely,

JB Stamper
Vice President

Member

2475 Airborne Road, Suite B, Wilmington, OH 45177   (937) 382-1000

## REO SOLD

DATE REO PROPERTY SOLD: _7-13-10_

DATE REMOVED FROM SYSTEM: _7-15-10_

NAME: _____

ACCOUNT# _____ _1911_

TOTAL LOAN BALANCE: $ _56,280._

PROCEEDS FROM SALE: _52,970.25_

REMAINING BALANCE ON LOAN: _56,280._

✱RESERVE AMOUNT: $ _186,970._

LAG# _00001_

### COMPANY PERCENTAGES

LSB _____ _100_ % $ _56,280._

FNMA _____ % $ _____

FHLMC _____ % $ _____

B.T. _____ % $ _____

RFC _____ % $ _____

_____ % $ _____

COMMENTS: _____
_____
_____

4/6/04

## REO PROCEEDS LESS THAN UPB

DATE: 7-15-10

ACCOUNT# ▮▮▮▮▮ 01911                BATCH# _____

MORTGAGOR'S NAME ▮▮▮▮▮▮▮▮▮▮▮▮

REQUESTOR'S NAME Patty Hickey

REQUESTOR'S TELLER# 126

APPLY TO REO/LOSS  3,309.75

APPLY TO REO/POST  52,970.25

T/private/reo dept/reo proceeds less than upb

**FLORIDA TITLE & ABSTRACT, INC.**
**ESCROW ACCOUNT**
920 Main Street
Windermere, FL 34786
(407)898-1100

BANCO POPULAR NORL  AMERICA
ORLANDO, FL 32801
63-1260/631

1318

FILE: 2830

07/14/10

PAY TO THE
ORDER OF  Liberty Savings Bank, F.S.B.

$****52,970.25

Fifty Two Thousand Nine Hundred Seventy and 25/100*******************  DOLLARS

Property Address:
2549 Old Kent Circle
Kissimmee, FL  34741

MEMO # 804 00.1911
Sales Proceeds

AUTHORIZED SIGNATURE

---

FLORIDA TITLE & ABSTRACT, INC.  ESCROW ACCOUNT  FILE: 2830         07/14/10       1318
             Liberty Savings Bank, F.S.B.                        ****52,970.25

BUYER(S) :

SELLER(S):Liberty Savings Bank, F.S.B.

Sales Proceeds                                              ****52,970.25

Jul 24 2015 10:03AM                                                    No. 0630   P. 5

SMART -- Confirmation                                                    Page 1 of 1

View        Modify      New       Order      Tools      Support     Admin      Log Out

                                                              **PATTY HICKEY – 0010547**

**⟩⟩ REQUEST CONFIRMATION**

Result of your loan cancellation request on Thu, Jul 15, 2010 at 12:55 PM:
Loan ███████.911 : Cancelled.

**⟩⟩ PRINT**

Requestor Name/Teller#: _Betty Hickey_

Processing Date _____

Date Requested: _____

Effective Date _____

REO/LOSS

| Product Number | Customer Name | Code | Amount | Reason |
|---|---|---|---|---|
| 0329 | | C | 38,125.67 | Write Down |
| | | | New UPB = 7,500.00 | |
| 649 | | C | 100,000.00 | Write Down |
| | | | New UPB = $126,190.00 | |
| 2344 | | C | 59,469.32 | Write Down |
| | | | New UPB = $138,000.00 | |
| 911 | | C | 186,920.00 | Write Down |
| | | | New UPB = $56,280.00 | |
| 232 | | C | 20,439.00 | Write Down |
| | | | New UPB = $249,800.0 | |

(Revise)?

Total Receipts: _____

Approved By _____

Batch _____

Date _____



OMB Approval No. 2502-0265

## A. Settlement Statement (HUD-1)

**B. Type of Loan**

| 1. ☒ FHA 2. ☐ RHS 3. ☐ Conv. Unins. | 6. File Number 2830 | 7. Loan Number | 8. Mortgage Insurance Case Number 0-703 |
|---|---|---|---|
| 4. ☐ VA 5. ☐ Conv. Ins. | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:**
**ADDRESS OF BORROWER:**
**E. NAME OF SELLER:**
**ADDRESS OF SELLER:**
**F. NAME OF LENDER:**
**ADDRESS OF LENDER:**
**G. PROPERTY LOCATION:**
**H. SETTLEMENT AGENT:**
PH: (407) 897-7000
**PLACE OF SETTLEMENT:**
**I. SETTLEMENT DATE:**

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | 59,900.00 | 401. Contract sales price | 59,900.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 6,969.43 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes         to | | 406. City/town taxes         to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. Monthly HOA Fees  7/13/2010 to  7/31/2010 | 202.09 | 409. Monthly HOA Fees  7/13/2010 to  7/31/2010 | 202.09 |
| 110.                         to | | 410.                         to | |
| 111.                         to | | 411.                         to | |
| 112.                         to | | 412.                         to | |
| **120. Gross Amount Due from Borrower** | 67,071.52 | **420. Gross Amount Due To Seller** | 60,102.09 |
| **200. Amounts Paid by or in Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | 2,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 55,122.00 | 502. Settlement charges to seller (line 1400) | 5,180.81 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Donor Gift - | 900.00 | 504. Payoff of first mortgage loan | |
| 205. Donor Gift - | 2,400.00 | 505. Payoff of second mortgage loan | |
| 206. Principal amount of new loan(s) | | 506. | |
| 207. | | 507. | |
| 208. Credit Owners Title Insurace | 344.43 | 508. Credit Owners Title Insurace | 344.43 |
| 209. Credit Documentary Stamp Deed | 419.30 | 509. Credit Documentary Stamp Deed | 419.30 |
| 209a. Credit Abstractor/Title Search | 85.00 | 509a. Credit Abstractor/Title Search | 85.00 |
| 209b. Broker Over Tolerance | .77 | 509b. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes            to | | 510. City/town taxes            to | |
| 211. County taxes   1/1/2010 to 7/13/2010 | 1,102.30 | 511. County taxes   1/1/2010 to 7/13/2010 | 1,102.30 |
| 212. Assessments               to | | 512. Assessments               to | |
| 213.                           to | | 513.                           to | |
| 214.                           to | | 514.                           to | |
| 215.                           to | | 515.                           to | |
| 216.                           to | | 516.                           to | |
| 217.                           to | | 517.                           to | |
| 218.                           to | | 518.                           to | |
| 219.                           to | | 519.                           to | |
| **220. Total Amounts Paid by or in Behalf of Borrower** | 62,373.30 | **520. Total Reductions in Amount Due Seller** | 7,131.84 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash At Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 67,071.52 | 601. Gross amount due to seller (line 420) | 60,102.09 |
| 302. Less amounts paid by/for borrower (line 220) | 62,373.30 | 602. Less reductions in amount due seller (line 520) | 7,131.84 |
| 303. Cash ☒ From ☐ To   Borrower | 4,698.22 | 603. Cash ☒ To ☐ From   Seller | 52,970.25 |

Previous editions are obsolete.            Page 1 of 3            ©2009 Display Systems, Inc. (863) 385-1555 - Laser Generated            HUD-1

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**SETTLEMENT STATEMENT**                                   PAGE 2

## L. Settlement Charges

| | | Paid from Borrowers Funds at Settlement | Paid from Sellers Funds at Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees | 3,594.00 | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ 1,797.00 | to Realty International | | |
| 702. $ 1,797.00 | to TRS Condo Exchange LLC | | |
| 703. Commission paid at Settlement | | | 3,594.00 |
| 704. | to | | |
| **800. Items Payable In Connection With Loan** | | | |
| 801. Our origination charge From Mtg $519.95/Buller Mtg $2,035.66 | $ 2,455.61 (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | $(2,039.66) (from GFE #2) | | |
| 803. Your adjusted origination charges $2,035.66 | to (from GFE #A) | 415.95 | |
| 804. Appraisal fee | to Madison Credit | (from GFE #3) From credit Approved | |
| 805. Credit report | to | (from GFE #3) | |
| 806. Tax service | to | (from GFE #3) | |
| 807. Flood certification | to | (from GFE #3) | |
| 808. Appraisal | to Madison Credit | P.O.C. | |
| 809. Compliance Inspection | to Madison Credit | | |
| **900. Items Required By Lender To Be Paid In Advance** | | | |
| 901. Daily interest charges from 7/13/2010 to 8/1/2010 @ $ 7.5653 /day for 19 days | (from GFE #10) | 143.45 | |
| 902. Mortgage insurance Premium for | month to | FHA (from GFE #3) | 1,212.98 | |
| 903. Homeowner's Insurance for | years to American Core | (from GFE #11) | 276.74 | |
| 904. | years to | | |
| 905. | years to | | |
| **1000. Reserves Deposited With Lender** | | | |
| 1001. Initial deposit for your escrow account | | (from GFE #9) | 1,887.89 | |
| 1002. Homeowner's insurance | months @ $ | per month $ | | |
| 1003. Mortgage insurance | months @ $ 101.08 | per month $ | | |
| 1004. Property taxes | months @ $ 173.77 | per month $ 1910.?? | | |
| 1005. Annual Assessments | months @ $ | per month $ | | |
| 1006. | months @ $ | per month $ | | |
| 1007. | months @ $ | per month $ | | |
| 1008. Aggregate Accounting Adjustment | | -92.11 | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 796.94 | |
| 1102. Settlement or closing fee | to Florida Title & Abstract | $ 550.00 | | 750.00 |
| 1103. Owner's title insurance | to Chicago Title Insurance Co | (from GFE #5) | 344.43 | |
| 1104. Lender's title insurance | to Chicago Title Insurance Co | $ 161.94 | | |
| 1105. Lender's title policy limit $ | $2,123.00 (Set $25.00 + Endst/FFE 1,2&3&4ALTA 5.5.1-56.00/ALTA 8.1-30.00) | | |
| 1106. Owner's title policy limit $ | 59,500.00 | | |
| 1107. Agent's portion of the total title insurance premium | $ | $ 554.45 | | |
| 1108. Underwriter's portion of the total title insurance premium | $ | $ 191.91 | | |
| 1109. Title Search Fee | to Chicago Title | $ 85.00 | | |
| 1110. | to | | |
| 1111. | to | | |
| 1112. | to | | |
| 1113. | to | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges | (from GFE #7) | 181.50 | |
| 1202. Recording Fees: Deed $10.00; L-Mortgage(s) $171.50; S-Mortgage(s) Releases | | | |
| 1203. Transfer taxes | (from GFE #8) | 722.74 | |
| 1204. City/county tax/stamps: Deed; L-Mortgage(s) $110.24; S-Mortgage(s) | | | |
| 1205. State tax/stamps: Deed $419.30; L-Mortgage(s) $193.20; S-Mortgage(s) | | | |
| 1206. | to | | |
| 1207. | to | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | 250.00 | |
| 1302. Pest Inspection | to | $ | | |
| 1303. Roof Inspection | to | $ | | |
| 1304. HOA Transfer Fee | to Blue Water Community Management | | 50.00 | |
| 1305. June HOA Fees | to Trafalgar Village Master Assoc. Inc | | | 336.81 |
| 1306. Reasonable Atty Fees | to Trafalgar Village Master Assoc. Inc | | | 500.00 |
| 1307. Initial Assessment | to Trafalgar Village Master Assoc. Inc | | 350.00 | |
| 1308. August HOA Fees | to Trafalgar Village Master Assoc. Inc | | 336.81 | |
| 1309. Survey | to Ford Surveying | 250.00 | | |
| **1400. Total Settlement Charges** | (enter on lines 103, Section J and 502, Section K) | **6,969.43** | **5,180.81** |

**CERTIFICATION**                                                          DATE: 7/13/2010

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Liberty Savings Bank, F.S.B.

_____ Borrower    By: _____ Seller
Toni M. Foulkes                        Liberty Savings Bank, F.S.B.

_____ Borrower    By: _____ Seller
James R. Bellerose

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

FLORIDA TITLE & ABSTRACT II, LLC
Settlement Agent                                           7/13/2010   Date

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Page 2 of 3                                2536

Record & Return To:
Southern Title Holding Company, LLC
440 Deltona Blvd.
Deltona, FL 32725

804001911
Sy-19

CFN  2008090421
Bk 03692 Pgs 0289 ~ 305; (17pgs)
DATE: 05/29/2009  08:34:25 AM
LARRY WHALEY, CLERK OF COURT
OSCEOLA COUNTY
RECORDING FEES 146.00
MTG DOC 851.20
INTANGIBLE 486.40

RECORDING FEE  $ 146⁰⁰
DOC. STAMPS  $ 851.20
INTANGIBLE TAX  $ 486.40

PREPARED BY:

Name:  MEGAN DELL

Address:  LIBERTY SAVINGS BANK, FSB
2251 ROMBACH AVE
WILMINGTON, OH 45177-1000

Signature:  LIBERTY SAVINGS BANK, FSB
2251 ROMBACH AVE
WILMINGTON, OH 45177-1000

——————————————————— [Space Above This Line For Recording Data] ———————————————————

# MORTGAGE

MIN: 100283300040010112

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated May 14, 2008                        , together with all Riders to this document.

(B)  "Borrower"

Borrower is the mortgagor under this Security Instrument.

(C)  "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)  "Lender" is LIBERTY SAVINGS BANK, FSB
Lender is a Federal Savings Bank                                              organized and existing under the laws of UNITED STATES OF AMERICA                                    . Lender's address is
2251 ROMBACH AVE, WILMINGTON, OH 45177-1000

(E)  "Note" means the promissory note signed by Borrower and dated May 14, 2008                      . The Note states that Borrower owes Lender Two Hundred Forty Three Thousand Two Hundred and no/100
Dollars (U.S. $243,200.00                    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 01, 2038.

(F)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                              Form 3010 1/01

MERS
ITEM 9979L1 (0706)

GreatDocs™
(Page 1 of 13)

08-04-001911

MTG Mortgage/DOT/Security Instrument - 07/15/2008

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

☐ Adjustable Rate Rider     ☐ Condominium Rider     ☒ Second Home Rider

☐ Balloon Rider     ☒ Planned Unit Development Rider     ☐ Other(s) [specify]

☐ 1-4 Family Rider     ☐ Biweekly Payment Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
ITEM 9575L2 (0705)

Form 3010 1/01
GreatDocs™
(Page 2 of 12)
08-04-001911

Jul 24, 2015 10:04AM

Case 8:13-cr-00001-DOC   Document 486-3   Filed 04/05/18   Page 162 of 219   Page ID
MTG Mortgage/DOT/Security Instrument - 07/15/2007        No. 0630   P. 11
#:7273

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the

County                                              of                                    Osceola
[Type of Recording Jurisdiction]                                              [Name of Recording Jurisdiction]

SEE ATTACHED EXHIBIT "A"

which currently has the address of                    2549 OLD KENT CIR
                                                    [Street]

KISSIMMEE                    , Florida            34758              ("Property Address"):
[City]                                            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.    Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3010 1/01
MERS                                                                             GreatDocs™
ITEM 8676L0 (0710)                                                              (Page 3 of 12)

                                                                             06-04-001911

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2.    **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3.    **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                   Form 3010 1/01
MFRS                                                                                              GreatDocs™
ITEM 8876L4 (0705)                                                                                (Page 3 of 12)

                                                                                                 08-04-001911

Ju 24, 2015 10:04AM                                                                    No. 0639    P. 13

Case 8:13-cr-00001-DOC   Document 486-3   Filed 04/05/18   Page 164 of 219   Page ID
                                          #:7275
MTG Mortgage/DOT/Security Instrument – 07/15/2008

holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.    Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.    Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
(REV 04/06/5 [0705])

Form 3010 1/01

GreatDocs™
(Page 5 of 13)
08-04-001911

MTG Mortgage/DOT/Security Instrument - 07/15/2005

otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.   **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.   **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.   **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.   **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument,

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
(7550 5FL6 05/06)

Form 3010 1/01
GreatDocs™
(Page 6 of 12)
08-04-001911

including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT           Form 3010 1/01
MERS                                                GreatDocs™
ITEM 6670L7 (0709)                                           (Page 7 of 13)

06-04-001911

**11.  Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12.  Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13.  Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MERS

ITEM 9870L6 (0709)

Form 3010 1/01

GreatDocs™
(Page 9 of 12)

08-04-001911

but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
(Item 9S9FL5 (0705)

Form 3010 1/01
GreatDocs™
(Page 9 of 12)
08-04-001911

require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental

Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

25. **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MFPD
ITEM 8975L11 (0000)

Form 3010 1/01
GreatDocs™
(Page 11 of 12)

08-04-001911

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 12 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)      _____ (Seal)
-Borrower                                                              -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                                              -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                                              -Borrower

State of Florida CALIFORNIA
County of **LOS ANGELES**

The foregoing instrument was acknowledged before me this 14th   day of   May, 2008        by

who is personally known to me or who has produced    CALIFORNIA drivers License

as identification.

_____
Notary Public

**DEIRDRA MOTEN**
COMM. #1551055
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 7, 2009

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MERS
ITEM 6072L12 (0705)

Form 3010 1/01

GreatDocs™
(Page 12 of 12)

08-04-001911

Case 8:13-cr-00001-DOC   Document 486-3   Filed 04/05/18   Page 172 of 219   Page ID #:7283

File No.: LC085557

# EXHIBIT A

LOT 81, TRAFALGAR VILLAGE PHASE ONE, ACCORDING TO PLAT THEREOF AS RECORDED IN PLAT BOOK 16, PAGES 168 THRU 170 INCLUSIVE OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA.

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this            14th            day of
May 2008                          , and is incorporated into and shall be deemed to amend and supplement
the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the
undersigned (the "Borrower") to secure Borrower's Note to LIBERTY SAVINGS BANK, FSB

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

**2549 OLD KENT CIR**
**KISSIMMEE, FL 34758**

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other
such parcels and certain common areas and facilities, as described in **THE DECLARATION OF**
**COVENANTS, CONDITIONS AND RESTRICTIONS**

(the "Declaration"). The Property is a part of a planned unit development known as

**TRAFALGAR VILLAGE**

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent
entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the
uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's
Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of
incorporation, trust instrument or any equivalent document which creates the Owners Association;
and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall
promptly pay, when due, all dues and assessments imposed pursuant to the Constituent
Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally
accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is
satisfactory to Lender and which provides insurance coverage in the amounts (including
deductible levels), for the periods, and against loss by fire, hazards included within the term
"extended coverage," and any other hazards, including, but not limited to, earthquakes and floods,
for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the
Periodic Payment to Lender of the yearly premium installments for property insurance on the
Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage
on the Property is deemed satisfied to the extent that the required coverage is provided by the
Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.
Borrower shall give Lender prompt notice of any lapse in required property insurance
coverage provided by the master or blanket policy.

MULTISTATE PUD RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3150 1/01

ITEM 162201 (0009)                                                          GreatDocs™
                                                                           (Page 1 of 2)
                                                                    08-04-001911

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyances in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this PUD Rider.



_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

MULTISTATE PUD RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3150 1/01

ITEM 1822L2 (0609)                                                                (0429Dext™
                                                                                 (Page 2 of 2)
                                                                                 08-04-001911

# SECOND HOME RIDER

THIS SECOND HOME RIDER is made this **14th** day of **May 2008** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower," whether there are one or more persons undersigned) to secure Borrower's Note to **LIBERTY SAVINGS BANK, FSB**

(the "Lender") of the same date and covering the Property described in the Security Instrument (the "Property"), which is located at:

**2549 OLD KENT CIR**
**KISSIMMEE, FL 34758**

(Property Address)

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree that Sections 6 and 8 of the Security Instrument are deleted and are replaced by the following:

**6. Occupancy.** Borrower shall occupy, and shall only use, the Property as Borrower's second home. Borrower shall keep the Property available for Borrower's exclusive use and enjoyment at all times, and shall not subject the Property to any timesharing or other shared ownership arrangement or to any rental pool or agreement that requires Borrower either to rent the Property or give a management firm or any other person any control over the occupancy or use of the Property.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's second home.

MULTISTATE SECOND HOME RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3890 1/01

GreatDocs™
(Page 1 of 2)

ITEM 7099L1 (0409)

08-04-001911

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Second Home Rider.



_____ (Seal)
                       -Borrower

_____ (Seal)            _____ (Seal)
                       -Borrower                                 -Borrower

_____ (Seal)            _____ (Seal)
                       -Borrower                                 -Borrower

MULTISTATE SECOND HOME RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                                                    Form 3890 1/01
                                                                    GreatDocs™
                                                                    (Page 2 of 2)
ITEM 7099L2 (0409)                                                  08-04-201911

# Borrower Summary

File No. scott martin,2549 liberty savings

## I. Borrower Information

| Borrower | | |
|---|---|---|
| Name | ███████ | SSN ███████ | H Phone # ████████ |
| E-Mail | | Cell / Alt # | B Phone # ████████ |
| Birthday | ███████ | | Fax # |
| Co-Borrower | | |
| Name | | SSN | H Phone # |
| E-Mail | | Cell / Alt # | B Phone # |
| Birthday | | | Fax # |
| Present Address | ████████ | Personal Interests |
| | | Children's Info. |

## II. Property Information

Property Address  ████████████

Occupancy Status
- [ ] Primary Residence
- [✓] Second Home
- [ ] Investment Property

| | |
|---|---|
| Sales Price | 304,000 |
| Down Payment/Equity | 30,000 % / 60,800 |
| Appraised Value | 304,000 |

## III. Mortgage Information

**Note Information**

| | |
|---|---|
| Loan Amount | 243,200 |
| Note Rate | 6.500 % |
| Term (in months) | 360 |
| Due (in months) | 360 |
| Monthly Payment | 1,537.19 |

**Lien Position**

- [✓] First
- [ ] Second

Loan Program: freddie express
Loan Rep: Walleh Tarkhi

## IV. Underwriting Information

| Qualifying Ratios | | Loan-to-Value Ratios | | | |
|---|---|---|---|---|---|
| Primary Housing Expense/Income | 11,800 % | LTV | 80.000 % | Total Income | 8,500.00 |
| Total Obligations/Income | 41.297 % | Total LTV | 80.000 % | Total House Exp | 2,190.24 |
| | | | | Other Payments | 2,507.24 |

## V. Contact Information

| Contact Date | Time | Memo |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Source:

Comments:

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____   Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | □ VA  ☑ Conventional  □ Other (explain): □ FHA  □ USDA/Rural Housing Service | | Agency Case Number | Lender Case Number |
|---|---|---|---|---|
| Amount $ 243,200 | Interest Rate 6.500 % | No. of Months 360/360 | Amortization Type: ☑ Fixed Rate  □ GPM | □ Other (explain): □ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) | No. of Units 1 |
|---|---|
| Legal Description of Subject Property (attach description if necessary) See Prelim | Year Built |

| Purpose of Loan | ☑ Purchase  □ Construction  □ Other (explain): □ Refinance  □ Construction-Permanent | Property will be: □ Primary Residence  ☑ Secondary Residence  □ Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | □ made  □ to be made |
|---|---|---|---|---|---|
| | | | | Cost: $ | |

| Title will be held in what Name(s) Scott R. Martin | Manner in which Title will be held To be determined in escrow | Estate will be held in: ☑ Fee Simple  □ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | | | Co-Borrower's Name (include Jr. or Sr. if applicable) | |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|

| □ Married (includes registered domestic partners) | Dependents (not listed by Co-Borrower) | □ Married (includes registered domestic partners) | Dependents (not listed by Borrower) |
|---|---|---|---|
| ☑ Unmarried (includes single, divorced, widowed) | No. | □ Unmarried (includes single, divorced, widowed) | No. |
| □ Separated | Ages | □ Separated | Ages |

| Present Address (street, city, state, ZIP) □ Own  ☑ Rent  5  No. Yrs. | Present Address (street, city, state, ZIP) □ Own  □ Rent  No. Yrs. |
|---|---|
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) □ Own  □ Rent  No. Yrs. | Former Address (street, city, state, ZIP) □ Own  □ Rent  No. Yrs. |
|---|---|
| Former Address (street, city, state, ZIP) □ Own  ☑ Rent  No. Yrs. | Former Address (street, city, state, ZIP) □ Own  □ Rent  No. Yrs. |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp1.frm 09/08

Page 1 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65   07/05

## IV. EMPLOYMENT INFORMATION

| Borrower | | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer | ☑ Self Employed | Yrs. on this job | Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
| | | | | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 8,500.00 | $ | $ 8,500.00 | Rent | 1,003.00 | |
| Overtime | | | | First Mortgage (P&I) | | $ 1,537.19 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | |
| Dividends/Interest | | | | Real Estate Taxes | | 285.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | 278.05 |
| | | | | Other: | | |
| Total | $ 8,500.00 | $ | $ 8,500.00 | Total | $ 1,003.00 | $ 2,100.24 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**    **Notice:** Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp2.frm 09/05
Page 2 of 5
Borrower _____
Co-Borrower _____
Freddie Mac Form 65   07/05

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.   Completed ☐ Jointly ☑ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: **Escrow Deposit** | $ 1,000 | | | |
| | | **LIABILITIES** | Monthly Payment & Months Left to Pay | Unpaid Balance |
| *List checking and savings accounts below* | | Name and address of Company **CAPITAL ONE AUTO FINAN 3901 DALLAS PKWY PLANO, TX 75093** | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union **Washington Mutual** | | | | |
| | | Acct. no. 620621423385091001 | 354 /29 | 9,809 |
| Acct. no. | $ 110,000 | Name and address of Company **HSBC BANK 17600 N PERIMETER DR SCOTTSDALE, AZ 85255** | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 545900402337 | 38 /R | 1,727 |
| Acct. no. | $ | Name and address of Company **DISCOVER FIN SVCS LLC PO BOX 15316 WILMINGTON, DE 19850** | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 601129869219 | 15 /R | 591 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | | | |
| | | Acct. no. | | |
| Life insurance net cash value | $ | Name and address of Company | $ Payment/Months | $ |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 111,000 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) **toyota camry** | $ 12,000 | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) **Personal Property** | $ 75,000 | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 407 | |
| **Total Assets a.** | $ 198,000 | Net Worth (a minus b) ⟹ $ 166,073 | Total Liabilities b. | $ 11,927 |

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

Fannie Mae Form 1003  07/05
CALYX Form Loanapp3.frm 09/05

Page 3 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65  07/05

| VII. DETAILS OF TRANSACTION | | VIII. DECLARATIONS | | | | |
|---|---|---|---|---|---|---|
| | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | **Borrower** | | **Co-Borrower** | |
| | | | Yes | No | Yes | No |
| a. Purchase price | $ 304,000.00 | a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☐ |
| b. Alterations, improvements, repairs | | b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☐ |
| c. Land (if acquired separately) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☐ |
| d. Refinance (incl. debts to be paid off) | | | | | | |
| e. Estimated prepaid items | 1,513.67 | d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☐ |
| f. Estimated closing costs | 3,768.00 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ | ☑ | ☐ | ☐ |
| g. PMI, MIP, Funding Fee | | (This would include such items as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | |
| h. Discount (if Borrower will pay) | | | | | | |
| i. Total costs (add items a through h) | 309,281.67 | | | | | |
| j. Subordinate financing | | | | | | |
| k. Borrower's closing costs paid by Seller | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | ☐ | ☑ | ☐ | ☐ |
| l. Other Credits (explain) | | If "Yes," give details as described in the preceding question. | | | | |
| Cash Deposit | 1,000.00 | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☐ |
| | | h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☐ |
| | | i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☐ |
| | | j. Are you a U. S. citizen? | ☑ | ☐ | ☐ | ☐ |
| | | k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 243,200.00 | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ | ☑ | ☐ | ☐ |
| | | m. Have you had an ownership interest in a property in the last three years? | ☐ | ☑ | ☐ | ☐ |
| n. PMI, MIP, Funding Fee financed | | (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | | | | |
| o. Loan amount (add m & n) | 243,200.00 | (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | |
| p. Cash from to Borrower (subtract j, k, l & o from i) | 65,081.67 | | | | | |

### IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

**Right to Receive Copy of Appraisal.** I/we have the right to a copy of the appraisal report used in connection with this application for credit. To obtain a copy, I/we must send Lender a written request at the mailing address Lender has provided. Lender must hear from me/us no later than 90 days after Lender notifies me/us about the action taken on this application, or I/we withdraw this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

### X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☑ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| **Ethnicity:** | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino | **Ethnicity:** | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☑ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| **Sex:** | ☐ Female   ☑ Male | **Sex:** | ☐ Female   ☐ Male |

| To be Completed by Interviewer This application was taken by: | Interviewer's Name (print or type) Wajieh Tbakhi | | Name and Address of Interviewer's Employer 1st Continental Mortgage |
|---|---|---|---|
| ☐ Face-to-face interview | Interviewer's Signature | Date | 2681 E. Oakland Park Blvd #203 Fort Lauderdale, FL 33306 |
| ☐ Mail ☑ Telephone ☐ Internet | Interviewer's Phone Number (incl. area code) 760-518-2381 | | (P) 760-518-2381 (F) 714-242-8906 |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp4.frm 07/07                                Page 4 of 5                                Freddie Mac Form 65   07/05

# Borrower Summary

File No. scott martin,2549 liberty savings

## I. Borrower Information

**Borrower**

| | | | | | |
|---|---|---|---|---|---|
| Name | ██████████ | SSN | ████████ | H Phone # | ████████████ |
| E-Mail | | Cell / Alt # | | B Phone # | |
| Birthd | ██████████ | | | Fax # | |

**Co-Borrower**

| | | |
|---|---|---|
| Name | SSN | H Phone # |
| E-Mail | Cell / Alt # | B Phone # |
| Birthday | | Fax # |
| Present Address | ██████████████ | Personal Interests |
| | | Children's Info. |

## II. Property Information

Property Address ███████████████

| Occupancy Status | | |
|---|---|---|
| ☐ Primary Residence | Sales Price | 304,000 |
| ☑ Second Home | Down Payment/Equity | 20,000 % / 60,800 |
| ☐ Investment Property | Appraised Value | 304,000 |

## III. Mortgage Information

**Note Information**

| | |
|---|---|
| Loan Amount | 243,200 |
| Note Rate | 6.500 % |
| Term (in months) | 360 |
| Due (in months) | 360 |
| Monthly Payment | 1,537.19 |

**Lien Position**

| | |
|---|---|
| ☑ First | |
| ☐ Second | |
| Loan Program: | freddie express |
| Loan Rep: | Wajieh Tbakhi |

## IV. Underwriting Information

| Qualifying Ratios | | Loan-to-Value Ratios | | | |
|---|---|---|---|---|---|
| Primary Housing Expense/Income | 11.860 % | LTV | 80.000 % | Total Income | 8,500.00 |
| Total Obligations/Income | 41.257 % | Total LTV | 80.000 % | Total House Exp | 2,100.24 |
| | | | | Other Payments | 2,507.34 |

## V. Contact Information

| Contact Date | Time | Memo |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Source:

Comments:

**Continuation Sheet/Residential Loan Application**

| | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: | Agency Case Number: |
| | Co-Borrower: | Lender Case Number: |

**VI.   ASSETS   AND   LIABILITIES**

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |

Fannie Mae Form 1003   07/05
CALYX Form 1003 Lnapp5ext.frm 9/05

Page 6 of 6

Freddie Mac Form 65   07/05

1ST CONTINENTAL MORTGAGE, INC

2881 E. OAKLAND PARK BLVD SUITE 300, FORT LAUDERDALE, FL 33308
995-486-6794

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of each of the Borrower's spouse or other person who has community property rights pursuant to applicable law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower SCOTT R MARTIN                                         Co-Borrower

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA | X | Conventional | | Other (explain): | | Agency Case Number | | Lender Case Number |
| | FHA | | USDA/Rural Housing Service | | | | | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | X | Fixed Rate | Other (explain): |
| $243,200.00 | 8.2500% | 360 | | | GPM | ARM (type): |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) | No. of Units |
| 2548 OLD KENT CIR, KISSIMMEE, FL 34758 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
| SEE ATTACHED EXHIBIT "A" | 2006 |

| Purpose of Loan | X | Purchase | | Construction | | Other (explain): | Property will be |
| | | Refinance | | Construction-Permanent | | | ☐ Primary Residence | X | Secondary Residence | | Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made | ☐ to be made |
| | $ | $ | | Cost: $ | | |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
| SCOTT R MARTIN, AN UNMARRIED MAN | Individual | X | Fee Simple |
| | | | Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain): |
| CHECKING/SAVINGS |

### III. BORROWER INFORMATION

| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| SCOTT R MARTIN | |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
| 593-394-4576 | | 04/08/1972 | 16.0 | | | | |

| ☐ Married | X | Unmarried (incl. single, divorced, widowed) | Dependents (not listed by Co-Borrower) | ☐ Married | ☐ Unmarried (incl. single, divorced, widowed) | Dependents (not listed by Borrower) |
| ☐ Separated | | | no. | ages | ☐ Separated | | no. | ages |

| Present Address (street, city, state, ZIP) | | Own | X | Rent | 5.00 | No. Yrs. | Present Address (street, city, state, ZIP) | | Own | | Rent | | No. Yrs. |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) | | Own | | Rent | | No. Yrs. | Former Address (street, city, state, ZIP) | | Own | | Rent | | No. Yrs. |

### IV. EMPLOYMENT INFORMATION

| Name & Address of Employer | X | Self Employed | Yrs. on this job | Name & Address of Employer | | Self Employed | Yrs. on this job |
| | | | | | | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| | (646) 516-4368 | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | | Self Employed | Dates (from - to) | Name & Address of Employer | | Self Employed | Dates (from - to) |
| | | | Monthly Income | | | | Monthly Income |
| | | | $ | | | | $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer | | Self Employed | Dates (from - to) | Name & Address of Employer | | Self Employed | Dates (from - to) |
| | | | Monthly Income | | | | Monthly Income |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 7/05

ITEM 1185L1 (0606)

Fannie Mae Form 1003 7/05
GreatDocs™
(Page 1 of 4)

08-04-001911

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 8,500.00 | | $ 8,500.00 | Rent | $ 1,003.00 | |
| Overtime | | | | First Mortgage (P&I) | | $ 1,497.42 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 82.06 |
| Dividends/Interest | | | | Real Estate Taxes | | 216.28 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | 278.05 |
| | | | | Other: | | |
| Total | $ 8,500.00 | | $ 8,500.00 | Total | $ 1,003.00 | $ 2,073.75 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income.          Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |
| | | |

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person too.

Completed ☐ Jointly ☒ Not Jointly

| ASSETS Description | Cash or Market Value | LIABILITIES and Pledged Assets. List the creditor's name, address, and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities, which will be satisfied upon sale or refinancing of the subject property. | | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase held by: ESCROW DEPOSIT | $ 5,000.00 | | | | |
| List checking and savings accounts below | | LIABILITIES | | | |
| Name and address of Bank, S&L, or Credit Union WASHINGTON MUTUAL | | Name and address of Company CAPITAL ONE AUTO FINAN Borrower | | $ Payment/Months 334.00 28 | $ 8,506.60 |
| Acct. no. 1 | $ 110,000.00 | Acct. no. 62002162335916001001 | | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company HSBC BANK Borrower | | $ Payment/Months 38.00 46 | $ 1,727.00 |
| Acct. no. | $ | Acct. no. 540008402337497x | | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company DISCOVER FIN SVCS LLC Borrower | | $ Payment/Months 12.00 46 | $ 991.00 |
| Acct. no. | $ | Acct. no. 601123338215 | | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | | $ Payment/Months | $ |
| Acct. no. | $ | Acct. no. | | | |
| Stocks & Bonds (Company name/ number & description) | $ | Name and address of Company | | $ Payment/Months | $ |
| Life insurance net cash value Face amount: $ 0.00 | $ | | | | |
| Subtotal Liquid Assets | $ 110,000.00 | Acct. no. | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | | |
| Automobiles owned (make and year) | $ | Name and address of Company | | $ Payment/Months | $ |
| | | Acct. no. | | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | | $ | |
| | | Job-Related Expense (child care, union dues, etc.) | | $ | |
| | | Total Monthly Payments | | $ 497.00 | |
| Total Assets a. | $ 110,000.00 | Net Worth (a minus b) $ 98,072.00 | | Total Liabilities b. | $ 11,227.00 |

Freddie Mac Form 65 7/05


Initial Here

Fannie Mae Form 1003 7/05
Uniform Residential Loan Application
(Page 2 of 4)
95-04-201811

FFGW 11(08)L2 (0509)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | | Creditor Name | Account Number |
|---|---|---|---|
| SCOTT MARTIN | | | |

| VII. DETAILS OF TRANSACTION | | | VIII. DECLARATIONS | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Borrower Yes No | | Co-Borrower Yes No | |
| a. Purchase price | $ 304,000.00 | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | | Yes | No | Yes | No |
| | | a. Are there any outstanding judgments against you? | | | X | | |
| b. Alterations, improvements, repairs | | b. Have you been declared bankrupt within the past 7 years? | | | X | | |
| c. Land (if acquired separately) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | | X | | |
| d. Refinance (incl. debts to be paid off) | | d. Are you a party to a lawsuit? | | | X | | |
| e. Estimated prepaid items | 5,931.54 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | | | X | | |
| f. Estimated closing costs | 7,789.60 | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name, and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | | |
| g. PMI, MIP, Funding Fee | | | | | | | |
| h. Discount (if Borrower will pay) | | | | | | | |
| i. Total costs (add items a through h) | 309,452.14 | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | | X | | |
| j. Subordinate financing | | | | | | | |
| k. Borrower's closing costs paid by Seller | | g. Are you obligated to pay alimony, child support, or separate maintenance? | | | X | | |
| l. Other Credits (explain) | | h. Is any part of the down payment borrowed? | | | X | | |
| Cash Deposits | 1,690.40 | i. Are you a co-maker or endorser on a note? | | | X | | |
| | | j. Are you a U.S. citizen? | | X | | | |
| | | k. Are you a permanent resident alien? | | | X | | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 243,200.00 | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | | X | | | |
| n. PMI, MIP, Funding Fee financed | | | | | | | |
| o. Loan amount (add m & n) | 243,200.00 | m. Have you had an ownership interest in a property in the last three years? | | X | | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 64,562.11 | (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | | PR | | | |
| | | (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | S | | | |

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | | Date | Co-Borrower's Signature | | Date |
|---|---|---|---|---|---|
| X | | | X | | |

X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | X | I do not wish to furnish this information | | CO-BORROWER | | I do not wish to furnish this information | |
|---|---|---|---|---|---|---|---|
| Ethnicity: | | Hispanic or Latino | Not Hispanic or Latino | Ethnicity: | | Hispanic or Latino | Not Hispanic or Latino |
| Race: | | American Indian or Alaska Native | Asian | Black or African American | Race: | | American Indian or Alaska Native | Asian | Black or African American |
| | | Native Hawaiian or Other Pacific Islander | White | | | Native Hawaiian or Other Pacific Islander | White |
| Sex: | | Female | Male | Sex: | | Female | Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | | 1ST CONTINENTAL MORTGAGE, INC |
| ☐ Face-to-face interview | LOAN OFFICER | 2691 E. OAKLAND PARK BLVD SUITE 300 |
| ☐ Mail | Interviewer's Signature          Date | FORT LAUDERDALE, FL 33306 |
| X Telephone | | |
| ☐ Internet | Interviewer's Phone Number (incl. area code) | |
| | (695) 458-5734 | |

Freddie Mac Form 65 7/05                                                  Fannie Mae Form 1003 7/05
ITEM 1126_5 (0506)                                                                Uniform
                                                                              (Page 2 of 4)
                                                                              08-04-001911

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: | Agency Case Number: |
| | Co-Borrower: | Lender Case Number:<br>08-04-881811 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| | Date | Co-Borrower's Signature | Date |
| | MAY 1 4 2008 | | |

Freddie Mac Form 65 7/05

ITEM T1DL4 (0506)

Fannie Mae Form 1003 7/05
GreatDocs™
(Page 4 of 4)
88-04-881811



**LIBERTY**
SAVINGS
**BANK**

*Our Interest Is In You*

www.libertysavingsbank.com

# Last page
# BLANK

# fax sent to
# SA Heather Campbell



# 12.   Fifth Third Mortgage

# 1 Bermuda Dunes

# Orlando, FL Property

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Neidhard, Adriane [Adriane.Neidhard@53.com] |
| **~t:** | Thursday, October 29, 2015 10:54 AM |
| | Campbell, Heather  (LA) (FBI) |
| **~ubject:** | RE: Momoud Aref Abaji Loss Calculations |

Hi Heather,

Sorry about the confusion.  You're correct.  We (Fifth Third) suffered a loss. On 7/7/11, we paid out $211,666.91 to Fannie.

Again, if you need anything more, please let me. know.

Thanks.


**From:** Campbell, Heather (LA) (FBI) [mailto:Heather.Campbell@ic.fbi.gov]
**Sent:** Wednesday, October 28, 2015 2:17 PM
**To:** Neidhard, Adriane
**Subject:** RE: Momoud Aref Abaji Loss Calculations

Adriane,

Sorry it took so long to get back to you.  I sent a request to Fannie Mae to see what loss, if any, they obtained on the perty we previously emailed each other about (7200 Westpointe Boulevard, ▓▓▓▓ Orlando, FL).  They got back to indicating they received a make whole payment from 5th 3rd, which to me means 5th 3rd took the loss.  I am a bit confused.  Fannie is saying 5th 3rd reimbursed them the  loss, and you are saying Fannie Mae reimbursed 5th 3rd the loss.  I am talking about the principal portion of the mortgage that was not paid, which both 5th 3rd and Fannie agree was $228,151.  Who wrote this off?  I think from reviewing both Fannie's response and yours, that 5th 3rd paid Fannie $212,719, a make whole payment,  with principal portion being broken down as follows:

| | |
|---|---|
| UPB | $228,151 |
| -Sales proceeds | - 66,669 |
| = | 161,482 |

*[handwritten: Principal portion of $211,666.91 pd by 5th 3rd Mortg. AC 10/30/15]*

Can you please confirm whether or not 5th 3rd took a loss on this loan (I believe the 5th 3rd loan # was ▓▓▓▓ 6191)

Thank you.

Heather Campbell
FBI Los Angeles – Long Beach RA
(562) 254-4001


**From:** Neidhard, Adriane [mailto:Adriane.Neidhard@53.com]
**Sent:** Monday, August 10, 2015 12:31 PM
**To:** Campbell, Heather (LA) (FBI)
**Cc:** Salzer, Jerry
**~bject:** Momoud Aref Abaji Loss Calculations

Heather,

1

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **Sent:** | Wednesday, October 28, 2015 9:40 AM |
| | Campbell, Heather  (LA) (FBI) |
| **Subject:** | FW: Document request (CE15-00198) |
| **Attachments:** | 11-1366.FM Response to FHFA OIG_Salah Allababidi.xlsx; Loss Statement 11-1366_FM Response.xls |

**From:** Cunningham, Sean [mailto:sean_cunningham@fanniemae.com]
**Sent:** Wednesday, October 28, 2015 8:22 AM
**To:** Harbin, James <James.Harbin@fhfaoig.gov>
**Cc:** FHFAOIG_Investigations_FNMA <fhfaoig_investigations@fanniemae.com>; 'OIG Open CE15_00198_ Harbin_ Florida _ California Loss Numbers' <{F9710}.RegulatoryReporting@fm-puimanage03.fanniemae.com>
**Subject:** RE: Document request (CE15-00198)

Jim,

This is in response to your document demand from October 7, 2015. Attached to this email is a loan details file and loss statement for the requested property.

Let us know if you have any further questions. Please note that these documents are Confidential Commercial Information and Fannie Mae requests Confidential Treatment and FOIA Exemption. Fannie Mae considers this inquiry closed.

Thanks,

Sean

Sean Cunningham
Regulatory Affairs
Fannie Mae

www.fanniemae.com/progress

This e-mail and its attachments are confidential and solely for the intended addressee(s). Do not share or use them without Fannie Mae's approval. If received in error, delete the message and contact the sender.

**From:** Harbin, James [mailto:James.Harbin@fhfaoig.gov]
**Sent:** Wednesday, October 07, 2015 12:44 PM
**To:** FHFAOIG Investigations
**Cc:** Lee, Rebecca
**Subject:** [EXTERNAL] Document request

----

This message was transmitted from Fannie Mae to you in a secure, encrypted manner. If replying to or forwarding this message, it is your responsibility to ensure this message and content is properly protected.

Fr█████ss

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| LoanNo | Referral # | Street Address | City | State | Zip | Servicer Number |
|--------|-----------|----------------|------|-------|-----|-----------------|
| ██████1977 | 11-1366 | ████████████ | ORLANDO | FL | 32835_ | ████████ |

* A negative amount indicates a gain, i.e. no loss to Fannie Mae.
** The economic loss or gain to Fannie Mae may be subject to change.

**Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested**

**IF THIS MATTER RESULTS IN AN ORDER OF RESTITUTION TO FANNIE MAE, PLEASE ENSURE THAT THE CHECKS OR P
PAYMENTS SHOULD BE SENT TO:  Fannie Mae, Attn: Accounts Receivable, 14221 Dallas Parkway, Suite 100, Dallas TX 7**

Fr____oss

| Servicer Name | Origination Date | Aquisition Date | Loan Status | Foreclosure Date | Sold Date | Sales Price | UPB |
|---|---|---|---|---|---|---|---|
| FIFTH THIRD BANK | 8/17/2008 | 9/1/2008 | REO Disposed | 2/14/2011 | 4/8/2011 | 73500 | 228,151.04 |

AYMENTS ARE MADE PAYABLE TO:  Fannie Mae (include Referral # provided on the spreadsheet).
5254

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

Fr_ _ss

| Delinquent Interest | Disbursement Total | Sales Proceeds | MI Proceeds | Other Proceeds | Receipt Total |
|---|---|---|---|---|---|
| 25,073.02 | 21,881.04 | $66,669.76 | $0.00 | $212,719.36 | 279,389.12 |

Confidential Commercial Information – Confidential Treatment and FOIA Exemption Requested

Fraud Loss

| Economic Loss/Gain* Amount as of 10/22/2015 ** | Review Status | MI Company Name |
|---|---|---|
| -$4,284.02 | Closed as Makewhole | |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| fnma_ln | cpool_no | alndlnno | ltv | combltv | orig_dte | aqsn_dt | liqd_dte | lpi_dte | fr_upb | fnma_upb |
| ███977 | | ███ | 75 | 75 | 17AUG2008:00:00:00 | 1-Sep-08 | 15-Feb-11 | 1-Jul-09 | 228151.04 | 229950 |



| ORIG_AMT | ln_field_apprr_st_lcns_no | appr_nme_upcase | prop_appr_co_nme | appr_nme_qas | bor_num | brwr_frs_upcase |
|---|---|---|---|---|---|---|
| 229950 | | | | | 1 | |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| brwrmidi_upcase | brwr_lst_upcase | brwrsffx_upcase | brwr_ssn | ln_orgr_id | invr_nme_upcase | invw_nme_qas |
|---|---|---|---|---|---|---|
|  | ███████ |  | ██████ |  |  |  |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| invr_emp_nme_upcase | brkr_nme_qas | my_status_desc | casefile | sell_no |
|---|---|---|---|---|
|  |  | Liquidated--Default |  | 153940002 |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| seller_nme | cservno | servicer_nme | buscntr | occ_stat | refi_flg | prch_amt | appr_amt |
|---|---|---|---|---|---|---|---|
| FIFTH THIRD BANK | 153940002 | FIFTH THIRD BANK | NBC | 2 | N | 306600 | 307000 |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| address2 | city2 | state2 | zip2 | no_units | case_smss_inst_usr_id | finding_desc | rvw_typ_desc |
|---|---|---|---|---|---|---|---|
| ███████ | ORLANDO | FL | 32835_ | 1 | | | 4--EPD |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

| fndsvr_ty_desc | gnlsamt | agnlsamt | tpo_code | p_alta | SFC1 | SFC2 | SFC3 | SFC4 | SFC5 | SFC6 | SFC7 | SFC8 | SFC9 | SFC10 | p_aminus |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 0 | 0 | 0 | 361 | 180 | | | | | | | | | 0 |

Confidential Commercial Information - Confidential Treatment and FOIA Exemption Requested

# 13.   Other Misc response documents

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | John.Gray@flagstar.com |
| **nt:** | Wednesday, June 03, 2015 12:01 PM |
| **:** | Campbell, Heather  (LA) (FBI) |
| **Subject:** | US vs. Momoud Aref Abaji, et al: Loss Calculation [secure} |

SA Campbell:

Regarding the loss amount for Flagstar Bank loan ▮▮▮▮▮3504 for the property located at 4980 Town Terrace N., Kissimmee, Florida 34758; the unpaid balance is $253,741.35.  The estimated value according to Zillow is $104,532.

Let me know if you need anything else.

Sincerely:



**John M. Gray IV, CAMS**
**Banking Officer**
**BSA Compliance**
5151 Corporate Dr.
Mail Stop: E-470-1
Troy, MI 48098

John.Gray@flagstar.com
www.flagstar.com

This e-mail may contain data that is confidential, proprietary or non-public personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively, Confidential Information). The Confidential Information disclosed conditioned upon your agreement that you will treat it confidentially and in accordance with plicable law, ensure that such data isn't used or disclosed except for the limited purpose for which it's being provided and will notify and cooperate with us regarding any requested or unauthorized disclosure or use of any Confidential Information.
By accepting and reviewing the Confidential information, you agree to indemnify us against any losses or expenses, including attorney's fees that we may incur as a result of any unauthorized use or disclosure of this data due to your acts or omissions. If a party other than the intended recipient receives this e-mail, he or she is requested to instantly notify us of the erroneous delivery and return to us all data so delivered.



Law Division
800 Nicollet Mall
BC-MN-H21P
Minneapolis, MN 55402

August 5, 2015

FBI
SA Heather Campbell
4811 Airport Plaza Drive  #500
Long Beach, CA  90815

Re:  U.S. vs. Momoud Aref Abaji

Agent Campbell,

I've contacted our mortgage servicing area regarding the enclosed loss calculation request.  They have informed me that this is still an active loan and the customer is current on their payments.

As for a point of contact, Jen Downey at U.S. Bank Home Mortgage provided me with the above information.  Jen's phone number is ▮▮▮▮▮▮▮▮ If you have any questions please call me at ▮▮▮▮▮▮▮▮

Sincerely,

Thomas Johnson
Legal Records Coordinator



**U.S. Department of Justice**

JUL 22 2015
FC

Federal Bureau of Investigation

*Los Angeles Field Office – Long Beach RA*

4811 Airport Plaza Drive, Suite 500
Long Beach, California 90815

Received
JUN 24 2015

JUL 27 2015
in sub

To:     U.S. Bank
        800 Nicolett Mall
        Minneapolis, MN  55402
        Attn: Legal Department

Date:   July 17, 2015

Re:     <u>US vs. Momoud Aref Abaji, et al : Loss Calculation 2nd Request</u>

To Whom it May Concern,

The Federal Bureau of Investigation (FBI) has an ongoing criminal case in which two defendants were recently convicted of various mortgage fraud violations.  The FBI is now in the process of assembling loss calculations regarding the case.  Attached is a list of properties/mortgages associated with the case which either were, or are currently held by U.S. Bank.  The FBI would like U.S. Bank to provide the FBI with loss calculations, if any, for these properties/mortgages.  If possible, please provide a list of losses, by property, and category, such as principal, interest, foreclosure costs, and legal fees.  In addition, if a third party such as Fannie Mae or Freddie Mac reimbursed U.S. Bank for the loss, or reimbursed U.S. Bank and then required U.S. Bank to buy back the loan, please provide this detail.

Please direct a response to this request to:

FBI
Attn:  SA Heather Campbell
4811 Airport Plaza Drive #500
Long Beach, CA 90815

In addition, please contact Special Agent Campbell and provide her a point of contact regarding this matter at telephone number (562) 254-4001.  Thank you very much.

Sincerely,

David L. Bowdich
Assistant Director in Charge

By:  Stephen Phillips
        A/Supervisory Special Agent

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| Bridgefield | 8434 Walerga Rd Antelope, CA | ▮ | 12/31/2008 | ▮ | $160,000 | US Bank/Downey S&L | ▮985 |

10143

**us bank**

U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402
tjoh BC-MN-H21P

All of US serving you®

PRESORTED
FIRST CLASS

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 55108
02 1W
0001382484 AUG 06 2015
$ 000.41⁶

MPLS MN 554 AUG/07/2015

FBI
SA Heather Campbell
4811 Airport Plaza Drive   #500
Long Beach, CA   90815

CPA-I3B    90815

| | |
|---|---|
| From: | Gatewood, Katie  <katie.gatewood@citi.com> |
| To: | 'heather.campbell@ic.fbi.gov' <heather.campbell@ic.fbi.gov> |
| Subject: | RE:  (Secure) RE:  loss Calculation |
| Date: | September 23, 2015 2:11:26 PM EDT |
| Secure Actions: | Reply |

That is one you already listed at ████

-----Original Message-----
From: heather.campbell@ic.fbi.gov [mailto:heather.campbell@ic.fbi.gov]
Sent: Wednesday, September 23, 2015 1:10 PM
To: Gatewood, Katie [GCB-GCM]
Subject: RE: (Secure) RE: loss Calculation
Sensitivity: Confidential

The only one that might be related is the last one  Can you tell me the property address for ████6316?  Thanks.
Heather Campbell

-----Original Message-----
From:  katie.gatewood@citi.com
To:  heather.campbell@ic.fbi.gov
Subject:  RE:  (Secure) RE:  loss Calculation

| | |
|---|---|
| From: | Gatewood, Katie  <katie.gatewood@citi.com> |
| To: | 'Campbell, Heather  (LA) (FBI)' <heather.campbell@ic.fbi.gov> |
| Subject: | (Secure) RE:  loss Calculation |
| Date: | September 23, 2015 12:42:35 PM EDT |
| Secure Actions: | Reply |

From: Campbell, Heather (LA) (FBI) [mailto:Heather.Campbell@ic.fbi.gov]
Sent: Wednesday, September 23, 2015 11:41 AM
To: Gatewood, Katie [GCB-GCM]
Subject: RE: loss Calculation

If you give me the borrower names I can tell you if they are related and we can go from there.  Thanks.

Heather Campbell

From: Gatewood, Katie [mailto:katie.gatewood@citi.com]
Sent: Wednesday, September 23, 2015 9:39 AM
To: Campbell, Heather (LA) (FBI)
Subject: RE: loss Calculation

Morning Heather,

I looked for these properties in our system.  We did not have them, but we did have 7 other loans on 5 different units within the same property you were inquiring about on the others.

Would you be interested in those as well?  Would they be part of the case? Do you want me to see if the same parties are listed on the above loans?

Thanks,
Katie

From: Campbell, Heather (LA) (FBI) [mailto:Heather.Campbell@ic.fbi.gov]

Sent: Tuesday, September 22, 2015 4:55 PM
To: Gatewood, Katie [GCB-GCM]
Subject: re: loss Calculation

Ms. Gatewood,

After I sent a request to Citimortgage requesting loss calculations associated with mortgages investigated by the FBI as part of a federal criminal case, US vs Aref Abaji, et al., you provided me with loss calculations on behalf of Citimortgage so I thought maybe you could help me with the following cituation:

I recently received a response from Greenlight Financial regarding a similar request I sent to them regarding the same case, and in their response, they said they did not have a loss for the properties listed in their request, but the loans in the request were sold to CitiMortgage and possibly Citimortgage sustained a loss.  Attached is the request I sent Greenlight.  I was wondering if you can look into CitMortgage's files to see if CitiMortgage sustained a loss regarding the mortgages listed in the Greenlight request?  I would like to accurately include all losses sustained by Citimortgage associated with this case in my loss figures for the case.  Thanks so much for any assistance you can provide.

SA Heather Campbell
FBI Los Angeles - Long Beach RA
4811 Airport Plaza Drive #500
Long Beach, CA 90815

cell (562) 254-4001

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Neidhard, Adriane [Adriane.Neidhard@53.com] |
| **nt:** | Monday, August 10, 2015 12:31 PM |
| | Campbell, Heather  (LA) (FBI) |
| **cc:** | Salzer, Jerry |
| **Subject:** | Momoud Aref Abaji Loss Calculations |
| **Attachments:** | DOC.pdf; momoud.tif |

Heather,

Here are the loss calculations for the Momoud Aref Abaji case:

**Principle Balance** $228,151.04 (This is done by investor reporting)
**Interest to the foreclosure sale date** $27,102.41 (this is done by investor reporting)
**Negative Escrow** $573.10 (paid in full by Fannie Mae)
**Foreclosure atty** fees $1,550.00 (paid in full by Fannie Mae)
**Foreclosure cost** $3,827.55 (paid in full by Fannie Mae)
**Property preservation** $310.00 (Fannie pd 275.00 / Fifth Third charged off 35.00)
**Property inspections** $195.10 (Fannie pd 23.00 / Fifth Third charged off 172.50)
**Hoa/Condo dues** $13,890.42 (paid in full by Fannie Mae)
Total due at foreclosure sale $275,600.02 / Fifth Third was reimbursed by Fannie Mae everything except $207.50

Inspections $172.50
`S trip fee $35.00
:al loss $207.50**

If you need anything else, please let me know.

Thanks,

**Adriane Neidhard**
Corporate Investigator I
5001 Kingsley Dr.
Cincinnati, OH 45227
MD: 1MOB23

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner.  If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the ¬ssage was misdirected. After replying, please erase it from your computer system. Your ¬istance in correcting this error is appreciated.



**U.S. Department of Justice**

Federal Bureau of Investigation

*Los Angeles Field Office – Long Beach RA*

4811 Airport Plaza Drive, Suite 500
Long Beach, California 90815

To:    Fifth Third Mortgage
       5050 Kingsley Drive
       Cincinnati, OH  45227
       Attn: Legal Department

Date:  July 17, 2015

Re:    <u>US vs. Momoud Aref Abaji, et al : Loss Calculation 2nd Request</u>

To Whom it May Concern,

The Federal Bureau of Investigation (FBI) has an ongoing criminal case in which two defendants were recently convicted of various mortgage fraud violations.  The FBI is now in the process of assembling loss calculations regarding the case.  Attached is a list of properties/mortgages associated with the case which either were, or are currently held by Fifth Third Mortgage.  The FBI would like Fifth Third Mortgage to provide the FBI with loss calculations, if any, for these properties/mortgages.  If possible, please provide a list of losses, by property, and category, such as principal, interest, foreclosure costs, and legal fees.  In addition, if a third party such as Fannie Mae or Freddie Mac reimbursed Fifth Third Mortgage for the loss, or reimbursed Fifth Third Mortgage and then required Fifth Third Mortgage to buy back the loan, please provide this detail.

Please direct a response to this request to:

FBI
Attn:  SA Heather Campbell
4811 Airport Plaza Drive #500
Long Beach, CA 90815

In addition, please contact Special Agent Campbell and provide her a point of contact regarding this matter at telephone number (562) 254-4001.  Thank you very much.

Sincerely,
David L. Bowdich
Assistant Director in Charge

By:  Stephen Phillips
      A/Supervisory Special Agent

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| Bermuda Dunes | 7200 Westpointe Blvd, Orlando, FL | | 9/4/2008 | | $229,950 | Fifth Third Mortgage | 8191 |

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Harbin, James [James.Harbin@fhfaoig.gov] |
| **nt:** | Tuesday, September 15, 2015 2:43 PM |
| : | Campbell, Heather  (LA) (FBI) |
| **Subject:** | FW: FW: Greenlight loss calc |

Sent from my Windows Phone

**From:** Stacey Sommer
**Sent:** 9/15/2015 1:10 PM
**To:** Harbin, James
**Cc:** Joann Pham
**Subject:** Re: FW: Greenlight loss calc

Hi Jim,

Greenlight was unable to locate any loss however we sold the loan to Citi Mortgage who may have.

Thanks.
Stacey

On Fri, Aug 28, 2015 at 6:04 PM, Harbin, James <James.Harbin@fhfaoig.gov> wrote:

Would you be able to help us get these loss figures?  Hope all is well in Florida.

**From:** Campbell, Heather (LA) (FBI) [mailto:Heather.Campbell@ic.fbi.gov]
**Sent:** Friday, August 28, 2015 2:38 PM
**To:** Harbin, James <James.Harbin@fhfaoig.gov>
**Subject:** Greenlight loss calc

Jim,

Per our discussion, attached are two letters the FBI sent out attempting to obtain Greenlight's loss figures associated with US vs Aref Abaji et al.  So far the FBI did not receive a response.  Thank you so much for any assistance you can provide in obtaining this information.

. Heather Campbell

FBI Los Angeles - Long Beach RA

4811 Airport Plaza Drive #500

Long Beach, CA 90815

cell (562) 254-4001

| Condo Complex | Address | Unit | Approx. Settlement Date | Buyer | Loan Amount | Lender | Loan # |
|---|---|---|---|---|---|---|---|
| | | | | | | | ▮512/▮6 497 |
| Bridgefield | 8434 Walerga Rd Antelope, CA | ▮ | 9/10/2008 | ▮ | $180,000 | Greenlight Financial | |
| Bridgefield | 8434 Walerga Rd Antelope, CA | | 9/12/2008 | ▮ | $159,200 | Greenlight Financial | ▮1454 |

**Campbell, Heather  (LA) (FBI)**

| | |
|---|---|
| **From:** | Stoddard, Matthew  [matthew.stoddard@citi.com] |
| **␣t:** | Wednesday, October 07, 2015 10:51 AM |
| | Campbell, Heather  (LA) (FBI) |
| **␣␣oject:** | RE: |
| **Sensitivity:** | Confidential |

We did have an application for this borrower for a different unit however the file was withdrawn.  A check by unit number was negative for any files with Citi.

Thanks
Matt

-----Original Message-----
From: heather.campbell@ic.fbi.gov [mailto:heather.campbell@ic.fbi.gov]
Sent: Wednesday, October 07, 2015 12:08 PM
To: Stoddard, Matthew [GCB-GCM]
Subject: RE: (secure)
Sensitivity: Confidential

Thanks so much.  I didn't see this calculation before.  I must have overlooked it in my emails somehow or didn't realize it was attached to a previously received email from Katie. I just want to make sure CitiMortgage does not have a loss on the following property. Another financial institution told me that they sold this loan to CitiMortgage and that CitiMortgage may have a loss on it.  The property is:

␣␣4 Walerga Road Unit ▨▨▨ Antelope, CA.

Thanks a bunch for all your assistance and for double checking.

SA Heather Campbell




-----Original Message-----
From:  matthew.stoddard@citi.com
To:  heather.campbell@ic.fbi.gov
Subject:  RE:  (secure)